**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No. 06-748C** |
| | ) **Judge Thomas C. Wheeler** |
| **THE UNITED STATES,** | ) |
| **Defendant.** | ) |

**JOINT PRELIMINARY STATUS REPORT**

Counsel for Plaintiff, Marjorie Murtagh Cooke, and for the United States of America (collectively "the Parties") pursuant to Appendix A, rules II and III of the Rules of the Court of Federal Claims ("RCFC"), conducted a teleconference on February 1, 2007. The following Joint Preliminary Status Report pursuant to Appendix A of the RCFC constitutes the Parties' positions with respect to each of the items set forth in Appendix A:

**(a)** Plaintiff believes that this Court has jurisdiction over this matter. Defendant believes that the Court lacks jurisdiction over the action pursuant to 28 U.S.C. § 1500.

**(b)** Absent a waiver of sovereign immunity, the case cannot be consolidated with any other case.

**(c)** Plaintiff does not believe that the trial of liability and damages be bifurcated. Defendant believes that the trial of liability and damages should be bifurcated.

**(d)** The Parties agree that further proceedings in the case should not be deferred pending consideration of the case for retaliation before the United States District Court for the District of Columbia.

**(e)** This case currently does not involve a remand or suspension.

**(f)** The Parties currently are not in a position to know if any other Parties need to be joined, and will supplement, if needed, after discovery is completed. The Parties agree that they have 120 days from the date of the original scheduling order to join other Parties or amend the pleadings.

**(g)** Defendant intends to file a Motion to Dismiss pursuant to RCFC 12(b)(1) within thirty (30) days of the entry of the Scheduling Order. Neither Party anticipates filing a motion pursuant to RCFC 12(c). The Parties have not determined whether they will file a motion pursuant to RCFC 56, but anticipate doing so in compliance with the Scheduling Order.

**(h)** The parties agree that the following are the legal and factual issues in this matter:

1. Whether Defendant paid Plaintiff, in violation of the Equal Pay Act, 29 U.S.C. § 206(d), "at a rate less than the rate at which [it] pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."

2. Whether, if Defendant violated the Equal Pay Act, any violation of the Equal Pay Act was in good faith.

3. Whether Plaintiff is entitled to damages, and if so, in what amount(s).

**(i)** The Parties believe that the prospects for settlement are not clear at this time. Plaintiff contemplates engaging in alternative dispute resolution after the close of discovery. The Parties previously engaged in ADR in district court and were unable to resolve the issues in this case.

**(j)** The Parties anticipate proceeding to trial, but do not request expedited trial scheduling. The Parties request that the trial take place in Washington, DC.

**(k)** Plaintiff anticipates that it will seek electronic documents from Defendant through the discovery process. The Parties discussed this issue and Plaintiff anticipates the need to obtain both documents that are reasonably accessible to Defendant and those that Defendant asserts are not. As a result, the Parties may need the assistance of the Court with regard to the discovery of electronic documents as provided for under the law and pursuant to the Federal Rules of Civil Procedure.

**(l)** Defendant believes discovery should be stayed pending the outcome of the Motion to Dismiss pursuant to RCFC 12(b)(1). Plaintiff does not consent to a stay of discovery and believes that discovery should commence as soon as possible despite Defendant's Motion to Dismiss pursuant to RCFC 12(b)(1).

Plaintiff believes that initial disclosures should be made within fourteen (14) days after the filing of the Joint Preliminary Status Report. Defendant believes that initial disclosures should be made within thirty (30) days after the resolution of its Motion to Dismiss pursuant to RCFC 12(b)(1).

The Parties have agreed to the following time frames for the Scheduling Order, but, as noted above, they disagree when they should take effect.

- Complete Discovery, Joinder of Party, Conduct Depositions, and Amendment of Complaint, if any, shall be two hundred and ten (210) days in length;
- Any Party wishing to file a dispositive motion shall file no later than sixty (60) days after the close of discovery, opposition briefs shall be filed within thirty (30)

days thereafter, and reply briefs shall be filed within fourteen (14) days after service of the opposition;

- Exchange of Witness lists by both Parties shall be made within one hundred and twenty (120) days.
- Disclosure of experts shall be made by Plaintiff within one hundred and twenty (120) days and by Defendant within one hundred and fifty (150) days;
- A pretrial conference shall be held within thirty (30) days after the Court rules on any and all dispositive motions; and
- The Parties will defer to the Court regarding when the Court will decide any dispositive motions that have been filed and scheduling a trial, if necessary.

The Parties did not identify any other items for inclusion in the Scheduling Order.

Respectfully submitted,

/s/ R. SCOTT OSWALD
R. SCOTT OSWALD, ESQ.
Employment Law Group, PLLC
888 17th Street, NW, Suite 900
Washington, D.C. 20006-3307
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net

Attorney for plaintiff

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

/s/ KATHRYN A. BLEECKER
KATHRYN A. BLEECKER
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

February 27, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on February 27, 2007, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Meredyth D. Cohen