**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No. 06-748C** |
| | ) **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW**
**<u>IN SUPPORT OF HER OPPOSTION TO DEFENDANT'S MOTION TO DISMISS</u>**

On June 19, 2007, this Honorable Court heard oral arguments on the issue of whether pursuant to 28 U.S.C. § 1500 the Court has subject matter jurisdiction over Plaintiff Marjorie Murtaugh Cooke's claims. Specifically, the issue considered was whether Plaintiff's claim was pending in the District Court where the complaint was amended as a matter of course pursuant to Fed. R. Civ. P. 15(a) prior to Defendant's submitting a responsive pleading. Plaintiff asserts that she amended as a matter of course, thereby removing the FLSA retaliation claim and retaining only the Equal Pay Act, and, accordingly, Plaintiff submits that § 1500 does not apply.

Federal Rule of Civil Procedure 15(a) provides that a party may amend as a matter of course at any time before a responsive pleading is served…" Fed. R. Civ. P. 15(a). The effect of the filing of the amended claim before such time is that the amended pleading supersedes the pleading it modifies and remains in effect throughout the action unless the amended complaint is subsequently modified. *Callahan v. Poppell*, 471 F.3d 1155, 1161 (10th Cir. 2006). In other words, it is as if the initial complaint never

occurred and the amended complaint steps into its place. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure Federal Practice and Procedure*, § 1476 (2007). Further, the amendment relates back to the date of the original complaint where the claim or conduct arose out of the conduct asserted in the original complaint. Fed. R. Civ. P. 15(c)(2).

As noted in her opposition, Plaintiff filed a complaint in the United States District Court for the District of Columbia on April 28, 2006 and before Defendant filed a responsive pleading Plaintiff amended her complaint to remove the FLSA retaliation claim. The District Court then transferred Plaintiff's Equal Pay Act claim to this Court on October 26, 2006. Accordingly, because the Equal Pay Act and FLSA retaliation claims were not pending at the same time, Fed. R. Civ. P. 15(a) and Fed. R. Civ. P. 15(c)(2) require this Court to deny Defendant's motion to dismiss.

Respectfully Submitted,
By Counsel

_/s/ Brian M. Lowinger__________

R. Scott Oswald
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
blowinger@employmentlawgroup.net
*Counsel for Plaintiff*