# In the United States Court of Federal Claims

No. 06-748C

(Filed: June 28, 2007)

| | | |
|---|---|---|
| MARJORIE MURTAGH COOKE, Plaintiff, v. THE UNITED STATES, Defendant. | | 28 U.S.C. § 1500; Equal Pay Act and Fair Labor Standards Act; Actions Pending in Different Courts; Different Operative Facts and Relief Sought. |

*R. Scott Oswald,* with whom was *Brian M. Lowinger,* The Employment Law Group, PC, Washington, D.C., for Plaintiff.

*Meredyth D. Cohen*, with whom were *Peter D. Keisler*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Kathryn A. Bleecker*, Assistant Director, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., *Kathleen Silbaugh*, National Transportation Safety Board, Of Counsel, for Defendant.

## OPINION AND ORDER
## ON MOTION TO DISMISS

WHEELER, Judge.

Before the Court is Defendant's March 15, 2007 motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") and 28 U.S.C. § 1500. This case concerns Plaintiff Marjorie Murtagh Cooke's employment as the Director of the Office of Marine Safety ("OMS"), a unit of the National Transportation Safety Board's ("NTSB's") Office of Surface Transportation Safety ("OSTS"). Ms. Cooke claims that she received less pay than the comparable male OSTS directors. Ms. Cooke also claims that the NTSB retaliated against her for filing a complaint with the agency's Equal Employment Opportunity ("EEO") office. She asserts that NTSB management moved her to other offices and positions, did not provide her a performance

evaluation for her position as a director, and failed to delineate performance standards for her new positions. Consequently, she claims that she was prevented from receiving employee performance awards and advancement.

Ms. Cooke originally filed two claims in the United States District Court for the District of Columbia: a pay claim alleging Defendant's violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), and a retaliation claim alleging Defendant's violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3). Ms. Cooke later amended her District Court complaint to withdraw the FLSA claim, and then moved to transfer her EPA claim to this Court, which the District Court granted. Still later, Ms. Cooke re-filed her FLSA retaliation claim in District Court. Currently, Ms. Cooke is pursuing her EPA claim in this Court, and the FLSA retaliation claim in District Court. The parties agree that these two claims cannot be joined together before a single court.

Under 28 U.S.C. § 1500, this Court may not exercise jurisdiction over a claim if the same claim is already pending or was filed simultaneously in another court. If two claims are filed simultaneously, the Court of Federal Claims must evaluate whether the two claims arise out of the same set of operative facts and seek the same relief in order to determine if they are in fact the same claim. Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1550-51 (Fed. Cir. 1994).

The Government asserts that Plaintiff's EPA and FLSA claims are the same claim for purposes of 28 U.S.C. § 1500. The Government further asserts that, pursuant to 28 U.S.C. § 1631, the EPA claim is deemed filed in this Court on the same day the FLSA claim was filed in District Court. The Government therefore argues that 28 U.S.C. § 1500 divests this Court of subject matter jurisdiction over Plaintiff's EPA claim. In opposing the Government's motion, Ms. Cooke contends that, because her original complaint was amended to include only the EPA claim, the FLSA claim was not already pending or filed simultaneously in the District Court when the EPA claim was transferred to this Court. Ms. Cooke also argues that the two claims do not arise from the same operative facts, and do not request the same relief.

For the reasons explained below, the Court finds that Plaintiff's EPA claim is deemed to have been filed in this Court on the same day her FLSA claim was filed in the District Court, pursuant to the language of 28 U.S.C. § 1631. However, the Court finds that Plaintiff's EPA and FLSA claims are not the same claim for the purposes of 28 U.S.C. § 1500, because the two claims do not arise from the same operative facts, and do not request the same relief. Therefore, Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

## Background[1]

Marjorie Murtagh Cooke served as the Director of the OMS, a unit of the NTSB's Office of Surface Transportation Safety, from 1997 to June 2005. Ms. Cooke alleges that the three male unit directors in OSTS had Senior Executive Service ("SES") status, whereas Ms. Cooke was the only director who did not have SES status. During the time she worked as Director, Ms. Cooke claims to have received a lower salary and smaller bonuses than the male directors with SES status.

Ms. Cooke alleges that the NTSB re-advertised her position with SES status in July 2004 and early 2005. In 2005, Ms. Cooke applied for the position and was denied an interview. On February 7, 2005, Ms. Cooke states that she filed a complaint with the EEO office at NTSB. In June 2005, the NTSB transferred Ms. Cooke to the Office of Recommendation and Communication, and in October 2005, to the Office of Managing Director. Ms. Cooke states that she never received a performance evaluation for her work in 2005, and did not receive performance standards for her new positions.

On April 28, 2006, Ms. Cooke filed a complaint in the United States District Court for the District of Columbia alleging two causes of action. Her first count alleged unequal pay under the EPA, and her second count alleged retaliatory action by the Government under the FLSA. Ms. Cooke amended the complaint on October 9, 2006 to withdraw the FLSA count. On October 11, 2006, Ms. Cooke moved to transfer her EPA claim to this Court, which the District Court granted. The case was transferred on October 26, 2006, and accepted for filing by this Court on November 9, 2006. On November 11, 2006, Ms. Cooke filed a new claim in the District Court alleging retaliatory action by the Government in violation of the FLSA. On November 14, 2006, the clerk of this Court docketed Ms. Cooke's First Amended Complaint containing the EPA count.

## Standard of Review

When ruling on a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the Court must assume the truth of the complaint's factual allegations, construing the facts and drawing all reasonable inferences in the plaintiff's favor. See Harbuck v. United States, 58 Fed. Cl. 266, 267 (2003) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). The plaintiff need only make a prima facie showing of jurisdictional facts in order to survive a motion to dismiss. Harbuck, 58 Fed. Cl. at 267. If the uncontested

[1] The facts recited herein are from Plaintiff's First Amended Complaint in this Court, Defendant's Motion to Dismiss, and Plaintiff's Opposition to Defendant's Motion to Dismiss.

jurisdictional facts "reveal any possible basis on which the non-moving party might prevail, the court must deny the motion . . . . If, however, the motion challenges the truth of the jurisdictional facts alleged in the complaint, the court may consider relevant evidence in order to resolve the factual dispute." Id. (internal citations omitted).

## Discussion

### A. Timing of Claims Under 28 U.S.C. § 1500

A statute limiting the jurisdiction of the Court of Federal Claims provides that this Court "shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States . . . ." 28 U.S.C. § 1500. Thus, section 1500 divests this Court of subject matter jurisdiction when a plaintiff has elected to file the same claim in another court prior to filing suit in this Court. See Harbuck, 58 Fed. Cl. at 268. When identical claims are filed simultaneously, "the 'filing' of the same claim simultaneously in the district court and the Court of Federal Claims by operation of § 1631 deprives the latter court of jurisdiction pursuant to § 1500." United States v. County of Cook, 170 F.3d 1084, 1091 (Fed. Cir. 1999).

Under the transfer statute, 28 U.S.C. § 1631, an "action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred." 28 U.S.C. § 1631. When Ms. Cooke filed her FLSA and EPA claims in the District Court on April 28, 2006, then later transferred her EPA claim to this Court, section 1631 mandated that her EPA claim be deemed filed in this Court on the same day it was filed in District Court. See Harbuck, 58 Fed. Cl. at 268. Thus, Ms. Cooke's EPA claim must be treated as filed in this Court on April 28, 2006, the same day her FLSA claim was filed in District Court.

Even though Ms. Cooke later amended her complaint by withdrawing the FLSA count, "the jurisdiction of the Court depends upon the state of things at the time of the action brought." Keene Corp. v. United States, 508 U.S. 200, 207 (1993). Ms. Cooke's EPA and FLSA claims were filed simultaneously, one in this Court and one in District Court. This Court's subject matter jurisdiction over the EPA claim therefore hinges on whether the EPA and FLSA claims are the "same claim" for purposes of section 1500. See County of Cook, 170 F.3d at 1091.

B. Analysis of the "Same Claim" For Purposes of 28 U.S.C. § 1500

In order for two claims to be considered the "same claim" under 28 U.S.C. § 1500, they must arise out of the same set of operative facts and seek the same relief. See e.g., Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1550-51 (Fed. Cir. 1994). Failure to meet "either the 'same operative facts' or the 'same relief' requirement precludes the COFC from applying 28 U.S.C. § 1500." Heritage Minerals, Inc. v. United States, 71 Fed. Cl. 710, 716 (2006).

1. Operative Facts

In assessing the similarity of claims under section 1500, "the operative facts need not be identical. It is sufficient that they are substantially the same." Harbuck, 58 Fed. Cl. at 269. If a material factual difference exists between two claims, however, they are not the same for purposes of section 1500. See Heritage Minerals, 71 Fed. Cl. at 711.

In Harbuck, a plaintiff brought claims under Title VII of the Civil Rights Act and the EPA in District Court, then subsequently transferred the EPA claim to the Court of Federal Claims. Harbuck at 267. The Court rejected the plaintiff's argument that the transfer of her EPA claim "carved out" certain facts and claims from the original District Court case. Id. at 270. The Court found instead that the EPA claim contained a "subset of the same factual allegations as [the] broader District Court case." Id. at 269. The Title VII and EPA claims thus arose from the same set of operative facts because "the same alleged discrimination on the basis of sex [was] at the root of the instant case and at least the Title VII component of the District Court case." Id. at 270.

The analysis here is different from Harbuck. Ms. Cooke asserted a separate and distinct claim from her District Court case when she transferred her EPA claim to this Court. Unlike Harbuck, where gender discrimination was "at the root" of both the EPA and Title VII claims, gender discrimination is at the root of only the EPA claim in this case. Retaliatory action, on the other hand, is the basis of Ms. Cooke's FLSA claim, which differs from the Title VII claim in Harbuck because it does not depend upon gender discrimination. See Pltf's. Brief at 12.

The factual differences between the two claims are evident from Ms. Cooke's original District Court complaint, which contained both an EPA claim and a FLSA claim, and her First Amended Complaint, which contained no FLSA claim and was transferred to this Court. Specifically, Ms. Cooke's First Amended Complaint withdrew the paragraphs alleging the agency's refusal to grant her an interview for the OMS Director position with SES status, the

agency's failure to provide her with performance evaluations and job standards, and the subsequent transfer of Ms. Cooke to two other offices.

The facts in this case are more analogous to those in Heritage Minerals. In that case, plaintiffs brought a claim against the Navy in this Court involving the installation and maintenance of groundwater-monitoring wells on their property, while a pending action in the United States Court of Appeals for the Third Circuit alleged the Navy's contamination of groundwater on their property. Heritage Minerals, 71 Fed. Cl. at 711. Our Court held that because the second action involved "later and different conduct . . . the cases [did] not involve the same operative facts," and the Court retained jurisdiction over the plaintiffs' claim. Id.

Similarly, Ms. Cooke's FLSA claim involves "later and different conduct" than her EPA claim. The FLSA-related paragraphs in her District Court complaint contain facts that occurred after she filed a formal EEO complaint, rather than facts regarding the salary Ms. Cooke received throughout her career as Director of the OMS. These facts relate to a later time period than do the EPA-related facts. The relevant time period for Ms. Cooke's EPA claim runs from 1997, when she was named Director of OMS, to June 2005, when the NTSB transferred her to a different position. See Pltf.'s Brief at 11. In contrast, the relevant time period for Ms. Cooke's FLSA claim did not begin until February 2005, when she filed her formal EEO complaint. See id. Ms. Cooke's EPA claim stems from the Government's alleged discriminatory conduct in the form of unequal pay, whereas her FLSA claim stems from the Government's alleged retaliatory conduct in the form of denied opportunities and changes in Ms. Cooke's employment. The allegations demonstrate that Ms. Cooke's FLSA claim involves "later and different conduct" than her EPA claim.

In Johns-Manville Corp. v. United States, 855 F.2d 1556 (Fed. Cir. 1998), the Federal Circuit "construe[d] the term 'claim' in 28 U.S.C. § 1500 to be defined by the operative facts alleged, not the legal theories raised." Johns-Manville, 855 F.2d at 1563. While the fact that Ms. Cooke's EPA and FLSA claims pursue different legal theories is not dispositive, the fact that her two claims are grounded in different sets of operative facts is significant. The EPA and FLSA claims involve distinct time periods and distinct Government conduct, with different material facts relevant to one claim and not the other.

The fact that two claims share the same factual background is insufficient to divest this Court of jurisdiction when there is a material difference between the operative facts relevant to each claim. See Branch v. United States, 29 Fed. Cl. 606, 609 (1993) (explaining that "[c]laims involving the same general factual circumstances, but distinct material facts can fail to trigger section 1500"). The Government's motion to dismiss glosses over the significance of the facts removed from Ms. Cooke's initial complaint. See Deft.'s Motion

at 10-11. While the two claims do share the same factual background, the facts removed from the complaint transferred to this Court are relevant and critical to the FLSA claim only, and thus a material difference exists in the operative facts between the two claims.

2. Relief Sought

To constitute the "same claim" under section 1500, the Court in Harbuck noted that the relief sought need not be identical; rather it "must merely be the same in nature: monetary, injunctive, or declaratory." Harbuck, 58 Fed. Cl. at 269. While the "inclusion of other and different requested relief in the two complaints" does not preclude the application of section 1500, Harbuck v. United States, 378 F.3d 1324, 1329 (Fed. Cir. 2004), the inclusion of similar relief in the two complaints does not always mandate the application of section 1500 either. See OSI, Inc. v. United States, 73 Fed. Cl. 39, 45 (2006) (finding that two claims were not the same when each sought different measures and amounts of monetary relief). In cases where the full amount of requested relief can be granted in different form for each claim, the two claims are not the same for purposes of section 1500. Loveladies, 27 F.3d at 1553.

The purpose of section 1500's requirements is to "force an election where both forums could grant the same relief, arising from the same operative facts," and thus prevent the Government from having to defend two separate lawsuits based on the same claim. Johns-Manville, 855 F.2d at 1564. Similarly, the requirement of distinct relief prevents the Government from having to pay twice for the same alleged wrong.

Ms. Cooke's EPA and FLSA claims seek distinct relief because the full amount of requested relief can be granted for each claim in a different form and measure, and thus there is no risk of subjecting the Government to double liability. Though both of her claims request monetary relief, Ms. Cooke's EPA claim seeks retroactive relief, from the time in 1997 when she allegedly began receiving less pay than her male counterparts until her employment as Director of the OMS ended in June 2005. See Pltf.'s Brief at 16. In contrast, Ms. Cooke's FLSA claim seeks prospective relief, beginning from the date she was transferred out of her position at the OMS and continuing forward. Id.

The economic damages sought by the FLSA complaint are not based on the disparate wages Ms. Cooke allegedly received as Director of the OMS, but rather on the Government's alleged retaliatory actions following the filing of Ms. Cooke's EEO complaint, which adversely affected her employment opportunities. See Pltf.'s Brief at 11. These time periods do not overlap, and the economic damages asserted for each claim are based upon distinct Government conduct with different economic consequences. The monetary damages Ms. Cooke seeks in the two complaints in the form of lost wages and liquidated damages can be

awarded fully, in different measures and amounts, without subjecting the Government to double liability.

Although both complaints request reinstatement and promotion, this form of relief by its nature can be granted only once, and thus there is no risk of subjecting the Government to double liability. Furthermore, though both of Ms. Cooke's complaints request attorney's fees, there is no reason why Ms. Cooke should not be entitled to request recovery of these fees in each lawsuit which she is entitled to bring.

## Conclusion

Ms. Cooke's EPA and FLSA claims do not arise out of the same set of operative facts or seek the same relief, and are not the same claim under 28 U.S.C. § 1500. Therefore, Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED. The Court will set a status conference with counsel for the parties to establish a schedule for further proceedings.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge