IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARJORIE MURTAGH COOKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-748C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO FILE
AMENDED ANSWER AND AFFIRMATIVE DEFENSE

Pursuant to Rule 15(a) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that this Court grant it leave to file an amended answer. A copy of Defendant's Amended Answer and Affirmative Defense is attached hereto as Exhibit A. The purpose of this amended answer is to assert an affirmative defense with respect to the claims of plaintiff, Marjorie Murtagh Cooke, that was inadvertently not set forth in defendant's answer dated January 8, 2007. This is the Government's first request for leave to file an amended answer in this case. Plaintiff's counsel has indicated that Ms. Cooke will oppose this motion for leave to amend.

The affirmative defense is that any difference in pay that may exist is justified by one or more of the four exceptions to the Equal Pay Act ("EPA") pursuant to 29 U.S.C. § 206(d)(1): "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."

Pursuant to RCFC 15(a), "a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." The two factors most commonly taken into account when considering a motion to amend are prejudice and delay. Tenneco Resins, Inc. v. Reeves Bros., Inc., 752 F.2d 630, 634 (Fed. Cir.1985). Granting the

Government leave to file the amended answer will not result in any prejudice to Ms. Cooke because Ms. Cooke has been placed on ample notice of the affirmative defense. The defense is identified in the Joint Preliminary Status Report ("JPSR"), filed on February 27, 2007, and attached hereto as Exhibit B. In the JPSR, the parties agreed that one of the legal issues in this case was

> Whether Defendant paid Plaintiff, in violation of the Equal Pay Act, 29 U.S.C. § 206(d), "at a rate less than the rate at which [it] pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."

Exhibit B at 2 (emphasis added). This language mirrors the language that the Government requests to include in its amended answer.

Ms. Cooke was also made aware of the defense by the Government's responses to her first requests for admission, dated April 23, 2007, and attached hereto as Exhibit C. Specifically, the Government produced the following responses to Ms. Cooke's requests for admission:

> 19. Between 2002 and 2005, NTSB did not award promotions and compensation for an SES level position based on a seniority system.
>
> > RESPONSE: Denies. SES level promotions are based upon policies and processes established in NTSB Operations Bulletins, the United States Code, the Code of Federal Regulations, and performance plans and appraisal forms. Seniority plays a role in SES level promotions.
>
> 20. Between 2002 and 2005, NTSB did not award promotions and compensation for an SES level position based upon a merit system.
>
> > RESPONSE: Denies. SES level promotions are based upon policies and processes established in NTSB Operations Bulletins,

> the United States Code, the Code of Federal Regulations, and performance plans and appraisal forms. Merit plays a role in SES level promotions.

Exhibit C at 6. The Government's denial that the National Transportation Safety Board ("NTSB") did not award promotions and compensation for SES-level positions based on a seniority or merit system placed Ms. Cooke on notice that the Government intended to raise the seniority system and merit system defenses in this case pursuant to 29 U.S.C. § 206(d)(1). In addition, both the JPSR and the Government's responses to Ms. Cooke's first requests for admission were provided to Ms. Cooke significantly prior to the close of discovery and, therefore gave her more than adequate notice to be able to conduct discovery on the affirmative defense.

Furthermore, granting the Government leave to amend its answer will not prejudice Ms. Cooke because the discovery period has not yet ended. Ms. Cooke still has ample opportunity to conduct depositions and question witnesses about the defense. In fact, Ms. Cooke has already noticed the depositions of NTSB management and human resources personnel who may have knowledge of the awarding of SES-level positions. Additionally, Ms. Cooke has until November 1, 2007, to notice an additional deposition if she chooses to do so.

Finally, because Ms. Cooke has had ample notice of the defense, granting the Government leave to amend should not cause any delay in the litigation of this case.

For these reasons, we respectfully request that the Court grant the Government leave to file its Amended Answer and Affirmative Defense.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ HAROLD D. LESTER, JR.
HAROLD D. LESTER, JR.
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

Of Counsel:
DENISE D'AVELLA
Office of General Counsel
National Transportation Safety Board

October 19, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under that on this 19th day of October, 2007 a copy of the foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ MEREDYTH D. COHEN