# EXHIBIT C

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARJORIE MURTAGH COOKE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06-748C |
| v. | ) | (Judge Thomas C. Wheeler) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT UNITED STATES OF AMERICA**

Pursuant to Rule 36 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, serves its objections and responses to the first set of requests for admissions served by plaintiff, Marjorie Murtagh Cooke. The following responses are based upon defendant's current knowledge, information and belief after making reasonable inquiry. Defendant expressly reserves the right to modify or supplement its responses as it discovers additional information relevant to these requests for admissions.

GENERAL OBJECTIONS

Defendant asserts and incorporates by reference the following general objections to plaintiff's request for admissions as though they were set forth in full in each response to each request:

1. Defendant objects to each request for admission and instructions to the extent that it would require defendant to take actions and/or provide information not required by RCFC 26 and 36 and to the extent that it is overbroad and unduly burdensome.

2. Defendant objects to each request for admission to the extent that it seeks information that is in plaintiff's possession.

RESPONSES TO REQUESTS FOR ADMISSION

1. NTSB is a federal government agency, who, for compensation, employs an individual(s).

RESPONSE: Admits. NTSB also employs individuals who are not compensated.

2. Ms. Cooke is an individual who was employed by NTSB as early as 1994 through 2006.

RESPONSE: Admits. Ms. Cooke began employment at the NTSB in February 1994 and retired from Federal service in July 2006.

3. Documents produced in response to Ms. Cooke's First Request for Production of Documents are true and correct copies of documents kept in the regular course of NTSB's business.

RESPONSE: Defendant's response to Ms. Cooke's First Request for Production of Documents is not yet due and has not yet been served, but defendant admits that the documents that will be produced in response to Ms. Cooke's First Request for Production of Documents will be true and correct copies of documents kept in the regular course of NTSB's business.

4. It is the regular course of NTSB's business to make and/or maintain the documents produced in response to Ms. Cooke's First Request for Production of Documents.

RESPONSE: Defendant's response to Ms. Cooke's First Request for Production of Documents is not yet due and has not yet been served, but defendant admits that it is in the regular course of NTSB's business to make and/or maintain the documents that will be produced. Defendant denies that it is the regular course of business to produce these documents in response to Ms. Cooke's First Request for Production of Documents. The National

Transportation Safety Board is an independent Federal agency charged by Congress with investigating every civil aviation accident in the United States and significant accidents in the other modes of transportation -- railroad, highway, marine and pipeline -- and issuing safety recommendations aimed at preventing future accidents. Producing documents is incidental to this mission.

5. Ms. Cooke was the acting director of the Office of Marine Safety ("OMS") from 1994 until 2005.

RESPONSE: Denies. The Office of Marine Safety did not exist until approximately 1999. Once the Office was created, Ms. Cooke was the director, not acting director.

6. Between 2002 and 2005, OMS, The Office of Highway Safety ("OHS"), Office of Railroad, Pipeline and Hazardous Materials Safety ("ORPH"), and the Office of Aviation Safety ("OAS") were all offices under the NTSB.

RESPONSE: Denies. Defendant objects to the phrase "offices under the NTSB" as vague. Without waiving that objection, defendant asserts that the NTSB is a Federal agency, and the offices listed are components of the agency.

7. In 2002, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OHS.

RESPONSE: Denies. The work performed by plaintiff did not require equal skill, effort, and responsibility and was not performed under similar conditions as the work performed by the Director of OHS.

8. In 2003, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OHS.

RESPONSE: Denies. The work performed by plaintiff did not require equal skill, effort, and responsibility and was not performed under similar conditions as the work performed by the Director of OHS.

9. In 2004, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OHS.

RESPONSE: Denies. The work performed by plaintiff did not require equal skill, effort, and responsibility and was not performed under similar conditions as the work performed by the Director of OHS.

10. In 2005, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OHS.

RESPONSE: Denies. The work performed by plaintiff did not require equal skill, effort, and responsibility and was not performed under similar conditions as the work performed by the Director of OHS.

11. In 2002, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of ORPH.

RESPONSE: Denies. The work performed by plaintiff did not require equal skill, effort, and responsibility and was not performed under similar conditions as the work performed by the Director of ORPH.

12. In 2003, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of ORPH.

RESPONSE: Denies. The work performed by plaintiff did not require equal skill, effort, and responsibility and was not performed under similar conditions as the work performed by the Director of ORPH.

13. In 2004, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of ORPH.

RESPONSE: Denies. The work performed by plaintiff did not require equal skill, effort, and responsibility and was not performed under similar conditions as the work performed by the Director of ORPH.

14. In 2005, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of ORPH.

RESPONSE: Denies. The work performed by plaintiff did not require equal skill, effort, and responsibility and was not performed under similar conditions as the work performed by the Director of ORPH.

15. In 2002, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OAS.

RESPONSE: Denies. The work performed by plaintiff did not require equal skill, effort, and responsibility and was not performed under similar conditions as the work performed by the Director of OAS.

16. In 2003, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OAS.

RESPONSE: Denies. The work performed by plaintiff did not require equal skill, effort, and responsibility and was not performed under similar conditions as the work performed by the Director of OAS.

17. In 2004, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OAS.

RESPONSE: Denies. The work performed by plaintiff did not require equal skill, effort, and responsibility and was not performed under similar conditions as the work performed by the Director of OAS.

18. In 2005, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OAS.

RESPONSE: Denies. The work performed by plaintiff did not require equal skill, effort, and responsibility and was not performed under similar conditions as the work performed by the Director of OAS.

19. Between 2002 and 2005, NTSB did not award promotions and compensation for an SES level position based on a seniority system.

RESPONSE: Denies. SES level promotions are based upon policies and processes established in NTSB Operations Bulletins, the United States Code, the Code of Federal Regulations, and performance plans and appraisal forms. Seniority plays a role in SES level promotions.

20. Between 2002 and 2005, NTSB did not award promotions and compensation for an SES level position based upon a merit system.

RESPONSE: Denies. SES level promotions are based upon policies and processes established in NTSB Operations Bulletins, the United States Code, the Code of Federal Regulations, and performance plans and appraisal forms. Merit plays a role in SES level promotions.

21. In April of 2004, Ms. Cooke met with the then NTSB Chairman Ellen Engelman-Conners (sic) and informed Ms. Engleman Conners that she was the only Director of the four modal investigation offices without SES status and the other three modal safety directors, all of whom are male, earned salaries much higher than hers because she lacked SES status.

RESPONSE: Denies. Ms. Engleman Conners recalls that plaintiff spoke to her about being paid overtime. Plaintiff asked Ms. Engleman Conners if she knew that plaintiff was not a part of the SES, and that because of that, the agency should pay her overtime. Plaintiff asked for a bonus or some other form of pay to close the differential between her salary and the other Office Directors. Ms. Engleman Conners has no recollection of this conversation including any statements about gender.

22. In 2004, Ms. Cooke was eligible to receive overtime compensation.

RESPONSE: Defendant objects to the term "eligible" as vague. Without waiving that objection, defendant admits that NTSB General Schedule ("GS") employees are generally eligible to receive overtime compensation, pursuant to the Federal Employees Pay Act, 5 U.S.C. § 5541 et. seq., and 49 U.S.C. § 1113(g), but denies that Ms. Cooke could have received overtime compensation in 2004. Different criteria must be met to receive overtime, including whether overtime funds were available in the modal office and agency budgets, whether the overtime salary cap was met, and whether the work performed was approved in writing for overtime.

23. In 2005, Ms. Cooke was eligible to receive overtime compensation.

RESPONSE: Defendant objects to the term "eligible" as vague. Without waiving that objection, defendant admits that NTSB General Schedule ("GS") employees are generally eligible to receive overtime compensation pursuant to the Federal Employees Pay Act, 5 U.S.C. § 5541 et. seq., and 49 U.S.C. § 1113(g), but denies that Ms. Cooke could have received overtime compensation in 2005. Different criteria must be met to receive overtime, including whether overtime funds were available in the modal office and agency budgets, whether the overtime salary cap was met, and whether the work performed was approved in writing for overtime.

24. Ms. Cooke submitted an application to be the Director of OMS at an SES level when the position was made available in 2004.

RESPONSE: Admits. Plaintiff submitted an application for the Director, Office of Marine Safety position announced on July 14, 2004.

25. Ms. Cooke was not granted an in [sic] interview to be the Director of OMS at an SES level in 2004.

RESPONSE: Admits. The July 14, 2004 Position Vacancy Announcement for the Director, Office of Marine Safety was withdrawn, so no interviews of any applicants were granted or conducted.

26. Interviews were conducted for someone to fill to [sic] the position of Director of OMS at the SES level in 2004.

RESPONSE: Denies. The July 14, 2004 Position Vacancy Announcement for the Director, Office of Marine Safety was withdrawn, so no interviews of any applicants were conducted.

27. Ms. Cooke was not offered a position as the Director of OMS in 2004.

RESPONSE: Denies. The July 14, 2004 Position Vacancy Announcement for the Director, Office of Marine Safety was withdrawn, so no offers were extended to encumber this position at the SES level. Ms. Cooke remained the Director of OMS throughout 2004 at the GS-15 level.

28. NTSB did not fill the position of Director of OMS in 2004.

RESPONSE: Denies. The July 14, 2004 Position Vacancy Announcement for the Director, Office of Marine Safety was withdrawn, so this position was not filled at the SES level in 2004. Ms. Cooke remained the Director of OMS throughout 2004 at the GS-15 level.

29. NTSB did not fill the position of Director of OMS in 2004 because it did not want to award the position to Ms. Cooke.

RESPONSE: Denies. The position was not filled at the SES level in 2004 because the July 14, 2004 Position Vacancy Announcement for the Director, Office of Marine Safety was withdrawn.

30. Ms. Cooke submitted an application to be the Director of OMS at an SES level when the position was made available in 2005.

RESPONSE: Admits. Plaintiff submitted an application for the Director, Office of Marine Safety position announced on January 11, 2005.

31. Interviews of candidates were conducted for someone to fill to [sic] the position of Director of OMS at an SES level in 2005.

RESPONSE: Admits.

32. Ms. Cooke was not granted an in [sic] interview to be the Director of OMS at an SES level in 2005.

RESPONSE: Admits.

33. In May of 2005, the new Managing Director, Joe Osterman notified Ms. Cooke of her non-selection for the Director of OMS position.

RESPONSE: Admits.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

KATHRYN A. BLEECKER
Assistant Director

MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

April 23, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of April 2007, I caused to be sent by messenger a copy of the foregoing "DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT UNITED STATES OF AMERICA" addressed as follows:

Brian M. Lowinger, Esq.
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, DC 20006
(202) 261-2806

____________________________