**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No. 06-748C** |
| | ) **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSE**

Plaintiff Marjorie Murtagh Cooke ("Plaintiff"), by and through the undersigned counsel, submits this Memorandum of Points and Authorities in Opposition to the Motion for Leave to File an Amended Answer and Affirmative Defense ("Defendant's Motion") filed by the United States of America, in the persons of the National Transportation Safety Board ("NTSB") and NTSB Chairman Mark Rosenker ("Rosenker") (collectively, "Defendant").

Having already stated in writing over 6 months ago that no affirmative defense was asserted, and waiting almost 11 months since filing its original Answer and almost 18 months since the commencement of this litigation before filing the present motion, Defendant is now further wasting the Court's time and the Plaintiff's time and money by filing this untimely and highly prejudicial motion designed solely to cause delay and avoid summary judgment. The motion should be soundly denied.

## PROCEDURAL BACKGROUND[1]

On April 28, 2006, Plaintiff filed a complaint in the United States District Court for the District of Columbia against Defendant, asserting claims for violations of the Equal Pay Act, 29 U.S.C. § 206(d) and the retaliation provision contained in the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3). *See Ex.* 1. On October 26, 2006, the District Court transferred the Equal Pay Act claim to this Court. *See* Ex. 2. On November 9, 2006, this Court accepted for filing the case as transferred from the District Court. *See* Ex. 3.

On January 8, 2007, Defendant filed an Answer to Plaintiff's Complaint, which contained no affirmative defenses. *See* Ex. 4. Defendant claims that this omission was "inadvertent". *See* Defendant's Motion at p. 1. However, nothing could be further from the truth.

Nowhere in any pleading, document, discovery response, deposition statement, letter, email or otherwise does Defendant ever mention, discuss, argue for, ask questions about, or in any way assert any affirmative defense whatsoever.

In fact, as late as April 30, 2007, ***just about 6 months ago***, in response to a request for production of documents, ***Defendant itself confirmed in writing that it has not and never has asserted any affirmative defense***. *See* Ex. 5, ¶ 6 ("Defendant did not assert any affirmative defenses in its answer").

It simply could not be any clearer, given Defendant's complete lack of ever asserting an affirmative defense and in fact itself stating it was not asserting one, that Defendant's present motion is a desperate attempt, in the face of a pending motion for summary judgment, to belabor

---

[1] The factual background of this matter is fully briefed in Plaintiff's Memorandum in Support of her Motion for Summary Judgment also pending before this Court. Since Defendant's Motion to Amend is a purely procedural matter, only the relevant procedural history is recited herein.

and delay this litigation, find some basis for creating an issue of fact where none exists, and further harass Plaintiff.

Indeed, to date, the following discovery has already been propounded, responded to, and concluded, all under the presumption that no affirmative defense has been asserted in this case:

- Depositions by Plaintiff - 7
- Interrogatories served on Defendant - 22
- Requests for Production of Documents served on Defendant – 97
- Requests for Admission served on Defendant – 33
- Depositions by Defendant - 1
- Interrogatories served on Plaintiff - 21
- Requests for Production of Documents served on Plaintiff – 23

*See* Ex. 6.

In addition, the following discovery remains outstanding, to be completed by December 3, 2007:

- Depositions by Plaintiff – 2
- Supplemental Requests for Production of Documents served on Defendant – 4
- Depositions by Defendant – 1

*See* Ex. 7.

Plaintiff's counsel has expended approximately 500 hours and over $50,000.00 in legal fees on discovery alone. This figure includes preparing for and taking numerous depositions, propounding discovery, reviewing over *3000 pages* of documents produced by Defendant, and compiling over *2000 pages* in response to Defendant's request for production of documents and answers to interrogatories. *See* Ex. 8, ¶ 2.

Plaintiff's counsel also spent approximately 43 hours, with fees totaling over $7000, drafting and filing the pending motion for summary judgment and accompanying statement of material facts, under the presumption that no affirmative defense has been asserted. *See* Ex. 8, ¶ 3.

To date, Plaintiff's counsel has expended over 613 hours and over $140,000 dollars on this case in its entirety (not including the time and cost for responding to this motion) – and all of this time and money has been expended under the presumption that no affirmative defense was ever asserted by Defendant. *See* Ex. 8, ¶ 4.

If Defendant were now allowed to assert an affirmative defense, Plaintiff would be required to re-take the 7 depositions she already completed and the 3 that will be completed by December 3. She must also propound numerous new interrogatories, document requests and requests for admission aimed at dispelling the myth of Defendant's supposed affirmative defense, and, if history is at all a teacher, engage in numerous meet and confers with Defendant in an effort to resolve production issues and obtain the requested discovery. Further, Plaintiff will be required to re-invent her entire case strategy centered entirely around its *prima facie* case.

Given that discovery has already proceeded for approximately 8 months, Plaintiff's counsel estimates that at least another 6 months will be required to complete new discovery and Plaintiff would request an extension of time for discovery accordingly.

At a minimum, should this Court grant Defendant's spurious motion, Defendant should be required to pay Plaintiff all legal fees and costs she has expended to date and all legal fees and costs Plaintiff will have to expend to complete new discovery.

**STANDARD OF REVIEW**

Pursuant to RCFC 15(a), "a party may amend the party's pleading only by leave of court…when justice so requires."

"The general rule is that affirmative defenses are waived when not pleaded in the answer". *Hauthschild v. U.S.*, 53 Fed. Cl. 134, 139 (Fed. Cl. 2002), *quoting Al-Kurdi v. United States*, 25 Cl. Ct. 599, 604 (1992). Thus, in deciding whether to permit a motion to amend to assert an affirmative defense, the court properly considers the following factors: lack of notice, undue delay, bad faith or dilatory motive on the part of the movant and undue prejudice to the plaintiff, with particular emphasis on the element of prejudice. *See Principal Life Ins. Co. and Subsidiaries v. U.S.*, 75 Fed. Cl. 32, 33 (2007); *Bassett, New Mexico, LLC v. U.S.*, 46 Fed. Cl. 393, 394 (2000); *Principal Mut. Life Ins. Co. v. United States*, 26 Cl. Ct. 616, 623 (1992); *Int'l Fidelity Ins. Co. v. United States*, 27 Fed. Cl. 107, 110 (1992).

## ARGUMENT

### I. DEFENDANT HAS NEVER PUT PLAINTIFF ON NOTICE OF EVEN THE POSSIBILITY OF AN AFFIRMATIVE DEFENSE AND THUS SHOULD BE BARRED FROM ASSERTING ONE NOW.

The purpose of stating an affirmative defense is to put the plaintiff on notice thereof so that plaintiff can properly conduct discovery and form an appropriate litigation strategy. *See Hauthschild , 53 Fed. Cl. at 139*; *Int'l Fidelity Ins. Co.*, 27 Fed. Cl. at 110.

Nowhere ever at any time during the eighteen months this litigation has ensued has Defendant put Plaintiff on notice that Defendant would assert an affirmative defense. In fact, Defendant, as recently as this past spring, stated in writing that it did *not* assert one!

Defendant, in vein searching for some evidence of notice of an affirmative defense, cites the Joint Preliminary Status Report, which merely recites the relevant statute upon which Plaintiff's claim is based, and vague and general references to merit and seniority in rather unsurprising denials in response to Requests for Admission. *See Defendant's Motion* at p. 2. These generic statements have little probative value in light of Defendant's own bald-face admission that no affirmative defenses were asserted, and could hardly constitute "notice" that Defendant intended to change its mind and later assert one.[2]

Plaintiff's entire case strategy, every deposition Plaintiff has taken and every one of her interrogatories, requests for production of documents and requests for admission have focused entirely on her *prima facie* case and damages, with no attention whatsoever on affirmative defenses.

---

[2]Plaintiff finds rather suspicious that Defendant's first request to amend to assert an affirmative defense came only after Plaintiff pointed out in her motion for summary judgment that none had ever been asserted. It is almost as if Defendant suddenly realized that Plaintiff had indeed made out a *prima facie* case and filed this motion to amend solely to dredge up some basis to establish an issue of fact where none exists.

Even now, after Defendant has filed its motion, it remains unclear what affirmative defense Defendant wishes to assert. Defendant merely recites the Equal Pay Act statute in its motion. *Defendant's Motion* at p. 1. Which one of the four possible affirmative defenses does Defendant wish to assert? Is it all four, one or more of the four? Defendant never says. The reason Defendant never says, Plaintiff asserts, is that Defendant doesn't really know because *neither party has conducted any discovery on the matter*. Had Defendant really known, it could have and perhaps would have sought to amend its Answer months ago.

Defendant should not now, weeks before the end of discovery, with a dispositive motion pending, and bereft of any explanation for why it waited so long to seek leave to amend in the first place, be permitted to amend to assert affirmative defenses of which Plaintiff never did and even now does not have clear notice. *See, e.g. Principal Life Ins. Co.*, 75 Fed. Cl. at 33-34 (Defendant provided no reason whatsoever for waiting for years to file a motion to amend, thus, "the court is left with the conclusion that defendant simply overlooked the possibility of raising these claims. It thus has utterly failed to meet its 'burden of showing that the delay [in filing an amendment to a pleading] was justified'"), *quoting Alfa Laval Separation, Inc. v. United States,* 47 Fed. Cl. 305, 313 (2002) ("Without an offer of justification, delay alone suffices for denial of a motion for leave to amend").

## II. PERMITTING DEFENDANT TO AMEND NOW WOULD SEVERELY PREJUDICE PLAINTIFF AND IS MANIFESTLY UNJUST

It is frankly laughable that Defendant's entire proof that Plaintiff would not be prejudiced if Defendant's motion is granted is "because the discovery process has not yet ended". *See Defendant's Motion* at p.3.

As noted above, this litigation has proceeded for almost 18 months, including 7 months of discovery. Plaintiff has taken seven depositions, propounded hundreds of discovery requests, and both produced and received and reviewed thousands of documents. Plaintiff has prepared and filed a dispositive motion on her *prima facie* case. Plaintiff's counsel has expended over 613 hours and $140,000 in legal fees and costs to date. The discovery deadline is weeks away, and this Court may or may not actually rule on this motion to amend prior to the current close of discovery deadline of December 3, 2007. Further, Plaintiff has based her entire litigation strategy on the basis that the only legal issues are her *prima facie* case and damages.

Perhaps Defendant knows how to go back in time and unwind hundreds of hours of legal time expended on this case to allow Plaintiff to recalibrate her litigation strategy. Perhaps adding months of time and cost now to re-depose witnesses and propound hundreds of new discovery requests is, in Defendant's mind, not prejudicial. Perhaps further Defendant is willing to compensate Plaintiff for all of her legal fees and costs to date and those she will need to incur if Defendant's motion is granted.

In other words, Defendant's statement that Plaintiff would not be prejudiced if Defendant's motion is granted is absurd. Granting this motion would unquestionably be highly prejudicial to Plaintiff and manifestly unjust. *See, e.g.*, *Principal Life Ins. Co.*, 75 Fed. Cl. at 33 ("[D]efendant's claims present issues that, if allowed to proceed, would undoubtedly set off a new waive of motions, if not require further discovery and a trial (both apparently involving a new set of operative facts). This court does not intend to require plaintiff to embark on such a course at this late date.").

**CONCLUSION**

For all the forgoing reasons, Defendant's Motion for Leave to File an Amended Answer and Affirmative Defense should be denied. Should this Court grant Defendant's motion, Plaintiff requests that this Court extend the discovery deadline to June 3, 2008, and order Defendant to pay Plaintiff all legal fees and costs she has expended to date (approximately $140,000) and all legal fees and costs Plaintiff will have to expend to complete new discovery.

Respectfully Submitted,
By Counsel

/s/ R. Scott Oswald_____
R. Scott Oswald
Dave Scher
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
dscher@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh-Cooke's Memorandum of Points and Authorities in Opposition to the Motion for Leave to File an Amended Answer and Affirmative Defense, was served via hand delivery this 15th day of November, 2007, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

/s/ R. Scott Oswald_____
Scott Oswald