# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARJORIE MURTAGH COOKE
8475 Sylvan Way
Clifton, VA 20124

Plaintiff,

v.

CASE NUMBER 1:06CV00788

JUDGE: Paul L. Friedman

DECK TYPE: Labor/ERISA (non-employmer

DATE STAMP: 04/28/2006

MARK ROSENKER, ACTING CHAIRMAN,
NATIONAL TRANSPORTATION SAFETY
BOARD

Defendant.

Serve:

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF COLUMBIA
Attn: Civil Process Clerk
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530
-*Via Certified Mail*

) Case No. ________________

UNITED STATES ATTORNEY GENERAL
10th & Pennsylvania Avenue, NW
Washington, DC 20530
-*Via Certified Mail*

MARK ROSENKER
490 L'Enfant Plaza, SW
Washington, D.C. 20594
-*Via Certified Mail*

NATIONAL TRANSPORTATION
SAFETY BOARD
Office of General Counsel
-*Via Certified Mail*

490 L'Enfant Plaza, SW
Washington, D.C. 20551
-*Via Certified Mail*

## CIVIL COMPLAINT FOR EQUITABLE AND MONETARY RELIEF AND DEMAND FOR JURY

1. This action arises out of the Defendant National Transportation Safety Board's unlawful employment actions against the Plaintiff Marjorie Murtagh Cooke. Specifically, Ms. Murtagh Cooke alleges that the National Transportation Safety Board failed to justly compensate Ms. Murtagh Cooke in violation of the Equal Pay Act (EPA), as amended 29 U.S.C. § 206(d) *et seq.*, when it paid other similarly situated NTSB male directors larger salaries and compensation than Ms. Murtagh Cooke for similar work performed.

2. Ms. Murtagh Cooke also alleges that the National Transportation Safety Board retaliated against her in violation of the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 215(a)(3) *et seq.*, when the NTSB denied Ms. Murtagh Cooke an interview for the Office of Marine Safety Director position (and hired an alternate candidate), denied Ms. Murtagh Cooke the opportunity to review her evaluation for 2004, withdrew an offer for a senior level position, denied her an evaluation for 2005, denied her the opportunity for monetary awards, transferred Ms. Murtagh Cooke to the Office of Safety Recommendations and Communication, subsequently transferred her to the Office of the Managing Director, and denied her performance standards for her current position, for complaining about disparate pay and filing a sexual discrimination complaint.

### Parties

3. Plaintiff Marjorie Murtagh Cooke ("Ms. Cooke" or "Plaintiff") is resident of the city of Clifton, County of Fairfax, in the State of Virginia.

4. Defendant Mark Rosenker is the Acting Chairman of the National Transportation Safety Board and is the delegated administrator of the National Transportation Safety Board ("NTSB" or "Defendant") and is responsible for the lawful administration of the

Agency. As such, Acting Chairman Rosenker is the proper defendant in this action pursuant to 29 U.S.C. § 203(d).

**Jurisdiction and Venue**

5. This Honorable Court has jurisdiction over the claims presented herein pursuant to 29 U.S.C. § 216(b), as it asserts a claims that arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and specifically under the provisions of the Equal Pay Act (EPA), 29 U.S.C. § 206(d), and the FLSA, 29 U.S.C. § 215(a)(3).

6. Venue is proper in the District of Columbia under 28 U.S.C. § 1391(c) because the Defendant has its principal office in the District of Columbia and under 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to Ms. Cooke's claims occurred in the District of Columbia.

**Factual Allegations**

7. In 1994, Ms. Cooke was the Chief of the Marine Division, a unit under the NTSB's Office of Surface Transportation Safety.

8. Beginning in 1997, and ending in 1998, the NTSB's Office of Surface Transportation Safety was divided into four separate offices: Highway Safety ("OHS"); Railroad Safety ("ORS"); Marine Safety ("OMS"); and Pipeline and Hazardous Materials Safety ("OPHMS").

9. Each surface office had a director who was paid at a GS-15 level and who reported to the Managing Director. The Managing Director had Senior Executive Service ("SES") status. The Director of the Office of Aviation Safety ("OAS"), Dr. B. Loeb, also had SES status.

10. Each surface office had similar responsibilities, with the exception of OMS, which had two additional responsibilities: conducting accident investigations involving

military and commercial vessels, and conducting international accident investigations. The latter was similar to the additional responsibility handled by the Office of Aviation Safety. The Office of Aviation Safety had an additional senior level (SL) position to handle international investigations.

11. In 1997, during this restructuring Ms. Cooke was named the Director of OMS.

12. Soon after the restructuring, ORS and OPHMS merged to become the Office of Railroad, Pipeline and Hazardous Materials Safety ("ORPH"). Bob Chipkevich ("Chipkevich") became the Director of ORPH.

13. In 2000, when the NTSB was reviewing an available SES slot, the Managing Director, Dan Campbell ("Campbell") suggested to then Agency Chairman, James Hall ("Hall") that Chipkevich be given the SES slot.

14. Campbell suggested that Chipkevich be given the SES slot because Chipkevich had supposedly the most seniority of the three directors and because ORPH was the most complex of the three offices.

15. Hall agreed with Campbell's suggestion, and Chipkevich, the Director of ORPH, applied, interviewed, and was awarded SES status.

16. In early 2003, the NTSB was once again reviewing an available SES slot. The Agency's leadership, then Chairman Ellen Engleman-Conners and then Managing Director Campbell assigned this SES slot to Joe Osterman ("Osterman"), the Director of OHS.

17. After Osterman was awarded the SES slot, Ms. Cooke became the only Director of the three safety offices without SES status.

18. Ostensibly because Ms. Cooke's Director Position did not have SES status, Ms. Cooke was paid significantly less than her male counterparts, John Clark ("Clark"), who was the new Director OAS, Osterman and Chipkevich.

19. Specifically, in 2003, while Clark received a salary of $142,022, Osterman received a salary of $136,872, and Chipkevich received a salary of $142,022, Ms. Cooke received a salary of $121,583.

20. In addition, in 2004, while Clark received a salary of $142,022 Osterman received a salary of $140,797 and Chipkevich received a salary of $142,022, Ms. Cooke received a salary of $126,963.

21. Ostensibly because Ms. Cooke's Director Position did not have SES status, Ms. Cooke was granted lower monetary awards than her male counterparts, Clark, Osterman and Chipkevich.

22. Specifically, in 2003, while Clark received an award of $16,080, Osterman received an award of $5,900, and Chipkevich received an award of $16,056, Ms. Cooke received an award of $5,400.

23. In addition, in 2004, while Clark received an award of $17,000, Osterman received an award of $9,500 and Chipkevich received an award of $16,000, Ms. Cooke received an award of $3,400.

24. Ms. Cooke, in her position as Director of OMS, performed work substantially equal to Clark in his position as Director of OAS, Chipkevich in his position as Director of OPHRMS and Osterman in his position as Director of OHS.

25. Ms. Cooke performed her work as Director of OMS under similar conditions as Clark performed his work as Director of OAS, Chipkevich performed his work as Director of OPHRMS and Osterman performed his work as Director of OHS.

26. Due to this inequality, in April of 2004, Ms. Cooke met with the then NTSB Chairman Ellen Engelman-Conners ("Conners") and informed Conners that she was the only Director of the four modal investigation offices without SES status.

27. Further, Ms. Cooke informed Conners that the other three modal safety directors, all of whom are male, earned salaries much higher than hers because she lacked SES status.

28. Ms. Cooke explained to Conners that her concern was not the SES status *per se*, but rather she wanted equitable pay for similar work.

29. Conners responded by telling Ms. Cooke that if the NTSB acquired another SES slot, the slot would be assigned to the Director of OMS. However, Conners also stated that when the OMS Director position received SES status, the position would be advertised and that Ms. Cooke would have to apply and compete for the position.

30. Ms. Cooke suggested to Conners that she be allowed to receive overtime pay as one option for reducing the gap between her salary and that of the three male modal safety Directors.

31. Conners replied that she was not aware if that was a possible solution, but told Ms. Cooke she would look into it.

32. After the meeting Ms. Cooke met with Lisa Love ("Love") from Human Resources. Love confirmed for Ms. Cooke that she could receive overtime pay; however she needed approval from Conners, the NTSB Chairman.

33. After meeting with Love, Ms. Cooke made several attempts to meet with Conners to seek her approval for overtime pay.

34. Despite Ms. Cooke's efforts Conners refused to meet with her to discuss this subject.

35. Thus, Ms. Cooke continued to work as Director of OMS, doing substantially similar work to Clark, Osterman and Chipkevich, the other three Directors, and making significantly less money.

36. In July, 2004 the OMS Director position was advertised as having SES status.

37. As instructed by Conners, Ms. Cooke applied for this position, but the advertisement was cancelled; she was not granted an interview.

38. In January, 2005 when Ms. Cooke had not yet received an evaluation for the performance period ending in 2004, she requested a meeting with then Chairman Engleman-Conners. Conners refused to meet with her to discuss Ms. Cooke's performance evaluation.

39. Finally, in early 2005, the OMS Director position was re-advertised as having SES status.

40. Ms. Cooke applied for this position, but she was not granted an interview.

41. In response to years of unequal pay for similar work to that of her male counterparts, and not even being granted an interview for a position she held for eight years, Ms. Cooke filed a sexual discrimination complaint with the NTSB EEO Director on February 7, 2005, using the established NTSB protocol for lodging formal complaints of Equal Pay Act violations.

42. In her complaint, Ms. Cooke alleged that she received unequal pay as the Director of OMS because of her gender.

43. Ms. Cooke's discrimination complaint was investigated from August of 2005 through December of 2005.

44. In May, 2005 the new Managing Director, Joe Osterman ("Osterman"), notified Ms. Cooke of her non-selection for the Director of OMS position. Ms. Cooke noted that she had not been paid for the position during her tenure as Director, OMS. Osterman then offered her an SL position to compensate if she would submit bulleted responsibilities for a position description.

45. NTSB has used SL positions in the past to compensate senior level employees for pay over the GS-15 salary level.

46. In response, Ms. Cooke submitted the requested document. Osterman subsequently informed her that Chairman Engleman-Conners and Executive Director Dan Campbell would not permit him to use an SL position for her.

47. Instead, NTSB transferred Ms. Cooke to the Office of Safety Recommendations and Communication in June 2005.

48. In October, 2005, Ms. Cooke was transferred to the Office of the Managing Director.

49. Ms. Cooke has not received an evaluation for the performance period ending in 2005, thus precluding any opportunity for an award for her performance in 2005.

50. Ms. Cooke has not been issued new performance standards for her current position thus precluding any opportunity to improve her career status or to obtain awards for 2006.

**Count I**
**The Equal Pay Act (EPA)**
**29 U.S.C. § 206(d)**
**Unequal Pay**

51. Plaintiff incorporates the allegations in paragraphs 1 through 50 as though alleged herein.

52. Plaintiff is a an "employee" as the terms are defined at 29 U.S.C. § 203(e)(2)(ii) and the Defendant National Transportation Safety Board is an "employer" as the term is defined at 29 U.S.C. § 203(d).

53. Defendant failed and/or refused to compensate Plaintiff comparable to employees who were of the opposite sex, worked in the same "establishment" as Plaintiff,

performed work that was equal to the work performed by Plaintiff, and retained positions that required equal skill, effort, responsibility and was performed under similar conditions as compared to Plaintiff.

54. As the direct and proximate result of Defendant's violation of 29 U.S.C. § 206(d), Plaintiff was caused to suffer damages.

55. For violations of 29 U.S.C. § 206(d), Plaintiff demands such legal or equitable relief as provided by 29 U.S.C. § 216(b), including, but not limited to, the following:

a. Reinstatement;
b. Promotion;
c. Economic damages including front and back pay;
d. Reasonable attorney's fees and costs;
e. Liquidated Damages; and
f. Any other relief that this Court deems just and equitable.

**Count II**
**Fair Labor Standards Act (FLSA)**
**29 U.S.C. § 215(a)(3)**
**Retaliation**

56. Plaintiff incorporates the allegations in paragraphs 1 through 55 as though alleged herein.

57. Plaintiff is an "employee" as the terms are defined at 29 U.S.C. § 203(e)(2)(ii) and the Defendant National Transportation Safety Board is an "employer" as the term is defined at 29 U.S.C. § 203(d).

58. Defendant has limited, segregated, and classified the Plaintiff in a way which deprives her of employment opportunities and otherwise adversely affects her status as an employee because of Plaintiff's complaints of unequal pay and sexual discrimination.

59. As a direct and proximate result of the Defendant's conduct, Plaintiff was caused to suffer damages.

60. For violations of 29 U.S.C. § 215(a)(3), Plaintiff demands such legal or equitable relief as provided by 29 U.S.C. § 216(b), including, but not limited to, the following:

g. Reinstatement;
h. Promotion;
i. Economic damages including front and back pay;
j. Reasonable attorney's fees and costs;
k. Compensatory Damages;
l. Liquidated Damages; and
m. Any other relief that this Court deems just and equitable.

**Prayer for Relief**

WHEREFORE, Ms. Cooke prays this Honorable Court for Judgment against the Defendant, in the amount of economic damages and compensatory damages to be determined at trial, plus attorneys' fees, costs of this action, equitable relief (including upgrading Plaintiff's employment status) and any other relief this Honorable Court deems just and proper to award.

Marjorie Murtagh Cooke
By Counsel

R Scott Oswald/BSB

R. Scott Oswald, D.C. Bar No. 458859
Employment Law Group, P.C.
888 17th Street, N.W.
Suite 900
Washington, D.C. 20006-3307
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff*

**Jury Demand**

Plaintiff Cooke demands a jury for all issues proper to be so tried.

R. Scott Oswald /JJB

R. Scott Oswald

# Exhibit 2

**U.S. District Court**
**District of Columbia (Washington, DC)**
**CIVIL DOCKET FOR CASE #: 1:06-cv-00788-PLF**

COOKE v. ROSENKER
Assigned to: Judge Paul L. Friedman
Case: 1:06-cv-01928-JDB
Cause: 29:216 Fair Labor Standards Act

Date Filed: 04/28/2006
Date Terminated: 10/13/2006
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**MARJORIE MURTAGH COOKE** represented by **R. Scott Oswald**
EMPLOYMENT LAW GROUP, PC
888 17th Street, NW
Suite 900
Washington, DC 20006-3307
(202) 261-2806
Fax: (202) 261-2835
Email: soswald@employmentlawgroup.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MARK ROSENKER**
*Acting Chairman, National Transportation Safety Board*
represented by **Kathleen M. Konopka**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, DC 20530
(202) 616-5309
Fax: (202) 514-8781
Email: kathleen.konopka3@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/28/2006 | 1 | COMPLAINT against MARK ROSENKER (Filing fee $ 350) filed by MARJORIE MURTAGH COOKE.(jf, ) (Entered: 05/01/2006) |

| | | |
|---|---|---|
| 04/28/2006 | | SUMMONS (3) Issued as to MARK ROSENKER, U.S. Attorney and U.S. Attorney General (jf, ) (Entered: 05/01/2006) |
| 05/30/2006 | 2 | NOTICE of Appearance by Kathleen M. Konopka on behalf of MARK ROSENKER (Konopka, Kathleen) (Entered: 05/30/2006) |
| 06/12/2006 | 3 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on Attorney General. Date of Service Upon Attorney General 05/23/2006., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to MARK ROSENKER served on 5/23/2006, answer due 7/24/2006., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the US Attorney. MARK ROSENKER served on 5/23/2006, answer due 7/24/2006 (Oswald, R.) (Entered: 06/12/2006) |
| 07/11/2006 | 4 | Joint MOTION to Stay *All Proceedings Pending Mediation* by MARK ROSENKER. (Attachments: # 1 Text of Proposed Order)(Konopka, Kathleen) (Entered: 07/11/2006) |
| 07/12/2006 | 5 | ORDER referring this case for mediation to commence July 12, 2006 and conclude on or before August 31, 2006, and granting 4 the parties' joint motion to stay proceedings pending mediation. Signed by Judge Paul L. Friedman on July 12, 2006. (MA) (Entered: 07/12/2006) |
| 08/27/2006 | 6 | Consent MOTION for Extension of Time to Complete Mediation by MARK ROSENKER. (Attachments: # 1 Text of Proposed Order)(Konopka, Kathleen) (Entered: 08/27/2006) |
| 08/28/2006 | | MINUTE ORDER granting 6 defendant's consent Motion for Extension of Time to Complete Mediation. All further proceedings in this case shall be stayed and mediation shall continue until October 2, 2006. Signed by Judge Paul L. Friedman on 8/28/06. (lcplf2) (Entered: 08/28/2006) |
| 10/09/2006 | 7 | AMENDED COMPLAINT against MARK ROSENKER filed by MARJORIE MURTAGH COOKE.(td, ) (Entered: 10/11/2006) |
| 10/11/2006 | 8 | Unopposed MOTION to Transfer Case *to U.S. Court of Federal Claims* by MARJORIE MURTAGH COOKE. (Attachments: # 1 Text of Proposed Order)(Oswald, R.) (Entered: 10/11/2006) |
| 10/11/2006 | 9 | VACATED PURUSANT TO MINUTE ORDER ENTERED 10/11/06.....ORDER that the parties shall submit on or before October 20, 2006 a joint report updating the court on the status of this case and any ongoing settlement negotiations. Signed by Judge Paul L. Friedman on October 11, 2006. (MA) Modified on 10/19/2006 (ks, ). (Entered: 10/11/2006) |
| 10/11/2006 | | MINUTE ORDER vacating minute order 9 entered this same day |

| | | |
|---|---|---|
| | | requesting a joint report updating the court on the status of this case, and granting 8 plaintiff's unopposed motion to transfer venue. Signed by Judge Paul L. Friedman on October 11, 2006. (MA) (Entered: 10/11/2006) |
| 10/11/2006 | | Set Deadline: Joint Report due by 10/20/2006. (mm) (Entered: 10/13/2006) |
| 10/26/2006 | | Case transferred to Court of Federal Claims. Case mailed US Postal Service, return receipt requested. (td, ) (Entered: 10/26/2006) |
| 11/15/2006 | | Receipt on 11/09/06 of Transfer Papers. Other Court Number: 06-748C sent by US Court of Federal Claims. (jf, ) (Entered: 11/16/2006) |

# Exhibit 3

# US Court of Federal Claims
## United States Court of Federal Claims (COFC)
## CIVIL DOCKET FOR CASE #: 1:06-cv-00748-TCW

COOKE v. USA
Assigned to: Judge Thomas C. Wheeler
Case in other court: U.S. District Court for the District of Columbia, 06-cv-788
Cause: 28:1491 Tucker Act

Date Filed: 11/09/2006
Jury Demand: None
Nature of Suit: 304 Civilian Pay - FLSA
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**MARJORIE MURTAGH COOKE** represented by **Robert Scott Oswald**
Employment Law Group, P.C.
888 17th Street. NW
Suite 900
Washington, DC 20006
(202) 331-2883
Fax: (202) 261-2835
Email: soswald@employmentlawgroup.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Marc Lowinger**
Employment Law Group, PC
888 17th Street, N.W.
Suite 900
Washington, DC 20006
(202) 261-2817
Fax: (202) 261-2835
Email: blowinger@employmentlawgroup.net
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**USA** represented by **Meredyth Dawn Cohen**
U.S. Department of Justice - Civil Division
1100 L Street, NW
Washington, DC 20530
(202) 353-7978

Fax: (202) 514-7965
Email: meredyth.cohen@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/09/2006 | 1 | Case transferred in from United States District Court for the District of Columbia; Case Number 06-cv-788. Original file certified copy of transfer order and docket sheet received. Filed by MARJORIE MURTAGH COOKE. (Attachments: # 1 Docket Sheet)(dw1) Additional attachment(s) added on 11/9/2006 (dw1, ). (Entered: 11/09/2006) |
| 11/09/2006 | 2 | NOTICE of Assignment to Judge Thomas C. Wheeler. (dw1) (Entered: 11/09/2006) |
| 11/09/2006 | 3 | NOTICE of Designation of Electronic Case. (dw1) (Entered: 11/09/2006) |
| 11/15/2006 | 4 | FIRST AMENDED COMPLAINT filed by MARJORIE MURTAGH COOKE, by leave of the Judge. Service: 11/9/06.(dw1) (Entered: 11/15/2006) |
| 11/28/2006 | 5 | NOTICE of Appearance by Meredyth Dawn Cohen for USA. (Cohen, Meredyth) (Entered: 11/28/2006) |
| 01/08/2007 | 6 | ANSWER to 4 Amended Complaint, filed by USA.JPSR due by 3/1/2007.(Cohen, Meredyth) (Entered: 01/08/2007) |
| 02/27/2007 | 7 | JOINT PRELIMINARY STATUS REPORT. (Cohen, Meredyth) (Entered: 02/27/2007) |
| 03/05/2007 | 8 | NOTICE of Appearance by Brian Marc Lowinger for MARJORIE MURTAGH COOKE. (Lowinger, Brian) (Entered: 03/05/2007) |
| 03/07/2007 | 9 | DISCOVERY SCHEDULING ORDER. Signed by Judge Thomas C. Wheeler. (ck1) (Entered: 03/07/2007) |
| 03/15/2007 | 10 | MOTION to Dismiss pursuant to Rule 12(b)(1), filed by USA.Response due by 4/16/2007.(Cohen, Meredyth) (Entered: 03/15/2007) |
| 03/28/2007 | 11 | TRANSCRIPT of Proceedings (pages 1-8) held on March 6, 2007 before Judge Thomas C. Wheeler. (dw1) (Entered: 03/28/2007) |
| 04/16/2007 | 12 | Consent MOTION for Extension of Time until 04/18/2007 to File Response or Reply as to 10 MOTION to Dismiss pursuant to |

| | | |
|---|---|---|
| | | Rule 12(b)(1), filed by MARJORIE MURTAGH COOKE.Response due by 5/3/2007. (Attachments: # 1 Text of Proposed Order Proposed Order)(Lowinger, Brian) (Entered: 04/16/2007) |
| 04/18/2007 | 13 | RESPONSE to 10 MOTION to Dismiss pursuant to Rule 12(b)(1), filed by MARJORIE MURTAGH COOKE.Reply due by 5/7/2007. (Lowinger, Brian) (Entered: 04/18/2007) |
| 04/20/2007 | 14 | ORDER granting 12 Motion for Extension of Time to File Response/Reply Signed by Judge Thomas C. Wheeler. (MO) (Entered: 04/20/2007) |
| 05/07/2007 | 15 | REPLY to Response to Motion re 10 MOTION to Dismiss pursuant to Rule 12(b)(1), filed by USA. (Cohen, Meredyth) (Entered: 05/07/2007) |
| 05/16/2007 | 16 | MOTION for Leave to File Surreply, filed by MARJORIE MURTAGH COOKE.Response due by 6/4/2007. (Attachments: # 1 Surreply)(Lowinger, Brian) (Entered: 05/16/2007) |
| 05/16/2007 | 17 | MOTION to Strike, filed by MARJORIE MURTAGH COOKE.Response due by 6/4/2007.(Lowinger, Brian) (Entered: 05/16/2007) |
| 05/18/2007 | 18 | Consent MOTION to Amend/Correct *Surreply*, filed by MARJORIE MURTAGH COOKE.Response due by 6/4/2007. (Attachments: # 1 Exhibit)(Lowinger, Brian) (Entered: 05/18/2007) |
| 05/18/2007 | 19 | Consent MOTION to Amend/Correct *Motion to Strike*, filed by MARJORIE MURTAGH COOKE.Response due by 6/4/2007. (Attachments: # 1)(Lowinger, Brian) (Entered: 05/18/2007) |
| 05/29/2007 | 20 | ORDER: The Court this day entered the following Orders on pending motions: (1) Plaintiff's May 16, 2007 Motion to Strike References to Discovery Requests in Defendant's Reply 17 is DENIED; (2) Plaintiff's May 16, 2007 Motion for Leave to File Surreply 16 is GRANTED; (3) Plaintiff's May 18, 2007 Consent Motion to Correct Motion to Strike 19 is GRANTED; (4) Plaintiff's May 18, 2007 Consent Motion to Correct Surreply 18 is GRANTED. Signed by Judge Thomas C. Wheeler.(mo) (Entered: 05/29/2007) |
| 05/29/2007 | 21 | MOTION for Clarification of [20] Order on Motion for Leave to File, Order on Motion to Strike, Order on Motion to Amend/Correct,,,,,,,,, filed by USA.Response due by 6/12/2007.(Cohen, Meredyth) (Entered: 05/29/2007) |

| | | |
|---|---|---|
| 06/20/2007 | | Set/Reset Transcript Deadlines: Transcript due by 7/19/2007. (vp1, ) (Entered: 06/20/2007) |
| 06/22/2007 | 22 | MOTION for Leave to File Supplemental Brief, filed by MARJORIE MURTAGH COOKE.Response due by 7/9/2007. (Attachments: # 1 Supplement)(Lowinger, Brian) (Entered: 06/22/2007) |
| 06/28/2007 | 23 | RESPONSE to 22 MOTION for Leave to File Supplemental Brief, filed by USA.Reply due by 7/13/2007. (Cohen, Meredyth) (Entered: 06/28/2007) |
| 06/28/2007 | 24 | ORDER DENYING 22 Plaintiff's Motion for Leave to File Plaintiff's Supplemental Memorandum of Law in Support of Her Opposition to Defendant's Motion to Dismiss. Signed by Judge Thomas C. Wheeler. (mon) (Entered: 06/28/2007) |
| 06/28/2007 | 25 | ORDER denying 10 Motion to Dismiss - Rule 12(b)(1). Signed by Judge Thomas C. Wheeler. (mon/mk) (Entered: 06/28/2007) |
| 07/19/2007 | 26 | TRANSCRIPT of Proceedings (pages 1-38) held on June 19, 2007 before Judge Thomas C. Wheeler. (dw1) (Entered: 07/19/2007) |
| 07/19/2007 | 27 | AMENDED SCHEDULING ORDER: Signed by Judge Thomas C. Wheeler. (mo) (Entered: 07/19/2007) |
| 07/31/2007 | 28 | TRANSCRIPT of Proceedings (pages 1-10) held on July 19, 2007 before Judge Thomas C. Wheeler. (dw1) (Entered: 07/31/2007) |

# Exhibit 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARJORIE MURTAGH COOKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-748C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the first amended complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of her case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations contained in the first sentence of paragraph 3. The allegations contained in the second sentence of paragraph 3 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits.

6. Admits.

7. Admits.

8. Denies.

9. Admits.

10. Objects to the vagueness of the term "soon," but admits the remainder of the allegations contained in paragraph 10 and avers that the merger referred to took place in 2000.

11. Denies.

12. Denies.

13. Denies the allegations contained in paragraph 13 that "Hall agreed with Campbell's suggestion" for lack of knowledge or information sufficient to form a belief as to their truth; admits that Mr. Chipkevich applied for, was interviewed, and was selected for the position of Director of the Office of Railroad, Pipeline and Hazardous Materials Safety, an SES-level position.

14. Denies.

15. Admits the allegation that Mr. Osterman was selected for the position of Director of the Office of Highway Safety, an SES-level position; admits the remainder of the allegations contained in paragraph 15.

16. Denies.

17. Admits.

18. Admits.

19. Denies.

20. Admits.

21. Admits.

22. Denies.

23. Denies.

24. The allegation contained in the first sentence of paragraph 24, "[d]ue to this inequality," constitutes a conclusion of law, and plaintiff's characterization of her case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits that Ms. Cooke met with then National Transportation Safety Board ("NTSB") Chairman Ellen Engleman-Connors in April 2004; denies the remainder of the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Admits that Ms. Cooke requested overtime pay; denies the remainder of the allegations contained in paragraph 28.

29. Admits that Ms. Engleman-Connors told Ms. Cooke that "she would look into it;" denies the remainder of the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Admits that Ms. Cooke made several attempts to meet with Ms. Engleman-Connors; denies the remainder of the allegations contained in paragraph 31 for lack of

knowledge or information sufficient to form a belief as to their truth.

32. Denies.

33. Denies.

34. Admits.

35. Admits that Ms. Cook applied for the position, that she was not interviewed, and that the advertisement was later cancelled; denies the remainder of the allegations contained in paragraph 35.

36. Admits.

37. Admits.

38. Admits that Ms. Cooke filed an EEO complaint; denies the remainder of the allegations contained in paragraph 38.

39. Admits the allegation contained in paragraph 39 to the extent supported by the EEO complaint, which is the best evidence of its contents; otherwise denies.

40. Admits.

41. Admits the allegation contained in the first sentence of paragraph 41 that Mr. Osterman notified Ms. Cooke of her non-selection for the Director of OMS position in approximately May 2005; denies the allegations contained in the second sentence of paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth; admits the allegation contained in the third sentence of paragraph 41 that Mr. Osterman asked Ms. Cooke to submit bullet points to support the need for a Senior Level ("SL") position; denies the remainder of the allegations contained in paragraph 41.

42. Denies.

43. Admits that Ms. Cooke submitted the document; denies the remainder of the allegations contained in paragraph 43.

44. Admits.

45. Admits.

46. Defendant's responses to paragraphs 1 through 46 of the complaint are incorporated by reference.

47. The allegations contained in paragraph 47 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. Denies.

49. Denies.

50. Denies that plaintiff is entitled to the relief set forth in paragraph 50, or to any relief whatsoever.

51. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 50, or to any relief whatsoever.

52. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ KATHRYN A. BLEECKER
KATHRYN A. BLEECKER
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

Of Counsel:
KATHLEEN SILBAUGH
Office of General Counsel
National Transportation Safety Board

January 8, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under that on this 8th day of January, 2007 a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ MEREDYTH D. COHEN

# Exhibit 5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARJORIE MURTAGH COOKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06-748C |
| v. | ) | (Judge Thomas C. Wheeler) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, provides the following response to Plaintiff's First Requests for Production of Documents to Defendant United States of America, served by mail on or about March 6, 2007. The following response is based upon defendant's current knowledge, information and belief after making reasonable inquiry. Defendant expressly reserves the right to modify or supplement its response as further information becomes available through discovery or otherwise.

GENERAL OBJECTIONS

Defendant asserts and incorporates by reference the following general objections to plaintiff's requests for production of documents as though they were set forth in full in each response to each request:

1. Defendant objects to each request to the extent that it seeks information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or any other applicable privilege or immunity, or any statutory or regulatory restriction upon disclosure, including the Privacy Act of 1974, 5 U.S.C. § 552(a). In objecting to and responding to a document request, the fact that the United States provides

6. All documents which the defendant contends support the defenses asserted in the defendant's answer or that relate to any claims asserted by the defendant.

RESPONSE: Defendant did not assert any affirmative defenses in its answer. All documents produced on April 5, 2007 as part of the initial disclosures, as well as all the documents produced with these responses support defendant's defense of the claims lodged by plaintiff. Discovery is ongoing; if additional responsive non-privileged documents are found, they will be produced.

7. Documents that would tend to support or refute any of Defendant's Affirmative Defenses.

RESPONSE: See response to #6.

8. Documents that would tend to support or refute any of Defendant's denials contained in Defendant's Answer or responses to Plaintiff's Requests for Admissions.

RESPONSE: All documents produced on April 5, 2007 as part of the initial disclosures, as well as all the documents produced with these responses support defendant's denials in its answer and responses to Plaintiff's Requests for Admissions. Discovery is ongoing; if additional responsive non-privileged documents are found, they will be produced.

9. All Documents that would tend to support or refute any of Defendant's denials contained in Defendant's responses to Plaintiff's Requests for Admissions.

RESPONSE: See response to #8.

10. All documents and communications used, referenced, referred to, relating to or described in responding to Plaintiff's Interrogatories, if not previously produced.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

KATHRYN A. BLEECKER
Assistant Director

MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

April 30, 2007

Attorneys for Defendant

# Exhibit 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**MARJORIE MURTAGH COOKE,**

**Plaintiff,**

v.

**THE UNITED STATES OF AMERICA,**

**Defendant.**

**Case No. 06-748C**
**Judge Thomas C. Wheeler**

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30 of the Rules of the Court of Federal Claims, Plaintiff, by counsel, will take the deposition upon oral examination of Colette Magwood on October 26, 2007, at 10:00 am, at the offices of The Employment Law Group, P.C., 888 17th Street, N.W., Suite 900, Washington, D.C., 20006. The deposition shall be before a notary public or some other person authorized by law to administer oaths, and shall be recorded by sound, sound-and-visual, or stenographic means for the purposes of discovery, for use as evidence at trial, and for all such purposes as may be appropriate.

Respectfully Submitted,
By Counsel

R. Scott Oswald
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
blowinger@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh-Cooke's Notice to Take Deposition of Dan Campbell Pursuant to RCFC Rule 30, was served via e-mail and first class mail this 19th day of October, 2007, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

Brian M. Lowinger

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No. 06-748C** |
| | ) **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

**REVISED NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30 of the Rules of the Court of Federal Claims, Plaintiff, by counsel, will take the deposition upon oral examination of Ellen Engleman Conners on October 25, 2007, at 10:00 am, at the offices of The Employment Law Group, P.C., 888 17th Street, N.W., Suite 900, Washington, D.C., 20006. The deposition shall be before a notary public or some other person authorized by law to administer oaths, and shall be recorded by sound, sound-and-visual, or stenographic means for the purposes of discovery, for use as evidence at trial, and for all such purposes as may be appropriate.

Respectfully Submitted,
By Counsel

R. Scott Oswald
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
blowinger@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh-Cooke's Notice to Take Deposition of Ellen Engleman Conners Pursuant to RCFC Rule 30, was served via e-mail and first class mail this 19th day of October, 2007, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

Brian M. Lowinger

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No. 06-748C** |
| | ) **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30 of the Rules of the Court of Federal Claims, Plaintiff, by counsel, will take the deposition upon oral examination of Joseph Osterman on October 1, 2007, at 9:30 am, at the offices of The Employment Law Group, P.C., 888 17th Street, N.W., Suite 900, Washington, D.C., 20006. The deposition shall be before a notary public or some other person authorized by law to administer oaths, and shall be recorded by sound, sound-and-visual, or stenographic means for the purposes of discovery, for use as evidence at trial, and for all such purposes as may be appropriate.

Respectfully Submitted,
By Counsel

R. Scott Oswald
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
blowinger@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh-Cooke's Notice to Take Deposition of Joseph Osterman Pursuant to RCFC Rule 30, was served via e-mail and first class mail this 20th day of September, 2007, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

Brian M. Lowinger

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No. 06-748C** |
| | ) **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

**FIRST AMENDED NOTICE TO TAKE DEPOSITION OF DEFENDANT UNITED STATES OF AMERICA PURSUANT TO RCFC 30(b)(6)**

Plaintiff, Marjorie Murtagh-Cooke, pursuant to Rule 30(b)(6) of the Rules for the Court of Federal Claims, gives notice that she will take the deposition upon oral examination of Defendant United States of America on May 24, 2007, at 9:30 am, at the offices of The Employment Law Group, P.C., 888 17th Street, N.W., Suite 900, Washington, D.C., 20006. The matters on which examination are contemplated are described in Attachment 1. Defendant United States of America shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf who shall testify as to the matters designated in Attachment 1. This deposition will be recorded stenographically and by videotape before a Notary Public or other officer authorized to administer oaths, and will be for the purpose of discovery of evidence, for use at trial, and for other lawful purposes. The deposition will continue from day to day until completed.

Respectfully Submitted,
By Counsel

R. Scott Oswald
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
blowinger@employmentlawgroup.net
*Counsel for Plaintiff*

ATTACHMENT 1
TO PLAINTIFF'S FIRST AMENDED NOTICE OF DEPOSTION
OF DEFENDANT UNITED STATES OF AMERICA
PURSUANT TO RCFC 30(b)(6)

1. The working conditions, level of effort, responsibility, and skill of the jobs performed by Plaintiff Marjorie Murtagh-Cooke ("Plaintiff" or "Murtagh-Cooke"), the Director of the Office of Marine Safety ("OMS"), and Bob Chipkevich ("Chipkevich"), the Director of the Office of Railroad, Pipeline and Hazardous Materials Safety ("ORPH"), Joe Osterman ("Osterman"), the Director of the Office of Highway Safety ("OHS"), Bob Magladry ("Magladry"), the Director of OHS, John Spencer, the successor to Ms. Murtagh-Cooke as the Director of OMS ("Spencer") (collectively, Chipkevich, Osterman, Magladry, and Spencer are referred to as the "Directors"), Bob Macintosh ("Macintosh"), the former deputy director of OAS, and Thomas Haueter ("Haueter"), the former deputy director of OAS (collectively, Macintosh and Haueter are referred to as "Deputy Directors").

2. Job descriptions for the positions performed by Murtagh-Cooke, the Directors, and Deputy Directors.

3. The job performances by Murtagh-Cooke, the Directors, and Deputy Directors.

4. All written and oral complaints about the quality and quantity of work performed by Plaintiff, the Directors, and Deputy Directors, including, but not limited to their skills, efforts, responsibilities, and performance of their responsibilities, including management of their office, staff, and projects, reports, and investigations,

5. The compensation paid to the Deputy Directors, Directors, and Murtagh-Cooke from 1997 through 2005. The compensation shall include, but not be limited to salary, bonuses, retirement package, and any other employment benefits.

6. Assessment reviews and/or evaluations from 1997 through 2005 for Murtagh-Cooke, the Directors, and Deputy Directors. Relevant information includes, but is not limited to all documents and written notes acquired during feedback interviews with colleagues, and final assessments provided to the employee after each formal review period.

7. The National Transportation Safety Board ("NTSB") employees who were granted Senior Executive Service ("SES") status from 1997 to the present and the justification for their promotions.

8. The policies, procedures, and practices for awarding SES status, including, but not limited to the screening, interview, and selection procedures for SES status positions.

9. The policies, procedures, and practices for awarding Senior Level ("SL") status, including, but not limited to the screening, interview, and selection procedures for SL status positions.

10. All communications and documents, including electronically stored information, relating to or including Murtagh-Cooke regarding her compensation and/or the lack of compensation equal to the compensation received by the Directors and Deputy Directors.

11. The availability of overtime as compensation for Murtagh-Cooke during her tenure as director of OMS.

12. The basis for the decision not to award overtime compensation to Plaintiff after the April 2004 meeting with Engleman-Conners.

13. The basis for not granting Murtagh-Cooke SES status during her employment with NTSB.

14. The basis for any and all defenses asserted by Defendant that relate to the claims alleged by Murtagh-Cooke.

15. Defendant's data and document systems, including but not limited to Defendant's email system, SPAM, or other security or content filters, hardware configuration, software configuration, network configuration, server configuration, internet structure, and email, document, and data retention systems.

16. Defendant's data retention policies for electronically stored information, email, documents, and communications.

17. The existence and location of electronically stored information relevant to the allegations in Murtagh-Cooke's first-amended complaint, and the e-mail server(s) that show where email communications passed through NTSB's human resources department, the Office of Ellen Engleman Conners, and the offices of Marjorie Murtagh-Cooke, and Ms. Murtagh-Cooke's supervisors.

18. The organizational structure of Defendant.

19. Grievances, reports, investigations, or complaints dealing with Equal Pay Act violations or conduct of a similar nature made with Defendant, or any administrative or judicial body, either orally or in writing in the last five (5) years.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh-Cooke's First Amended Notice to Take Deposition of Defendant United States of America Pursuant to RCFC Rule 30(b)(6), was served via e-mail and hand delivery this 23rd day of May, 2007, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

Brian M. Lowinger

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 06-748C** |
| | **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

**SUPPLEMENTAL NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30 of the Rules of the Court of Federal Claims, Plaintiff, by counsel, will take the deposition upon oral examination of Tom Haueter on July 13, 2007, at 9:30 am, at the offices of Fahmy Hudome, 888 17th Street, N.W., Suite 904, Washington, D.C., 20006. The deposition shall be before a notary public or some other person authorized by law to administer oaths, and shall be recorded by sound, sound-and-visual, or stenographic means for the purposes of discovery, for use as evidence at trial, and for all such purposes as may be appropriate.

Respectfully Submitted,
By Counsel

R. Scott Oswald
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
blowinger@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh-Cooke's Revised Notice to Take Deposition of Tom Haueter Pursuant to RCFC Rule 30, was served via e-mail and first class mail this 12th of July, 2007, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

Brian M. Lowinger

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No. 06-748C** |
| | ) **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

**REVISED NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30 of the Rules of the Court of Federal Claims, Plaintiff, by counsel, will take the deposition upon oral examination of John Clark on June 29, 2007, at 9:00 am, at the offices of The Employment Law Group, P.C., 888 17th Street, N.W., Suite 900, Washington, D.C., 20006. The deposition shall be before a notary public or some other person authorized by law to administer oaths, and shall be recorded by sound, sound-and-visual, or stenographic means for the purposes of discovery, for use as evidence at trial, and for all such purposes as may be appropriate.

Respectfully Submitted,
By Counsel

R. Scott Oswald
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
blowinger@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh-Cooke's Revised Notice to take the Deposition of Tom Haueter Pursuant to RCFC Rule 30, was served via e-mail and first class mail this 19th day of June, 2007, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

Brian M. Lowinger

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No. 06-748C** |
| | ) **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

**REVISED NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30 of the Rules of the Court of Federal Claims, Plaintiff, by counsel, will take the deposition upon oral examination of Robert Macintosh on August 8, 2007, at 9:30 am, at the offices of The Employment Law Group, P.C., 888 17th Street, N.W., Suite 900, Washington, D.C., 20006. The deposition shall be before a notary public or some other person authorized by law to administer oaths, and shall be recorded by sound, sound-and-visual, or stenographic means for the purposes of discovery, for use as evidence at trial, and for all such purposes as may be appropriate.

Respectfully Submitted,
By Counsel

R. Scott Oswald
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
blowinger@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh-Cooke's Revised Notice to Take Deposition of Bob Macintosh Pursuant to RCFC Rule 30, was served via e-mail and first class mail this 19th day of June, 2007, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

Brian M. Lowinger