IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MARJORIE MURTAGH COOKE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-748C<br>Judge Thomas C. Wheeler |

PLAINTIFF MAJORIE MURTAGH-COOKE'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES OF AMERICA

These Interrogatories are served pursuant to Rule 33 of the Federal Rules of Civil Procedure. You are requested to make answer within thirty (30) from the date of the scheduling order.

Answer each Interrogatory separately, in writing and under oath. In answering the interrogatories, please furnish all information available to you, including information possessed by any agent, employee, or attorney representing you.

## Definitions

For the purposes of these Interrogatories, the terms used herein shall have the following meanings unless the context requires otherwise:

a. "You," "Your," "Defendant," or "NTSB" means Defendant United States Government, National Transportation Safety Board ("NTSB"), and all other persons acting on behalf of Defendant.

b. "Murtagh-Cooke," or "Plaintiff" means Plaintiff Marjorie Murtagh-Cooke.

c. "Report" means any formal or informal reports resulting in investigation or disciplinary action by the Defendant regarding its employees.

d. "Report" means the written, oral, formal or informal communication by aggrieved individuals who contact the Defendant to notify it of sexual discrimination or for unequal pay for similarly situated employees, or any form of adverse action related to reporting sexual discrimination, or any other type of grievance.

d. "Communication" means all oral conversations, discussions, e-mail, letters, telegrams, voicemail, facsimile, instant messages, memoranda, and any other transmission of information in any other form, both oral and written.

e. "Documents" mean all written, typed or printed matter and electronically stored information or other records or documentation of any kind or description (including, without limitations, letters, correspondence, telegrams, memoranda, notes, records, electronic mail, instant messages, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, microfilm, bulletins, circulars, pamphlets, photographs, artist's renderings, invoices, tape recordings, computer printouts and worksheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature in your actual or constructive possession, custody or control, including those in the possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you.

f. "File" means any collections or group of documents maintained, held, stored or used together, including, without limitations, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

g. "Person" or "persons" mean all entities associated with you, including without limitation, all predecessors in interest, individuals, associates, groups, organizations, joint ventures, corporations, trusts, estates, partnerships and public agencies.

h. "Relating to" and "relate to" mean, without limitation embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

i. The words "describe" and "identify" when referring to a person are defined to require that you set forth the following information:

(1.) Full Name;
(2.) Present or last known residential address;

(3.) Present or last known telephone number;
(4.) Present occupation, job title, employer, and employer's address;
(5.) Occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and
(6.) In the case of any person other than an individual, identification of the officer, employee or agent most closely connected with the subject matter of that Interrogatory and of the officer who is responsible for supervising that officer or employee with regard to the subject matter of that Interrogatory.

j. The words "describe" and "identify" when referring to a document are defined to require that you set forth the following information:

(1.) The nature (e.g., letter, handwritten note) of the document;
(2.) The title or heading that appears on the document;
(3.) The date of the document and the date of each addendum, supplement or other addition or change;
(4.) Identification of the author and of the signer thereof, and of the person on whose behalf or at whose request or direction the document was prepared or delivered;
(5.) Identification of the addressee or recipient thereof, if any; and
(6.) The present locations of the document, and the name, address, position or title, and telephone number of the person or persons having custody.

k. The words "describe" and "identify" when referring to an event, occurrence, act, transaction or conversation are defined to require that you set forth the following information:

(1.) The date and place of such event;
(2.) The persons involved; and
(3.) Description of the event.

l. The words "supervisor" and "supervisory" refer to persons within Defendant's management hierarchy who were considered by the Defendant to be or have been Plaintiff's superior. This includes any individual from whom Plaintiff received direction or, guidance or, instruction or to whom Plaintiff reported her activities for evaluation, and those who were authorized by the Defendant to formally evaluate the quality of Plaintiff's performance, to recommend or decide questions of promotion, payment of bonuses, increases or decreases in compensation, and changes in job duties and responsibilities.

m. "Director" and "directors" refer to persons within Defendant's management hierarchy who were considered by the Defendant to be or

have been a comparable colleague of Plaintiff. This includes any individual who performed equal work compared to the Plaintiff and who required equal skill, effort, and responsibility, and whose work is performed under similar conditions.

n. The words "job description:" when referring to a job or position require that for each such description, in addition to an itemization of job duties, include any exceptional authority granted to the position and/or exercised by the person occupying the position, the level of supervisory authority he/she exercised, the rate of pay, the authority he/she had to hire, fire, or promote, or otherwise affect the terms and conditions of other employees including the Plaintiff, and the offices over which he/she had supervisory responsibility.

o. The word "compensation" shall mean base salary, bonus scheduled or unscheduled, incentive payments, retirement package, deferred compensation, money market or other saving or investment vehicles offered by Defendant, whether or not Defendant contributed to such offerings, or any other forms and methods of remuneration employed by the Defendant.

Where necessary, the above information shall be supplemented in sufficient detail to allow a determination that such document, when produced, is in fact the document so described.

**Instructions**

1. Separately answer each part of each Interrogatory.

2. For each document or other requested information asserted to be privileged or otherwise excludable from discovery, identify that document or other requested information. State the specific basis for such claim of privilege or other ground for exclusion. For each such document, state the date of the document, the name, job title and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title and address of the person now in possession of the document; and, a description of the subject matter of the document.

3. For any requested document no longer in existence, or which cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or the fact concerning such document's nonexistence or loss.

4. Whenever you are requested to give specific information, such as a date or figure, and you cannot give the exact information, state that you cannot give the exact information and give your best estimate thereof.

5. In response to each interrogatory, identify each person who participated in the preparation of the response, including without limitation, all persons who drafted proposed or actual responses or who provided information or documents to be used in the preparation of responses, and identify and describe each file and each document consulted or referred to in the preparation of the answer.

6. Unless otherwise specified, each Interrogatory requires a continuing response, and you are requested to reasonably and promptly supplement or amend your responses to these Interrogatories based upon any and all information and documents obtained after filing such responses.

7. Capitalization or non-capitalization of defined terms is irrelevant.

8. The term "and" and the term "or" shall be construed either conjunctively or disjunctively, whichever shall render the discovery request more inclusive.

9. If you believe that any discovery request is overly broad or unduly vague you are instructed to respond to the discovery request and to indicate the limitation you have given to it and any definition you have given to obviate your objection.

10. References to masculine, feminine, or neutral gender shall be construed as either masculine, feminine, or neutral so as to render the discovery request meaningful.

11. Terms that are singular shall be construed as plural and terms that are plural shall be considered singular so as to render each discovery request as inclusive as possible.

12. The term "all" shall mean any and all or each and every, and shall be construed to render the discovery request as inclusive as possible.

## INTERROGATORIES

1. Identify the person or persons answering or aiding in answering these Interrogatories.

2. Identify persons who have knowledge of Plaintiff's job performance, your practices regarding job evaluation, promotion, and discharges; meetings, conferences, or discussions where Murtagh-Cooke's interest in the 2004 opening

for the Director of the Office of Marine Safety position, and her desire to apply for that position were discussed; and the compensation, including fringe benefits, received by Murtagh-Cooke from 1994 through the present.

3. Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person.

4. Describe the basis for any contention by you that the jobs performed by Murtagh-Cooke and Bob Chipkevich the Director of the Office of Railroad, Pipeline and Hazardous Materials Safety ("ORPH"), during their mutual employment, did not involve substantially equal skill, equal effort, equal responsibility, and were not performed under similar working conditions.

5. Describe the basis for any contention by you that the jobs performed by Joe Osterman, the Director of the Office of Highway Safety ("OHS"), during their mutual employment, did not involve substantially equal skill, equal effort, equal responsibility, and were not performed under similar working conditions.

6. Describe the basis for any contention by you that the jobs performed by Bob Magladry, the Director of OHS did not involve substantially equal skill, equal effort, equal responsibility as the work performed by Ms. Murtagh-Cooke, and were not performed under similar working conditions as those by Ms. Murtagh Cooke.

7. Describe the basis for any contention by you that the jobs performed by male employees with SL status did not involve substantially equal skill, equal effort, equal responsibility as the work performed by Ms. Murtagh-Cooke, and were not performed under similar working conditions as those by Ms. Murtagh-Cooke.

8. Describe the basis for any contention by you that the jobs performed by John Spencer, the successor to Ms. Murtagh-Cooke and the Director of OMS did not involve substantially equal skill, equal effort, equal responsibility as the work performed by Ms. Murtagh-Cooke, and were not performed under similar working conditions as those by Ms. Murtagh-Cooke.

9. Identify persons who have knowledge of Plaintiff's job performance, your practices regarding job evaluation, promotion, and discharges; meetings, conferences, or discussions where Murtagh-Cooke's interest in the 2004 opening for the Director of the Office of Marine Safety position, and her desire to apply for that position were discussed; and the compensation, including fringe benefits, received by Murtagh-Cooke from 1994 through the present.

10. Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support

a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person.

11. Describe Murtagh-Cooke's compensation arrangement, including but not limited to her salary, bonuses, health and dental benefit plan eligibility, retirement package, and any other employee benefits.

12. Describe the compensation arrangement, including but not limited to SES status, salary, bonuses, health and dental benefit plan eligibility, retirement package, and any other employee benefits of the Director of the Office of Highway Safety, the Director of Office of Railroad Safety, the Director of the Office of Pipelines and Hazardous Materials Safety, the Director of Aviation Safety, and other directors from 1997 to the present. Include if and when these compensation arrangements were changed.

13. Identify all of the NTSB positions that were granted SES status from 1997 to the present, if the positions became vacant due to that position acquiring SES status, if individuals who already held these positions had to re-apply and be re-interviewed for the position and identify which of these positions were identified as internal openings.

14. Describe the minimum work performed, skill, effort, responsibility and qualifications for the position of the Director of the Office of Marine Safety when that position was initially advertised in 2004 and filled in 2005 and after the position was filled.

15. For each director position, other than the Director of the Office of Marine Safety provide a job description, including the current minimum work performed, skill, effort, responsibility, and qualifications for the position of the director, and indicate whether, and how, those qualifications may have changed since 1997 to the present, and when those qualifications changed.

16. Identify all female employees who applied or attempted to apply for promotion or pay raise for any director position or any position identified as having SES status from 1997 to the present.

17. Identify all female employees who applied or attempted to apply for promotion or pay raise for any position identified as having SL status from 1997 to the present.

18. For any requested document no longer in existence, or which cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or the fact concerning such document's nonexistence or loss.

19. Identify any and all policies on creating and maintaining data backups performed on all computer systems currently or previously in use. Identify the following:

    a. All procedures and devices used to back up the software and the data, including but not limited to name(s) of backup software used, the frequency of the backup process, and type of tape backup drives, including name and version number, type of media (i.e. DLT, 4mm, 8mm, AIT). State the capacity (bytes) and total amount of information (gigabytes) stored on each tape.
    b. Describe the tape or backup rotation and explain how backup data is maintained and state whether the backups are full or incremental including all rotation schedules.
    c. State whether backup storage media is kept off-site or on-site. Include the location of such backup and a description of the process for archiving and retrieving on-site media.
    d. The individual(s) who conducts the backup and the individual who supervises this process.
    e. Provide a detailed list of all backup sets, regardless of the magnetic media on which they reside, showing current location, custodian, date of backup, a description of backup content and a full inventory of all archives.
    f. Identify all extra-routine backups applicable for any servers identified in response to these interrogatories, such as quarterly archival backup, yearly backup, etc. and identify the current location of any such backups.

20. Describe the basis for any denial by you in response to Plaintiff's First Set of Admissions.

Marjorie Murtagh Cooke
By Counsel

R. Scott Oswald, D.C. Bar #458859
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh-Cooke's First Requests for Production of Documents to Defendant United States of America, was served via electronic mail and U.S. mail, postage pre-paid this 6th day of March, 2007 upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

Brian M. Lowinger

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** | ) |
| **Plaintiff,** | ) |
| v. | ) **Case No. 06-748C** |
| | ) **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

**PLAINTIFF MAJORIE MURTAGH-COOKE'S SECOND SET OF INTERROGATORIES TO DEFENDANT UNITED STATES OF AMERICA**

These Interrogatories are served pursuant to Rule 33 of the Rules of the Court of Federal Claims. You are requested to make answer within thirty (30) from the date of service.

Answer each Interrogatory separately, in writing and under oath. In answering the interrogatories, please furnish all information available to you, including information possessed by any agent, employee, or attorney representing you.

**Definitions**

For the purposes of these Interrogatories, the terms used herein shall have the following meanings unless the context requires otherwise:

a. "You," "Your," "Defendant," or "NTSB" means Defendant United States Government, National Transportation Safety Board ("NTSB"), and all other persons acting on behalf of Defendant.

b. "Murtagh Cooke," or "Plaintiff" means Plaintiff Marjorie Murtagh Cooke.

c. "Communication" means all oral conversations, discussions, e-mail, letters, telegrams, voicemail, facsimile, instant messages, memoranda, and

any other transmission of information in any other form, both oral and written.

d. "Documents" mean all written, typed or printed matter and electronically stored information in its native format or other records or documentation of any kind or description (including, without limitations, letters, correspondence, telegrams, memoranda, notes, records, electronic mail or "e-mail" and instant messages in its native format, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, microfilm, bulletins, circulars, pamphlets, photographs, artist's renderings, invoices, tape recordings, computer printouts and worksheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature in your actual or constructive possession, custody or control, including those in the possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you.

e. "File" means any collections or group of documents maintained, held, stored or used together, including, without limitations, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

f. "Person" or "persons" mean all entities associated with you, including without limitation, all predecessors in interest, individuals, associates, groups, organizations, joint ventures, corporations, trusts, estates, partnerships and public agencies.

g. "Relating to" and "relate to" mean, without limitation embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

h. The words "describe" and "identify" when referring to a person are defined to require that you set forth the following information:

(1.) Full Name;
(2.) Present or last known residential address;
(3.) Present or last known telephone number;
(4.) Present occupation, job title, employer, and employer's address;
(5.) Occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and
(6.) In the case of any person other than an individual, identification of the officer, employee or agent most closely connected with the

subject matter of that Interrogatory and of the officer who is responsible for supervising that officer or employee with regard to the subject matter of that Interrogatory.

i. The words "describe" and "identify" when referring to a document are defined to require that you set forth the following information:

(1.) The nature (e.g., letter, handwritten note) of the document;
(2.) The title or heading that appears on the document;
(3.) The date of the document and the date of each addendum, supplement or other addition or change;
(4.) Identification of the author and of the signer(s) thereof, and of the person(s) on whose behalf or at whose request or direction the document was prepared or delivered;
(5.) Identification of the addressee(s) or recipient(s) thereof, if any; and
(6.) The present locations of the document, and the name, address, position or title, and telephone number of the person or persons having custody.

j. The words "describe" and "identify" when referring to an event, occurrence, act, transaction or conversation are defined to require that you set forth the following information:

(1.) The date and place of such event;
(2.) The persons involved; and
(3.) Description of the event.

k. "Director" and "directors" refer to persons within Defendant's management hierarchy who were considered by the Defendant to be the senior manager of a modal accident investigation office, i.e., the Office of Highway Safety, the Office of Aviation Safety, the Office of Marine Safety, and the Office of Rail, Pipeline and Hazardous Materials.

l. The words "job description" when referring to a job or position require that for each such description, in addition to an itemization of job duties, include any exceptional authority granted to the position and/or exercised by the person occupying the position, the level of supervisory authority he/she exercised, the rate of pay, the authority he/she had to hire, fire, or promote, or otherwise affect the terms and conditions of other employees including the Plaintiff, and the offices over which he/she had supervisory responsibility.

m. The word "compensation" shall mean base salary, retention allowance, monetary award, bonus scheduled or unscheduled, incentive payment, retirement package, deferred compensation, money market or other saving or investment vehicles offered by Defendant, whether or not Defendant

contributed to such offerings, or any other forms and methods of remuneration employed by the Defendant.

n. The acronym "OMS" refers to the Office of Marine Safety.

o. The acronym "OAS" refers to the Office of Aviation Safety.

p. The acronym "OHS" refers to the Office of Highway Safety.

q. The acronym "ORPH" refers to the Office of Rail, Pipeline, and Hazardous Materials.

r. The acronym "NTSB" refers to the National Safety Transportation Board.

s. The acronym "SES" refers to the Senior Executive Service as defined by the federal government's Office Of Personnel Management (OPM).

u. The acronym "SL" refers to the Senior Level Positions as defined by the federal government's Office Of Personnel Management (OPM).

Where necessary, the above information shall be supplemented in sufficient detail to allow a determination that such document, when produced, is in fact the document so described.

## Instructions

1. Separately answer each part of each Interrogatory.

2. For each document or other requested information asserted to be privileged or otherwise excludable from discovery, identify that document or other requested information. State the specific basis for such claim of privilege or other ground for exclusion. For each such document, state the date of the document, the name, job title and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title and address of the person now in possession of the document; and, a description of the subject matter of the document.

3. For any requested document no longer in existence, or which cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or

loss and each document evidencing its prior existence and/or the fact concerning such document's nonexistence or loss.

4. Whenever you are requested to give specific information, such as a date or figure, and you cannot give the exact information, state that you cannot give the exact information and give your best estimate thereof.

5. In response to each interrogatory, identify each person who participated in the preparation of the response, including without limitation, all persons who drafted proposed or actual responses or who provided information or documents to be used in the preparation of responses, and identify and describe each file and each document consulted or referred to in the preparation of the answer.

6. Unless otherwise specified, each Interrogatory requires a continuing response, and you are requested to reasonably and promptly supplement or amend your responses to these Interrogatories based upon any and all information and documents obtained after filing such responses.

7. Capitalization or non-capitalization of defined terms is irrelevant.

8. The term "and" and the term "or" shall be construed either conjunctively or disjunctively, whichever shall render the discovery request more inclusive.

9. If you believe that any discovery request is overly broad or unduly vague you are instructed to respond to the discovery request and to indicate the limitation you have given to it and any definition you have given to obviate your objection.

10. References to masculine, feminine, or neutral gender shall be construed as either masculine, feminine, or neutral so as to render the discovery request meaningful.

11. Terms that are singular shall be construed as plural and terms that are plural shall be considered singular so as to render each discovery request as inclusive as possible.

12. The term "all" shall mean any and all or each and every, and shall be construed to render the discovery request as inclusive as possible.

## INTERROGATORIES

1. Identify any and all sources of compensation that were available to compensate a GS-15 level employee of NTSB between January 1, 2000 and December 31, 2005.

2. Describe all compensation paid to the Directors, Tom Haueter, and Bob MacIntosh between January 1, 2000 and December 31, 2005.

Marjorie Murtagh Cooke
By Counsel

R. Scott Oswald
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh Cooke's Second Interrogatories to Defendant United States of America, was served hand delivery this 1st day of October, 2007 upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch, Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

Brian M. Lowinger

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MARJORIE MURTAGH COOKE,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No. 06-748C<br>Judge Thomas C. Wheeler |

**PLAINTIFF MARJORIE MURTAGH-COOKE'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UNITED STATES OF AMERICA**

Plaintiff Marjorie Murtagh-Cooke, by and through Counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests that the Defendant Mark Rosenker, Acting Chairman National Transportation Safety Board, produce the documents described below at The Employment Law Group, PC, 888 17th Street, NW, Suite 900, Washington, D.C. 20006, within thirty (30) days after the Fed. R. Civ. P. 26(f) Conference of the Parties. The time frame in question, unless stated specifically, is for the period of the three years predating the filing of this lawsuit to the present date.

**Definitions**

For the purposes of these Document Requests, the terms used herein shall have the following meanings unless the context requires otherwise:

1. "You," "your," "Defendant," or "NTSB" means Defendant Mark Rosenker, Acting Chairman, National Transportation Safety Board and all other persons acting on behalf of Defendant.

2. "Murtagh-Cooke" or "Plaintiff" means Plaintiff Marjorie Murtagh-Cooke.

3. "Complaint" means any formal or informal reports resulting in investigation or disciplinary action by the Defendant regarding its employees.

4. "Report" means the written, oral, formal or informal communication by aggrieved individuals who contact the Defendant to notify you of discrimination or any other type of grievance.

5. "Communication" means all oral conversations, discussions, e-mail and/or "IM" messages, letters, telegrams, memoranda, and any other transmission of information in any other form, both oral and written.

6. "Documents" mean all written, typed or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitations, letters, correspondence, telegrams, memoranda, notes, records, electronic mail, IM messages, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, microfilm, bulletins, circulars, pamphlets, photographs, artist's renderings, invoices, tape recordings, computer printouts and worksheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature in your actual or constructive possession, custody or control, including those in the possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you.

7. "File" or "files" mean any collection or group of documents maintained, held, stored or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

8. "Person" means all entities, including without limitation, all your predecessors in interest, individuals, associates, groups, organizations, joint ventures, corporations, trusts, estates, partnerships and public agencies.

9. "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the Document Request.

10. "Employee" and "employ" refer to Plaintiff, and, when the context requires, any other person who performs or performed work for you.

11. The words "supervisor" and "supervisory" shall mean persons within the NTSB's management hierarchy who were considered by the NTSB to be or have been superior to Murtagh-Cooke. This includes any individual from whom Murtagh-Cooke received direction, guidance, instruction, or to whom Murtagh-Cooke reported her activities for evaluation, as well as those who were authorized by the NTSB to formally evaluate

the quality of Murtagh-Cooke's performance, to recommend or decide questions of promotion, payment of bonuses, increases or decreases in compensation, and changes in job duties and responsibilities.

12. "Director" and "directors" refer to persons within Defendant's management hierarchy who were considered by the Defendant to be or have been a comparable colleague of Plaintiff. This includes any individual who performed equal work compared to the Plaintiff and who required equal skill, effort, and responsibility, and whose work is performed under similar conditions.

13. The words "compensation" shall mean base salary, bonus, scheduled or unscheduled, incentive payments, retirement package, deferred compensation, money market or other saving or investment vehicles offered by the NTSB, whether or not the NTSB contributed to such offerings, or any other forms and methods of remuneration employed by the NTSB.

14. "Job description:" for each such description, in addition to an itemization of job duties, include the level of supervisory authority he/she exercised, the rate of pay, the authority he/she had to hire, fire, or promote, or otherwise affect the terms and conditions of other employees including the Plaintiffs, and the offices over which he/she had supervisory responsibility.

15. To the extent a privilege is claimed with respect to any document covered by this Request for Production of Documents, Defendant is requested to state, with respect to such document, the following as applicable:

    a. The author of such document;
    b. To whom such document is addressed;
    c. The date upon which such document was prepared;
    d. The title or heading of such document;
    e. The type of document (e.g., hand-written note, memorandum, tape recording, journal, desk calendar, books of account, etc.);
    f. Any other information that might be necessary to describe such document sufficiently for a designation thereof;
    g. The present location and custodian of such document; and
    h. The grounds for claiming privilege.

**Instructions**

1. For each Document or other requested information asserted to be privileged or otherwise excludable from discovery, identify that document or other requested information. State the specific basis for such claim of privilege or other ground for exclusion. For each such Document, state the date of the document, the name, job title and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job

title and address of the person now in possession of the Document; and, a description of the subject matter of the document.

2. For any requested Document no longer in existence, or which cannot be located, identify the Document, state how and when it passed out of existence, or when it could no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each Document evidencing its prior existence and/or the fact concerning such Document's nonexistence or loss.

3. Unless otherwise specified, each Document Request requires a continuing response, and you are requested to supplement reasonably or amend your responses to these Document Requests based upon any and all information and documents obtained after filing such responses.

4. The singular of any defined term includes the plural, and the masculine gender includes the feminine and neuter.

5. The terms "and" and "or" and "and/or" shall be construed either conjunctively or disjunctively as required to bring within the ambit of these Document Requests that which might be excluded by an alternative construction.

6. These requests are directed at all Documents within the possession, custody or control of Defendant, and also include Documents within the possession, custody, or control of agents, persons, or entities in privity with the Defendant, including past and/or present attorneys.

**Requests for Production of Documents**

Please produce the following:

1. All documents related to a claim by you that the jobs performed by Murtagh-Cooke and Bob Chipkevich the Director of the Office of Railroad, Pipeline and Hazardous Materials Safety ("ORPH"), during their mutual employment, did not involve substantially equal skill, equal effort, equal responsibility, and were not performed under similar working conditions.

2. All documents related to a claim by you that the jobs performed by Joe Osterman, the Director of the Office of Highway Safety ("OHS"), during their mutual employment, did not involve substantially equal skill, equal effort, equal responsibility, and were not performed under similar working conditions.

3. All documents related to a claim by you that the jobs performed by Bob Magladry, the Director of OHS did not involve substantially equal skill, equal effort, equal responsibility as the work performed by Ms. Murtagh-Cooke, and

were not performed under similar working conditions as those by Ms. Murtagh-Cooke.

4. All documents related to a claim by you that the jobs performed by John Spencer, the successor to Ms. Murtagh-Cooke and the Director of OMS did not involve substantially equal skill, equal effort, equal responsibility as the work performed by Ms. Murtagh-Cooke, and were not performed under similar working conditions as those by Ms. Murtagh-Cooke.

5. All documents related to a claim by you that the jobs performed by employees awarded SL status did not involve substantially equal skill, equal effort, equal responsibility as the work performed by Ms. Murtagh-Cooke, and were not performed under similar working conditions as those by Ms. Murtagh-Cooke.

6. All documents which the defendant contends support the defenses asserted in the defendant's answer or that relate to any claims asserted by the defendant.

7. Documents that would tend to support or refute any of Defendant's Affirmative Defenses.

8. Documents that would tend to support or refute any of Defendant's denials contained in Defendant's Answer or responses to Plaintiff's Requests for Admissions.

9. All Documents that would tend to support or refute any of Defendant's denials contained in Defendant's responses to Plaintiff's Requests for Admissions.

10. All documents and communications used, referenced, referred to, relating to or described in responding to Plaintiff's Interrogatories, if not previously produced.

11. All documents which relate to, pertain to or disclose any information about the Plaintiff's terms conditions and privileges of employment, including but not limited to Plaintiff's Employment File.

12. All documents which relate to, pertain to or disclose any information about any policies, procedures or protocols you have in place to guarantee your compliance with, and to protect employee rights protected under the Equal Pay Act (EPA) 29 U.S.C. §§ 206-215(1996) *et. seq.*

13. All documents which relate to, pertain to or disclose any information about the compensation Defendant paid to Plaintiff from 1994 to the present, including, but not limited to, salary bonuses, retirement package, and any other employment benefits.

14. All documents which relate to Plaintiff's assessment reviews and/or evaluations from 1997 to the present, including but not limited to all documents and written notes acquired during feedback interviews with Plaintiff's colleagues, and final assessments provided to the employee after each formal review period.

15. All documents which relate to, pertain to or disclose any information about NTSB's employees' or independent entities' reports dealing with Equal Pay Act violations or conduct of similar nature to that which is described in Plaintiff's Amended Complaint, whether substantiated or unsubstantiated, that any employee, including the Plaintiff, made with Defendant, or any administrative or judicial body, either orally or in writing, in the last five (5) years.

16. All documents which relate to, pertain to or disclose any information about any or all reports or information or communication that you have received about discrimination or conduct of similar nature to the Equal Pay Act violations that are described in Plaintiff's Amended Complaint, from employees or others, both while Plaintiff was in Defendant's employ and before she was in Defendant's employ.

17. All documents which relate to, pertain to, allege, aver, report, complain of or disclose any information about the investigation, if any, which resulted from each and every complaint, either formal or informal, of Equal Pay Act or discrimination violations, made by Plaintiff against Defendant.

18. All documents which relate to, pertain to or disclose any information about the organizational structure of Defendant.

19. All internally generated or externally prepared documents from 1997 to present produced by NTSB and/or contracted for with public funds regarding NTSB management operations, organization, and/or efficiency, including those describing pay and compensation for employees.

20. All documents which relate to, pertain to or disclose any information about the means, methods, procedures, and policies regarding document and data retention and control.

21. All documents which relate to, pertain to or disclose any information about the means, methods, procedures, and policies regarding NTSB's salary and bonuses allocation to NTSB supervisors, officers, and employees, the allocation of SES status or granting supervisors, officers, and employees SES status, and the allocation of SL status or granting supervisors, officers and employees SL status.

22. All resumes received by the NTSB from internal and external applicants for the Director of the Office of Marine Safety from when the position was advertised in 2004 through when the position was filled in 2005.

23. All documents related to John Spencer' employment with NTSB, including his personnel file, and documents related to his interview for the position of Director of the Office of Marine Safety.

24. All documents which relate to, pertain to or disclose any information about the means, methods, procedures and policies used to evaluate the internal and external applicants for the Director of the Office of Marine Safety position when it was advertised in 2004 through when the position was filled in 2005.

25. All resumes received by the NTSB from internal and external applicants for any director position within the NTSB since 1997.

26. All documents that describe Defendant's hiring protocols for the position of Director of Office of Marine Safety.

27. All resumes received by the NTSB from internal and external applicants for any deputy director position within the NTSB since 1997.

28. All resumes received by the NTSB from internal and external applicants for any SL position within the NTSB since 1997.

29. All e-mails or other documents in which NTSB supervisors, officers or employees discussed or referred to the performance of Murtagh-Cooke subsequent to her April 2004 meeting with Chairman Engleman Conners.

30. All e-mails or other documents in which NTSB supervisors, officers or employees discussed or referred to Murtagh-Cooke's employee evaluations from 1997 to the present, including any discussion of or reference to the salary increases, bonuses or SES status awarded to Murtagh-Cooke in connection with the period covered by that evaluation.

31. Documents relevant to the hiring of any Assistant-Directors, Deputy Directors or Directors from 1995 to the present, including but not limited to documents relevant to the circumstances under which Assistant-Directors, Deputy Directors, and Directors were selected for Senior Executive Service Positions.

32. Documents relevant to the hiring of any SL positions from 1995 to the present, including but not limited to documents relevant to the circumstances under which employees were selected for SL Positions.

33. The personnel file of each employee who is or was in a position listed as SL status from 1995 to the present.

34. All documents which you intend to introduce into evidence at the trial of this case or may be used to refresh the recollections of witnesses at depositions or trial.

35. All documents containing statistical data relied on by the defendant.

36. All documents which in any way pertain to all of the NTSB policies on creating and maintaining data backups performed on all computer systems currently or previously in use, including the following:

a. The procedures and devices used to back up the software and the data, including but not limited to name(s) of backup software used, the frequency of the backup process, and type of tape backup drives, including name and version number, type of media (i.e. DLT, 4mm, 8mm, AIT). State the capacity (bytes) and total amount of information (gigabytes) stored on each tape.
b. The tape or backup rotation and how backup data is maintained and whether the backups are full or incremental including all rotation schedules.
c. The location of where storage media is kept, i.e., off-site or on-site, or both. Include the location of such backup and a description of the process for archiving and retrieving the media.
d. The individual(s) who conducts the backup and the individual who supervises this process.
e. All backup sets, regardless of the magnetic media on which they reside, showing current location, custodian, date of backup, a description of backup content and a full inventory of all archives.
f. All extra-routine backups applicable for any servers identified in response to these interrogatories, such as quarterly archival backup, yearly backup, etc. and identify the current location of any such backups.

37. All other relevant documents in the possession of the defendant that pertain to this legal action and that are not described above.

Marjorie Murtagh Cooke
By Counsel

R. Scott Oswald, D.C. Bar #458859
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh-Cooke's First Requests for Production of Documents to Defendant United States of America, was served via electronic mail and U.S. mail, postage pre-paid this 6th day of March, 2007 upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

Brian M. Lowinger

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MARJORIE MURTAGH COOKE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-748C<br>Judge Thomas C. Wheeler |

**PLAINTIFF MARJORIE MURTAGH-COOKE'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UNITED STATES OF AMERICA**

Plaintiff Marjorie Murtagh-Cooke, by and through Counsel and pursuant to Rule 34 of the Rules of the Court of Federal Claims, hereby requests that the Defendant United States of America, produce the documents described below at The Employment Law Group, PC, 888 17th Street, NW, Suite 900, Washington, D.C. 20006, within thirty (30) days after service. The time frame in question, unless stated specifically, is for the period of the three years predating the filing of this lawsuit to the present date.

**Definitions**

For the purposes of these Document Requests, the terms used herein shall have the following meanings unless the context requires otherwise:

1. "You," "your," "Defendant," means Defendant United States of America, acting on behalf of National Transportation Safety Board ("NTSB") and all other persons acting on behalf of Defendant.

2. "Murtagh-Cooke" or "Plaintiff" means Plaintiff Marjorie Murtagh-Cooke.

3. "Communication" means all oral conversations, discussions, e-mail and/or "IM" messages, letters, telegrams, memoranda, recordings, voicemail, electronically stored

information, and any other transmission of information in any other form, both oral and written.

4. "Documents" mean all written, typed or printed matter, electronically stored information, and all magnetic or other records, or documentation of any kind or description (including, without limitations, letters, correspondence, telegrams, memoranda, notes, records, electronic mail, e-mail, IM messages, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, microfilm, bulletins, circulars, pamphlets, photographs, artist's renderings, invoices, tape recordings, computer printouts and worksheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature in your actual or constructive possession, custody or control, including those in the possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you.

5. "File" or "files" mean any collection or group of documents maintained, held, stored or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, electronically stored information, or other devices for separating or organizing documents.

6. "Person" means all entities, including without limitation, all your predecessors in interest, individuals, associates, groups, organizations, joint ventures, corporations, trusts, estates, partnerships, and public agencies.

7. "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the Document Request.

8. "Employee" and "employ" refer to Plaintiff, and, when the context requires, any other person who performs or performed work for you.

9. The words "supervisor" and "supervisory" shall mean persons within the NTSB's management hierarchy who were considered by the NTSB to be or have been superior to Murtagh-Cooke. This includes any individual from whom Murtagh-Cooke received direction, guidance, instruction, or to whom Murtagh-Cooke reported her activities for evaluation, as well as those who were authorized by the NTSB to formally evaluate the quality of Murtagh-Cooke's performance, to recommend or decide questions of promotion, payment of bonuses, increases or decreases in compensation, and changes in job duties and responsibilities.

10. "Director" and "directors" refer to persons within Defendant's management hierarchy who were considered by the Defendant to be or have been a comparable colleague of Plaintiff. This includes any individual who performed equal work compared to the

Plaintiff and who required equal skill, effort, and responsibility, and whose work is performed under similar conditions.

11. The word "compensation" shall mean base salary, bonus, scheduled or unscheduled, incentive payments, retirement package, deferred compensation, money market or other saving or investment vehicles offered by the NTSB, whether or not the NTSB contributed to such offerings, or any other forms and methods of remuneration employed by the NTSB.

12. The words "job description" shall mean, in addition to an itemization of job duties, effort, skill, education, and work conditions, the level of supervisory authority he/she exercised, the rate of pay, the authority he/she had to hire, fire, or promote, or otherwise affect the terms and conditions of other employees including Plaintiff, and the offices over which he/she had supervisory responsibility.

13. The words "weekly report" shall mean each document and/or communication submitted by each Director of a modal office, i.e., the Office Aviation Safety, Office of Marine Safety, Office of Highway Safety, and the Office of Railroad, Pipeline and Hazardous Materials Safety, or his or her designated agent, to the Chairman of NTSB, or his/her designated agent, for the purpose of providing information about the respective modal office's then past, current, and future projects.

14. To the extent a privilege is claimed with respect to any document covered by this Request for Production of Documents, Defendant is requested to state, with respect to such document, the following as applicable:

a. The author of such document;
b. To whom such document is addressed;
c. The date upon which such document was prepared;
d. The title or heading of such document;
e. The type of document (e.g., hand-written note, memorandum, tape recording, journal, desk calendar, books of account, etc.);
f. Any other information that might be necessary to describe such document sufficiently for a designation thereof;
g. The present location and custodian of such document; and
h. The grounds for claiming privilege.

## Instructions

1. For each Document or other requested information asserted to be privileged or otherwise excludable from discovery, identify that document or other requested information. State the specific basis for such claim of privilege or other ground for exclusion. For each such Document, state the date of the Document, the name, job title and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title and address of the person now in possession of the Document; and, a description of the subject matter of the Document.

2. For any requested Document no longer in existence, or which cannot be located, identify the Document, state how and when it passed out of existence, or when it could no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each Document evidencing its prior existence and/or the fact concerning such Document's nonexistence or loss.

3. Unless otherwise specified, each Document Request requires a continuing response, and you are requested to supplement reasonably or amend your responses to these Document Requests based upon any and all information and documents obtained after filing such responses.

4. The singular of any defined term includes the plural, and the masculine gender includes the feminine and neuter.

5. The terms "and" and "or" and "and/or" shall be construed either conjunctively or disjunctively as required to bring within the ambit of these Document Requests that which might be excluded by an alternative construction.

These requests are directed at all Documents within the possession, custody or control of Defendant, and also include Documents within the possession, custody, or control of agents, persons, or entities in privity with the Defendant, including past and/or present attorneys.

## Requests for Production of Documents

Please produce the following:

1. The Office of Personnel file for John Clark, the former Director of the Office of Aviation Safety ("OAS"), including, but not limited to all documents relating to performance evaluations and compensation.

2. The employee performance folder for John Clark, the former Director of OAS, including, but not limited to all documents relating to performance evaluations and compensation.

3. The Office of Personnel file for Joe Osterman, the former Director of the Office of Highway Safety ("OHS"), including, but not limited to all documents relating to performance evaluations and compensation.

4. The employee performance folder for Joe Osterman, the former Director of OHS, including, but not limited to all documents relating to performance evaluations and compensation.

5. The Office of Personnel file for Bruce Magladry, the current Director of OHS including, but not limited to all documents relating to performance evaluations and compensation.

6. The employee performance folder for Bruce Magladry, the current Director of OHS, including, but not limited to all documents relating to performance evaluations and compensation.

7. The Office of Personnel file for Bob Chipkevich, the former Director of the Office of Railroad, Pipeline and Hazardous Materials Safety ("ORPH") including, but not limited to all documents relating to performance evaluations and compensation.

8. The employee performance folder for Bob Chipkevich, the former Director of ORPH, including, but not limited to all documents relating to performance evaluations and compensation.

9. The Office of Personnel file for Thomas E. Haueter, the former deputy Director of OAS including, but not limited to all documents relating to performance evaluations and compensation.

10. The employee performance folder for Thomas E. Haueter, the former deputy Director of OAS including, but not limited to all documents relating to performance evaluations and compensation.

11. The Office of Personnel file for Bob Macintosh, the former deputy Director of OAS including, but not limited to all documents relating to performance evaluations and compensation.

12. The employee performance folder for Bob Macintosh, the former deputy Director of OAS including, but not limited to all documents relating to performance evaluations and compensation.

13. The Office of Personnel file for John Spencer, the current Director of the Office of Marine Safety ("OMS") including, but not limited to all documents relating to performance evaluations and compensation.

14. The employee performance folder for John Spencer, the current Director of OMS including, but not limited to all documents relating to performance evaluations and compensation.

15. All documents related to a claim by you that the work performed by John Clark, the former Director of OAS, did not involve substantially equal skill, equal effort, and equal responsibility as the work performed by Ms. Murtagh-Cooke, and was not performed under similar working conditions as the work performed by Ms. Murtagh-Cooke.

16. All documents related to a claim by you that the work performed by Thomas E. Haueter, the former deputy Director of OAS, did not involve substantially equal skill, equal effort, and equal responsibility as the work performed by Ms. Murtagh-Cooke, and the work was not performed under similar working conditions as the work performed by Ms. Murtagh-Cooke.

17. All documents related to a claim by you that the work performed by Bob Macintosh, the former deputy Director of OAS, did not involve substantially equal skill, equal effort, and equal responsibility as the work performed by Ms. Murtagh-Cooke, and the work was not performed under similar working conditions as the work performed by Ms. Murtagh-Cooke.

18. Each weekly report prepared by the Director of the ORPH for the period from April 2000 through June 2005.

19. Each weekly report prepared by the Director of the OHS for the period from April 2000 through June 2005.

20. Each weekly report prepared by the Director of the OAS for the period between from April 2000 through June 2005.

21. Each weekly report prepared by the Director of the OMS for the period between from April 2000 through June 2005.

22. The job description for the position of Director of OHS for each year from 2000 through 2005.

23. The job description for the position of Director of OAS for each year from 2000 through 2005.

24. The job description for each position of deputy Director within OAS for each year from 2000 through 2005.

25. The job description for the position of Director of OMS for each year from 2000 through 2005.

26. The job description for the position of Director of ORPH for each year from 2000 through 2005.

Marjorie Murtagh Cooke
By Counsel

R. Scott Oswald, Esq.
Brian M. Lowinger, Esq.
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
blowinger@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh-Cooke's Second Requests for Production of Documents to Defendant United States of America, was served this 20th day of April, 2007, via courier and electronic mail, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
United States Department of Justice
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

Brian M. Lowinger

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** | ) |
| **Plaintiff,** | ) |
| v. | ) **Case No. 06-748C** |
| | ) **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

**PLAINTIFF MARJORIE MURTAGH COOKE'S THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UNITED STATES OF AMERICA**

Plaintiff Marjorie Murtagh Cooke, by and through Counsel and pursuant to Rule 34 of the Rules of the Court of Federal Claims, hereby requests that the Defendant United States of America, produce the documents described below at The Employment Law Group, PC, 888 17th Street, NW, Suite 900, Washington, D.C. 20006, within thirty (30) days of service.

**Definitions**

For the purposes of these Document Requests, the terms used herein shall have the following meanings unless the context requires otherwise:

1. "You," "your," means Defendant United States Government, National Transportation Safety Board ("NTSB"), and all other persons acting on behalf of Defendant.

2. "Murtagh Cooke" or "Plaintiff" means Plaintiff Marjorie Murtagh Cooke.

3. "Complaint" means any formal or informal reports resulting in investigation or disciplinary action by the Defendant regarding its employees.

4. "Communication" means all oral conversations, discussions, e-mail and/or "IM" messages, letters, telegrams, memoranda, and any other transmission of information in any other form, both oral and written.

5. "Documents" mean all written, typed or printed matter and all magnetic or other records, electronically stored information in its native format with preserved metadata, or documentation of any kind or description (including, without limitations, letters, correspondence, telegrams, memoranda, notes, records, electronic mail or "e-mail" in its native format with preserved metadata, IM messages in its native format with preserved metadata, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, microfilm, bulletins, circulars, pamphlets, photographs, artist's renderings, invoices, tape recordings, computer printouts and worksheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature in your actual or constructive possession, custody or control, including those in the possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you.

6. "Items" means any document related to an investigation including reports of investigation, recommendation letters, "greensheets" as commonly referred to by NTSB, status memos or letters.

7. "File" or "files" mean any collection or group of documents maintained, held, stored or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

8. "Person" means all entities, including without limitation, all your predecessors in interest, individuals, associates, groups, organizations, joint ventures, corporations, trusts, estates, partnerships and public agencies.

9. "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the Document Request.

10. "Employee" and "employ" refer to Plaintiff, and, when the context requires, any other person who performs or performed work for you.

11. The words "supervisor" shall mean persons within the NTSB's management hierarchy who were considered by the NTSB to be or have been superior to Murtagh-Cooke, including any person who was authorized by the NTSB to formally evaluate the quality of Murtagh-Cooke's performance, to recommend or decide questions of promotion, payment of bonuses, increases or decreases in compensation, and changes in job duties and responsibilities.

12. "Director" and "directors" refer to persons within Defendant's management hierarchy who were considered by the Defendant to be or the senior manager of a modal office, i.e., the Office of Highway Safety, the Office of Aviation Safety, the Office of Marine

Safety, and the Office of Rail, Pipeline and Hazardous Materials, as well as the Office of Safety Recommendations, and the Office of Research and Engineering.

13. The word "compensation" shall mean base salary, retention allowance, monetary award, bonus scheduled or unscheduled, incentive payment, retirement package, deferred compensation, money market or other saving or investment vehicles offered by Defendant, whether or not Defendant contributed to such offerings, or any other forms and methods of remuneration employed by the Defendant.

14. "Job description" for each such description, in addition to an itemization of job duties, include the level of supervisory authority he/she exercised, the rate of pay, the authority he/she had to hire, fire, or promote, or otherwise affect the terms and conditions of other employees including the Plaintiffs, and the offices over which he/she had supervisory responsibility.

15. The word "OMS" refers to the Office of Marine Safety.

16. The acronym "OAS" refers to the Office of Aviation Safety.

17. The acronym "OHS" refers to the Office of Highway Safety.

18. The acronym "ORPH" refers to the Office of Rail, Pipeline, and Hazardous Materials.

19. The acronym "NTSB" refers to the National Safety Transportation Board.

20. To the extent a privilege is claimed with respect to any document covered by this Request for Production of Documents, Defendant is requested to state, with respect to such document, the following as applicable:

  a. The author of such document;
  b. To whom such document is addressed;
  c. The date upon which such document was prepared;
  d. The title or heading of such document;
  e. The type of document (e.g., hand-written note, memorandum, tape recording, journal, desk calendar, books of account, etc.);
  f. Any other information that might be necessary to describe such document sufficiently for a designation thereof;
  g. The present location and custodian of such document; and
  h. The grounds for claiming privilege.

**Instructions**

1. For each Document or other requested information asserted to be privileged or otherwise excludable from discovery, identify that document or other requested information. State the specific basis for such claim of privilege or other ground for exclusion. For each such Document, state the date of the document, the name, job

title and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title and address of the person now in possession of the Document; and, a description of the subject matter of the document.

2. For any requested Document no longer in existence, or which cannot be located, identify the Document, state how and when it passed out of existence, or when it could no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each Document evidencing its prior existence and/or the fact concerning such Document's nonexistence or loss.

3. Unless otherwise specified, each Document Request requires a continuing response, and you are requested to supplement reasonably or amend your responses to these Document Requests based upon any and all information and documents obtained after filing such responses.

4. The singular of any defined term includes the plural, and the masculine gender includes the feminine and neuter.

5. The terms "and" and "or" and "and/or" shall be construed either conjunctively or disjunctively as required to bring within the ambit of these Document Requests that which might be excluded by an alternative construction.

6. These requests are directed at all Documents within the possession, custody or control of Defendant, and also include Documents within the possession, custody, or control of agents, persons, or entities in privity with the Defendant, including past and/or present attorneys.

**Requests for Production of Documents**

Please produce the following:

1. The Merit Staffing Plan in effect at NTSB from January 1, 2000 through December 31, 2005.

2. All documents detailing the compensation paid to each Director, Tom Haueter, and Bob MacIntosh NTSB from January 1, 2000 through December 31, 2005.

3. Curriculum vitae or resumes for each Director, Tom Haueter, and Bob MacIntosh.

4. All documents, including e-mails, from Executive Review Board meetings from January 1, 2000 through December 31, 2005.

5. All documents prepared by NTSB's chief financial officer detailing the amount the compensation paid to each Director, Tom Haueter, and Bob MacIntosh from January 1, 2000 through December 31, 2005.

6. All documents, including emails, referring or relating to performance award guidelines in effect at NTSB from January 1, 2000 through December 31, 2005.

7. All notification of personnel actions and supporting documents for the Directors, Thomas Haueter, and Bob MacIntosh beginning in January 1, 2000 through December 31, 2005 that detail the compensation paid to each.

8. Each Board Order pertaining to performance management in effect at NTSB from January 1, 2000 through December 31, 2005.

9. All documents related to the standards and policies for the issuance of a retention allowance.

10. All documents relating to the amounts authorized to be awarded as bonuses to Directors, Tom Haueter, and Bob MacIntosh from January 1, 2000 through December 31, 2005.

11. Each performance evaluation for Plaintiff for her employment with NTSB.

12. Each performance evaluation for each Director, Tom Haueter, and Bob MacIntosh from January 1, 2000 through December 31, 2005.

13. All documents that describe, in addition to annual salary, any and all sources of compensation, that were available to compensate a GS-15 level employee at NTSB from January 1, 2000 and December 31, 2005.

14. All documents related to and including Murtagh Cooke's application for the position of Director of OMS at the SES level in 2004.

15. All documents related to and including John Spencer's application for the position of Director of OMS at the SES level in 2004.

16. All documents related to the first Executive Resources Board Ad Hoc Panel in 2005 that convened to consider the applications for the position of Director of OMS at the SES level.

17. All documents related to the second Executive Resources Board Ad Hoc Panel in 2005 that convened to consider the applications for the position of Director of OMS at the SES level.

18. All items "placed on notation" from January 1, 2000 through May 30, 2005 that were signed by Plaintiff for review by the Board members of NTSB.

19. All accident reports issued by the Office of Marine Safety without separate approval by the Board pursuant to 49 C.F.R. § 800.25(c).

20. All documents, including emails that relate to the placement, assignment, or transfer of an SES slot from January 1, 2000 through December 31, 2005.

21. All documents, including emails, that relate to the placement, assignment, or transfer of an SL slot from January 1, 2000 through December 31, 2005.

22. All documents, including e-mails, by Ellen Engleman Conners relating to her efforts to inquire about the availability of overtime for Murtagh Cooke.

23. Any and all recruitments, both internal and external, issued by NTSB for positions in OMS between from January 1, 2000 through the present.

24. Any and all recruitments, both internal and external, issued by NTSB for SES and SL positions between from January 1, 2000 through the present.

25. All documents, including emails, from March 23, 2003 through December 31, 2005, between Dan Campbell and Ellen Engleman Conners that relate to Murtagh Cooke.

26. All documents, including emails, from March 23, 2003 through December 31, 2005, between Joe Osterman and Ellen Engleman Conners that relate to Murtagh Cooke.

27. All documents, including emails, from January 1, 2000 through December 31, 2005, between Joe Osterman and Dan Campbell that relate to Murtagh Cooke.

28. All documents, including emails, from January 1, 2000 through December 31, 2005, by Dan Campbell relate to the quality of Murtagh Cooke's work.

29. All documents, including e-mails, by Ellen Engleman Conners relating to her April 2004 meeting with Murtagh Cooke.

30. All documents, including e-mails, by David Clarke relating to the April 2004 meeting between Ellen Engleman Conners and Murtagh Cooke.

31. All documents, including emails, by any member of the Executive Resource Board that relates to Murtagh Cooke's candidacy for the position of Director of OMS at the SES level that was advertised in 2004 and 2005.

32. All documents, including emails, by Ellen Engleman Conners relating to Murtagh Cooke's candidacy for the position of Director of OMS at the SES level that was advertised in 2004 and 2005.

33. All documents, including emails, by Dan Campbell relating to Murtagh Cooke's candidacy for the position of Director of OMS at the SES level that was advertised in 2004 and 2005.

34. All documents, including emails and meeting minutes, relating to the decisions by Dan Campbell to re-advertise the position of Director of OMS position in 2004.

Marjorie Murtagh Cooke
By Counsel

R. Scott Oswald
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh-Cooke's Second Requests for Production of Documents to Defendant United States of America, was served via electronic mail and hand delivery this 1st day of October, 2007 upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch, Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

Brian M. Lowinger

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No. 06-748C** |
| | ) **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT UNITED STATES OF AMERICA**

Pursuant to Rule 36 of the Rules of Court of Federal Claims ("RCFC") the Plaintiff Marjorie Murtagh Cooke, by and through undersigned counsel, hereby propounds to the Defendant United States of America, these requests for admissions in the action captioned above. You are instructed to respond to these admissions in accordance with Rule 36 of the RCFC and to provide your responses within thirty (30) days after service.

The time frame in question, unless stated specifically, is within three years preceding the filing of this action. In answering these requests, the following instructions and definitions apply to each request, unless otherwise specifically provided:

1. The following requests call for the knowledge that is available to Defendant United States of America, by reasonable inquiry, including inquiry of Defendant's agency, the National Transportation Safety Board ("NTSB"), its representatives, agents, employees, and attorneys.

2. As used herein, the terms "you," yours" and "NTSB" refer to Defendant United States of America and its subsidiaries, agents, assigns or employees.

3. As used herein, the terms "Plaintiff" or "Ms. Cooke" refer to the Plaintiff Marjorie Murtagh Cooke.

4. As used herein, the term "person" means any natural person, firm, association,

partnership, sole proprietorship, corporation, joint venture, business trust, government, federation, public entity or any other kind of business or legal entity.

5. "Documents" mean all written, typed or printed matter and all magnetic or other records, electronically stored information, or documentation of any kind or description (including, without limitations, letters, correspondence, telegrams, memoranda, notes, records, electronic mail, e-mail, IM messages, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, microfilm, bulletins, circulars, pamphlets, photographs, artist's renderings, invoices, tape recordings, computer printouts and worksheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature in your actual or constructive possession, custody or control, including those in the possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you.

6. As used herein, the term "file" means any collections or group of documents maintained, held, stored, or used together, including, without limitations, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

7. As used herein, the terms "relating to" and "relates to" mean containing, recording, discussing, mentioning, noting, summarizing, referring to, commenting upon, describing, digesting, reporting, listing, analyzing, or studying the subject matter identified in a request.

8. As used herein, the term "communication" means any transfer of information, ideas or opinions or thought by any means, at any time or place, under any circumstances, and is not limited to transfers between persons but includes other transfers such as records and memoranda in file or electronically stored.

9. Number/Gender. The use of the singular form of any word includes the plural, and vice versa. The use of the masculine gender includes the feminine, and vice versa.

10. Each/any. The term "each" shall include the word "every" and "every." "Any" shall include the word "all" and "all" shall include the word "any."

11. And/or. "And" and "or" shall be construed conjunctively and disjunctively to mean either "and" or "or," whichever shall be the more inclusive in the context in which it is used.

**Requests for Admissions**

Subject to these instructions and definitions, Plaintiff submits the following Requests for Admissions:

Admit or deny the truth of the following:

1. NTSB is a federal government agency who, for compensation, employs an individual(s).

2. Ms. Cooke is an individual who was employed by NTSB as early as 1994 through 2006.

3. Documents produced in response to Ms. Cooke's First Request for Production of Documents are true and correct copies of documents kept in the regular course of NTSB's business.

4. It is the regular course of NTSB's business to make and/or maintain the documents produced in response to Ms. Cooke's First Request for Production of Documents.

5. Ms. Cooke was the acting director of the Office of Marine Safety ("OMS") from 1994 until 2005.

6. Between 2002 and 2005, OMS, The Office of Highway Safety ("OHS"), Office of Railroad, Pipeline and Hazardous Materials Safety ("ORPH), and the Office of Aviation Safety ("OAS") were all offices under the NTSB.

7. In 2002, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OHS.

8. In 2003, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OHS.

9. In 2004, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OHS.

10. In 2005, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OHS.

11. In 2002, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of ORPH.

12. In 2003, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of ORPH.

13. In 2004, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of ORPH.

14. In 2005, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of ORPH.

15. In 2002, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OAS.

16. In 2003, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OAS.

17. In 2004, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OAS.

18. In 2005, the work performed by Plaintiff required equal skill, effort, and responsibility and was performed under similar conditions as the work performed by the Director of OAS.

19. Between 2002 and 2005, NTSB did not award promotions and compensation for an SES level position based on a seniority system.

20. Between 2002 and 2005, NTSB did not award promotions and compensation for an SES level position based on a merit system.

21. In April of 2004, Ms. Cooke met with the then NTSB Chairman Ellen Engelman-Conners and informed Ms. Engleman Conners that she was the only Director of the four modal investigation offices without SES status and that the other three modal safety directors, all of whom are male, earned salaries much higher than hers because she lacked SES status.

22. In 2004, Ms. Cooke was eligible to receive overtime compensation.

23. In 2005, Ms. Cooke was eligible to receive overtime compensation.

24. Ms. Cooke submitted an application to be the Director of OMS at an SES level when the position was made available in 2004.

25. Ms. Cooke was not granted an in interview to be the Director of OMS at an SES level in 2004.

26. Interviews were conducted for someone to fill to the position of Director of OMS at an SES level in 2004.

27. Ms. Cooke was not offered a position as the Director of OMS in 2004.

28. NTSB did not fill the position of Director of OMS in 2004.

29. NTSB did not fill the position of Director of OMS in 2004 because it did not want to award the position to Ms. Cooke.

30. Ms. Cooke submitted an application to be the Director of OMS at an SES level when the position was made available in 2005.

31. Interviews of candidates were conducted for someone to fill to the position of Director of OMS at an SES level in 2005.

32. Ms. Cooke was not granted an in interview to be the Director of OMS at an SES level in 2005.

33. In May of 2005, the new Managing Director, Joe Osterman notified Ms. Cooke of her non-selection for the Director of OMS position.

Marjorie Murtagh Cooke
By Counsel

R. Scott Oswald
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff Marjorie Murtagh Cooke*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing First Set of Requests for Admissions to Defendant United States of America was served this 21st day of March, 2007, via e-mail, and by first-class mail, postage prepaid upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

Counsel for Defendant

Brian M. Lowinger

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARJORIE MURTAGH COOKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-748C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

NOTICE OF DEPOSITION

TO: MS. MARJORIE MURTAGH COOKE, and her attorneys.

PLEASE TAKE NOTICE THAT, pursuant to Rule 30 of the United States Court of Federal Claims, defendant, the United States, will take the deposition of Ms. Marjorie Murtagh Cooke, beginning at 9:30 a.m. on October 23, 2007, at the offices of the Commercial Litigation Branch, Civil Division, Department of Justice, 1100 L Street, N.W., Washington, D.C., before a notary public or other officer duly authorized to administer oaths.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

KATHRYN A. BLEECKER
Assistant Director

MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

September 26 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2007, I caused to be sent by e-mail and first-class mail a copy of the foregoing "NOTICE OF DEPOSITION" as follows:

Brian M. Lowinger, Esq.
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, DC 20006
(202) 261-2806

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARJORIE MURTAGH COOKE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-748C (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S FIRST SET OF INTERROGATORIES AND
DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant United States hereby requests that plaintiff, Marjorie Murtagh Cooke, answer the following interrogatories under oath and produce to defendant the documents requested below in accordance with Rules 33 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), respectively.

Pursuant to RCFC 26(e), these interrogatories and production requests shall be deemed continuing, so as to require supplemental response(s) if plaintiff obtains additional information and/or discovers additional documents after service of its original response. Supplemental responses shall be served from time to time, but not later than 10 days after the additional information has been obtained.

**DEFINITIONS**

A. The terms, "plaintiff," "you," "yourself," and "your" refers to plaintiff Marjorie Murtagh Cooke.

B. "Documents" refers to all writings, tapes, recordings, graphic representations, drawings, or printed materials of any kind whatsoever, specifically including electronic media of any kind, however produced, or reproduced that are now or have ever been in your possession or

whose existence is or was ever known to you, including but not limited to: correspondence, letters, notes, memoranda, electronic messages or mail, invoices, bills, written estimates, contracts, agreements of any kind, shipping or receiving documents, diagrams, drawings, designs, books, articles, or extracts from any of the foregoing, any drafts of the above, or any other tangible things containing information. If a document responsive to any interrogatory or production request was, but no longer is, in your possession and control, describe in detail the contents of the documents, its date of creation and disposition, and its present location and custodian.

C. "Complaint" refers to the pleading filed on November 14, 2006, by plaintiff to commence this action.

D. "Identify" or "identity" shall have the following meanings:

(1) When used in reference to an organization, the response shall state the full name and present or last known address of the corporation, partnership, firm, or other entity.

(2) When used in reference to an individual, the response shall state his or her full name, present or last known address, present or last known business affiliation and job description, and any past or present affiliation with plaintiff or defendant.

(3) When used in reference to a document, the response shall state the type of document (e.g., memorandum, letter, note, contract), its date, author(s), addressee(s) (if any), synopsis of content, and present location. In lieu of providing this information, plaintiff may attach a copy of the document to her answers.

(4) When used in reference to a source of information, the response shall identify each individual providing information. The response shall also state whether the

information has been reduced to writing or other tangible form. If so, this writing or other record shall be identified in the manner described in subparagraph (3) above.

(5) When used in reference to an oral communication, the response shall identify (i) the date and place of such communication; (ii) the parties to such communication and all other persons present; and (iii) the substance of the communication. The response shall also state whether the information has been reduced to writing or other tangible form. If so, this writing or other record shall be identified in the manner prescribed in subparagraph (3) above.

E. "Describe in detail" or "state in detail" as used in these interrogatories, means the following:

(1) Describe fully by reference to underlying facts rather than ultimate facts or conclusions of law or facts.

(2) Particularize as to:

(a) the identity of each person involved in each such event, including, but not limited to persons employed by plaintiff and those persons purporting to act for plaintiff;

(b) the specific acts of each person participating in each such event;

(c) the date and time of each such event;

(d) the address and location of each such event; and

(e) the identity of each person present during each such event.

G. The word "explain" means to state with specificity each and every fact, ultimate fact, particular circumstances, incident, act, omission, detail, and event that relates to the reference, contention or response.

F. The word "substantiate" means to identify each document and/or communication, upon which you rely in making the reference, contention, or response, and to state any other facts relating to the reference, contention, or response.

G. "Relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, or in any way pertaining to the subject specified.

H. The words "and" and "or" are to be construed both conjunctively and disjunctively, and each includes the other wherever such dual construction will serve to bring within the scope of these interrogatories and document requests any information that would otherwise not be brought within their scope.

I. The singular form includes the plural and vice versa wherever such dual construction will serve to bring within the scope of these interrogatories and document requests any information that otherwise would not be brought within their scope.

J. "NTSB" means National Transportation Safety Board.

K. "Compensation" includes base salary, awards, bonuses, retirement package, and any other forms of remuneration offered by the NTSB.

L. "SES" means Senior Executive Service.

M. "SL" means Senior Level.

N. "OMS" means the Office of Marine Safety.

O. "OAS" means the Office of Aviation Safety.

P. "OHS" means the Office of Highway Safety.

Q. "ORPH" means the Office of Railroad, Pipeline, and Hazardous Materials Safety.

## INSTRUCTIONS

i. The interrogatories and production requests contained herein inquire as to all information within your knowledge, possession, custody, or control and all information within the knowledge of your agents, representatives, and, unless privileged, your attorneys.

ii. Each interrogatory answer and response to a production request is to be set forth separately.

iii. Should you claim privilege for any documents about which information is requested for any of the following interrogatories or production requests, describe those documents, in the manner described above, and indicate your claim of privilege, and provide the grounds upon which your claim of privilege rests.

iv. If you object to or otherwise decline to answer any portion of an interrogatory or production request, please provide all information called for by that portion of the interrogatory or production request to which you do not object or to which you do not decline to answer. If you object to an interrogatory or production request on the ground that it calls both for information that is relevant to the subject matter of the action and information that is not, please provide the information that is relevant. If you object to an interrogatory or production request on the ground that to provide an answer would constitute an undue burden, please provide all requested information that can be supplied without undertaking an undue burden. For those portions of an interrogatory or production request to which you object or otherwise decline to answer, state the reason for any objection or declination.

v. If you object to a particular interrogatory or production request (or any portion thereof), respond to the extent that you have not objected. Likewise, if any interrogatory or

production request cannot be answered fully, answer to the greatest extent possible, that is, to the full extent of plaintiffs' knowledge or information, with the reasons for not answering fully set forth.

vi. In each instance where you deny knowledge or information sufficient to answer an interrogatory, identify each person known by you to have such knowledge, and in each instance where you aver insufficient knowledge or information as a grounds for not providing information or for providing only a portion of the information requested by an interrogatory, set forth a description of the efforts made to locate information needed to answer the interrogatory.

vii. When an interrogatory asks for the factual "basis" or "bases" for any contention, statement, defense, claim, allegation, belief, or conclusion, your response should include the description, identification, and enumeration of, but not be limited to, (a) all facts relating in any way to the contention, statement, defense, claim, allegation, belief, or conclusion; (b) each and every document that records, reflects, or relates in any way to such facts; (c) each and every statement or item of testimonial or other evidence that relates in any way to such facts; and (d) the name of each and every person consulted, relied on, or with knowledge for the substantiation of such contention, statement, defense, claim, belief, or conclusion.

viii. In answering each interrogatory, state whether the information furnished is within the personal knowledge of the plaintiff, and, if not, state the name of each person to whom the information is a matter of personal knowledge.

ix. If, in answering these interrogatories or any part of them, you encounter any ambiguity in construing either the interrogatory or a definition or instruction relevant to the inquiry contained within the interrogatory, set forth the matter deemed ambiguous and set forth

the construction chosen or used in answering the interrogatory.

x. Whenever the identity of a person is required in response to an interrogatory, include in the response: (a) with respect to a natural person, that person's name, present or last known business and home address and telephone number, and present or last known employer and position; and (b) with respect to a corporation or other entity that is not a natural person, the full name of such organization or entity, the address of the principal office or place of business of such organization or entity, and the primary telephone number.

xi. Whenever the identity of a document is required in response to an interrogatory, give sufficient characterization of the document so as to have identified it with reasonable particularity for the purpose of RCFC 33 and 34, including, but not limited to, the title, date, author, recipient, and subject matter of the document, as well as its present or last known location and the person(s) having custody, possession, or control thereof. If the document has been assigned a Bates-stamp number, provide that number.

xii. Whenever the identity of an oral communication is required in response to an interrogatory, include (a) the type of communication (e.g., in person or telephonic); (b) the identity of each person making or participating in the statement or communication; (c) each person who was present when the statement or communication was made; (d) a description of what was said or the substance of the statement or communication; and (e) the date each statement or communication was made.

xiii. Whenever the identity of an event is required in response to an interrogatory, include a description of (a) the factual circumstances of the event; (b) the parties present at, or affected by, the event; (c) the date and location of the event; (d) the names of any witnesses to the

event; and (e) the outcome of the event.

xiv. Your responses to these interrogatories, production of documents, and all objections to any interrogatories, definitions, or instructions herein, are to be served upon Meredyth D. Cohen, U.S. Department of Justice, 1100 L Street, N.W., Room 12016, Washington, D.C., 20530 (if by U.S. Mail) or 20005 (if by private courier such as Federal Express or UPS).

xv. Unless otherwise specified, the relevant time period is January 2000 through December 2006.

## INTERROGATORIES

Interrogatory No. 1

Identify each and every person who provided information for or participated in the preparation of responses to these interrogatories, and for each person, identify the specific interrogatory for which he or she provided information and state whether he or she has personal knowledge of the information set forth in the response(s).

Response:

Interrogatory No. 2

Identify each and every fact you intend to use during a trial or dispositive motion hearing in your case that supports your contention that the NTSB violated the Equal Pay Act as alleged in paragraph one of your complaint.

Response:

Interrogatory No. 3

Describe in detail each and every individual with whom you spoke about the NTSB's alleged violation of the Equal Pay Act. For each individual you identify, include in your response the date(s) you spoke with that individual, the substance of the conversation, and what, if any, remedy you requested.

Response:

Interrogatory No. 4

Identify each and every individual who can support your contention that the NTSB's

actions violated the Equal Pay Act. For each individual identified, include in your response the substance of that individual's knowledge, when they gained the substance of their knowledge, and how they gained the substance of their knowledge.

Response:

Interrogatory No. 5

Identify any and all "employees who were of the opposite sex, worked in the same 'establishment' as Plaintiff, performed work that was equal to the work performed by Plaintiff, and retained positions that required equal skill, effort, responsibility and was performed under similar conditions as compared to Plaintiff" as alleged in paragraph 48 of your complaint. For each employee, provide his name, position title, grade and series of the position.

Response:

Interrogatory No. 6

For each employee you identified in response to Interrogatory No. 5, provide a detailed description of how you became aware that the employee was performing work that was equal to the work performed by you and that the employee's position required equal skill, effort, responsibility and was performed under similar conditions as compared to you but was compensated at a higher rate of pay.

Response:

Interrogatory No. 7

For each employee you identified in response to Interrogatory No. 5, provide a detailed

description of the same or similar work to you that the employee performed and the time period that employee performed the same or similar work you describe.

Response:

Interrogatory No. 8

For each employee you identified in response to Interrogatory No. 5, provide a detailed description of the same or similar skill(s) required for that employee's position as compared to the skill(s) required for your position as the Director of OMS.

Response:

Interrogatory No. 9

For each employee you identified in response to Interrogatory No. 5, provide a detailed description of the same or similar effort(s) required for that employee's position as compared to the effort(s) required for your position as the Director of OMS.

Response:

Interrogatory No. 10

For each employee you identified in response to Interrogatory No. 5, provide a detailed description of the same or similar responsibilities required for that employee's position as compared to the responsibilities required for your position as the Director of OMS.

Response:

Interrogatory No. 11

For each employee you identified in response to Interrogatory No. 5, provide a detailed description of the same or similar working conditions required for that employee's position as compared to the working conditions required for your position as the Director of OMS.

Response:

Interrogatory No. 12

For each employee you identified in response to Interrogatory No. 5, identify all NTSB officials or employees who you contend were responsible for setting his rate of pay during the time period of your tenure as the Director of OMS.

Response:

Interrogatory No. 13

Identify all NTSB officials or employees who you contend were responsible for setting your rate of pay during your tenure as the Director of OMS. Include in your response what you contend you should have been paid during your tenure as the Director of OMS and every fact you rely upon to support this contention.

Response:

Interrogatory No. 14

Describe and identify each and every conversation (oral or written) you had with any NTSB employees or officials regarding your compensation, including, but not limited to, your allegations of unequal pay. For each oral or written communication you had, include in your

response the date oral or written communication occurred, a detailed description of the oral or written communication, and who, if anyone, saw the communication (if written), or heard the communication (if oral).

Response:

Interrogatory No. 15

Identify each and every fact to support any contention by you that the position of Director of OMS should have been an SES-level position.

Response:

Interrogatory No. 16

Identify each and every fact to support any contention by you that the position of Director of OMS should have become an SES-level position prior to the positions of Director of ORPH or Director of OHS.

Response:

Interrogatory No. 17

Identify each and every fact to support any contention by you that the NTSB could or should have promoted you to SL or provided you with overtime pay.

Response:

Interrogatory No. 18

Identify each and every fact to support your contention in paragraph 12 of the complaint

that Dan Campbell suggested to James Hall that Robert Chipkevich "be given the SES slot because Chipkevich supposedly had the most seniority of the three directors and because ORPH was the most complex of the three offices."

Response:

Interrogatory No. 19

Identify all NTSB officials and employees who you contend were responsible for allocating available SES slots between 2000 and 2006.

Response:

Interrogatory No. 20

Identify each and every investigative report completed by OMS from 2000-2004.

Response:

Interrogatory No. 21

Identify each and every document retained by you related to your employment with the NTSB, including, but not limited to, personnel, accident, mission, and project-related documents.

Response:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Request No. 1

Produce any and all documents identified in, referred to, described in, or relied upon by you in answering each and every Interrogatory in Defendants' First Set of Interrogatories.

Response:

Request No. 2

Produce any and all documents relating to your compensation during your tenure as the Director of OMS, including, but not limited to, pay stubs, earnings/leave statements, and notifications of personnel actions (SF-50).

Response:

Request No. 3

Produce any and all documents relating to the compensation of any employees you identified in response to Interrogatory No. 5 during the time period of your tenure as the Director of OMS, including, but not limited to, pay stubs, earnings/leave statements, and notifications of personnel actions (SF-50).

Response:

Request No. 4

Produce any and all documents relating to or evaluating your job performance during your tenure as the Director of OMS.

Response:

Request No. 5

Produce any and all documents relating to or evaluating the job performance of any employees you identified in response to Interrogatory No. 5 during the time period of your tenure as the Director of OMS.

Response:

Request No. 6

Produce any and all position descriptions for the position of Director of OMS and for the positions of any employees you identified in response to Interrogatory No. 5.

Response:

Request No. 7

Produce any and all documents related to a claim by you that any employees you identified in response to Interrogatory No. 5 were performing work that was equal to the work performed by you and that the employee's position required equal skill, effort, responsibility and was performed under similar conditions as compared to you.

Response:

Request No. 8

Produce any and all documents related to the conversation with Ellen Engleman-Conners in April 2004 referred to in paragraph 24 of your complaint.

Response:

Request No. 9

Produce any and all documents related to the conversation with Lisa Love referred to in paragraph 30 of your complaint.

Response:

Request No. 10

Produce any and all documents related to the May 2005 conversation with Joe Osterman referred to in paragraph 41 of your complaint.

Response:

Request No. 11

Produce any and all documents related to your application for the Director of OMS position when it was advertised as an SES-level position in 2004.

Response:

Request No. 12

Produce any and all documents related to your application for the Director of OMS position when it was re-advertised as an SES-level position in 2005.

Response:

Request No. 13

Produce any and all documents relating to the allocation of SES slots within the NTSB.

Response:

Request No. 14

Produce any and all documents relating to any contention by you that the NTSB could have promoted you to SL.

Response:

Request No. 15

Produce any and all documents relating to any contention by you that the NTSB should have promoted you to SL.

Response:

Request No. 16

Produce any and all documents relating to any contention by you that the NTSB could have provided you with overtime pay.

Response:

Request No. 17

Produce any and all documents relating to any contention by you that the NTSB should have provided you with overtime pay.

Response:

Request No. 18

Produce any and all calendars, logs, journals, and like documents kept between 2000 and 2006.

Response:

Request No. 19

Produce any and all documents that support your claim for compensatory damages.

Response:

Request No. 20

Produce any and all documents in which you requested overtime pay.

Response:

Request No. 21

Produce any and all documents in which you requested promotion to SL.

Response:

Request No. 22

Produce any and all documents related to your duties, efforts, and responsibilities as the Director of OMS.

Response:

Request No. 23

Produce any and all documents you intend to use during a trial or dispositive motion hearing in your case that supports your contention that the NTSB violated the Equal Pay Act as alleged in paragraph one of your complaint.

Response:

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

KATHRYN A. BLEECKER
Assistant Director

MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

August 14, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 15th day of August, 2007, I caused to be served by messenger copies of "DEFENDANT'S FIRST SET OF INTERROGATORIES AND DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS" addressed as follows:

R. Scott Oswald
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, DC 20006
(202) 261-2817

[signature]

# Exhibit 7

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** | ) |
| **Plaintiff,** | ) |
| v. | ) **Case No. 06-748C** |
| | ) **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

**REVISED NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30 of the Rules of the Court of Federal Claims, Plaintiff, by counsel, will take the deposition upon oral examination of Dan Campbell on November 15, 2007, at 9:30 am, at the offices of The Employment Law Group, P.C., 888 17th Street, N.W., Suite 900, Washington, D.C., 20006. The deposition shall be before a notary public or some other person authorized by law to administer oaths, and shall be recorded by sound, sound-and-visual, or stenographic means for the purposes of discovery, for use as evidence at trial, and for all such purposes as may be appropriate.

Respectfully Submitted,
By Counsel

R. Scott Oswald
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
blowinger@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh-Cooke's Notice to Take Deposition of Dan Campbell Pursuant to RCFC Rule 30, was served via e-mail and first class mail this 19th day of October, 2007, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

Brian M. Lowinger

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No. 06-748C** |
| | ) **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

**<u>REVISED NOTICE OF DEPOSITION</u>**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30 of the Rules of the Court of Federal Claims, Plaintiff, by counsel, will take the deposition upon oral examination of Michael Conti on November 13, 2007, at 10:00 am, at the offices of The Employment Law Group, P.C., 888 17th Street, N.W., Suite 900, Washington, D.C., 20006. The deposition shall be before a notary public or some other person authorized by law to administer oaths, and shall be recorded by sound, sound-and-visual, or stenographic means for the purposes of discovery, for use as evidence at trial, and for all such purposes as may be appropriate.

Respectfully Submitted,
By Counsel

R. Scott Oswald
Brian M. Lowinger
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
blowinger@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh-Cooke's Notice to Take Deposition of Dan Campbell Pursuant to RCFC Rule 30, was served via e-mail and first class mail this 19th day of October, 2007, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

Brian M. Lowinger

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No. 06-748C** |
| | ) **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) |
| **Defendant.** | ) |

**PLAINTIFF MARJORIE MURTAGH COOKE'S FORUTH REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UNITED STATES OF AMERICA**

Plaintiff Marjorie Murtagh Cooke, by and through Counsel and pursuant to Rule 34 of the Rules of the Court of Federal Claims, hereby requests that the Defendant United States of America, produce the documents described below at The Employment Law Group, PC, 888 17th Street, NW, Suite 900, Washington, D.C. 20006, within thirty (30) days of service.

**Definitions**

For the purposes of these Document Requests, the terms used herein shall have the following meanings unless the context requires otherwise:

1. "You," "your," means Defendant United States Government, National Transportation Safety Board ("NTSB"), and all other persons acting on behalf of Defendant.

2. "Murtagh Cooke" or "Plaintiff" means Plaintiff Marjorie Murtagh Cooke.

3. "Complaint" means any formal or informal reports resulting in investigation or disciplinary action by the Defendant regarding its employees.

4. "Communication" means all oral conversations, discussions, e-mail and/or "IM" messages, letters, telegrams, memoranda, and any other transmission of information in any other form, both oral and written.

5. "Documents" mean all written, typed or printed matter and all magnetic or other records, electronically stored information in its native format with preserved metadata, or documentation of any kind or description (including, without limitations, letters, correspondence, telegrams, memoranda, notes, records, electronic mail or "e-mail" in its native format with preserved metadata, IM messages in its native format with preserved metadata, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, microfilm, bulletins, circulars, pamphlets, photographs, artist's renderings, invoices, tape recordings, computer printouts and worksheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature in your actual or constructive possession, custody or control, including those in the possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you.

6. "Items" means any document related to an investigation including reports of investigation, recommendation letters, "greensheets" as commonly referred to by NTSB, status memos or letters.

7. "File" or "files" mean any collection or group of documents maintained, held, stored or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

8. "Person" means all entities, including without limitation, all your predecessors in interest, individuals, associates, groups, organizations, joint ventures, corporations, trusts, estates, partnerships and public agencies.

9. "Relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the Document Request.

10. "Employee" and "employ" refer to Plaintiff, and, when the context requires, any other person who performs or performed work for you.

11. The words "supervisor" shall mean persons within the NTSB's management hierarchy who were considered by the NTSB to be or have been superior to Murtagh-Cooke, including any person who was authorized by the NTSB to formally evaluate the quality of Murtagh-Cooke's performance, to recommend or decide questions of promotion, payment of bonuses, increases or decreases in compensation, and changes in job duties and responsibilities.

12. "Director" and "directors" refer to persons within Defendant's management hierarchy who were considered by the Defendant to be or the senior manager of a modal office, i.e., the Office of Highway Safety, the Office of Aviation Safety, the Office of Marine

Safety, and the Office of Rail, Pipeline and Hazardous Materials, as well as the Office of Safety Recommendations, and the Office of Research and Engineering.

13. The word "compensation" shall mean base salary, retention allowance, monetary award, bonus scheduled or unscheduled, incentive payment, retirement package, deferred compensation, money market or other saving or investment vehicles offered by Defendant, whether or not Defendant contributed to such offerings, or any other forms and methods of remuneration employed by the Defendant.

14. "Job description" for each such description, in addition to an itemization of job duties, include the level of supervisory authority he/she exercised, the rate of pay, the authority he/she had to hire, fire, or promote, or otherwise affect the terms and conditions of other employees including the Plaintiffs, and the offices over which he/she had supervisory responsibility.

15. The word "OMS" refers to the Office of Marine Safety.

16. The acronym "OAS" refers to the Office of Aviation Safety.

17. The acronym "OHS" refers to the Office of Highway Safety.

18. The acronym "ORPH" refers to the Office of Rail, Pipeline, and Hazardous Materials.

19. The acronym "NTSB" refers to the National Safety Transportation Board.

20. To the extent a privilege is claimed with respect to any document covered by this Request for Production of Documents, Defendant is requested to state, with respect to such document, the following as applicable:

    a. The author of such document;
    b. To whom such document is addressed;
    c. The date upon which such document was prepared;
    d. The title or heading of such document;
    e. The type of document (e.g., hand-written note, memorandum, tape recording, journal, desk calendar, books of account, etc.);
    f. Any other information that might be necessary to describe such document sufficiently for a designation thereof;
    g. The present location and custodian of such document; and
    h. The grounds for claiming privilege.

**Instructions**

1. For each Document or other requested information asserted to be privileged or otherwise excludable from discovery, identify that document or other requested information. State the specific basis for such claim of privilege or other ground for exclusion. For each such Document, state the date of the document, the name, job

title and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title and address of the person now in possession of the Document; and, a description of the subject matter of the document.

2. For any requested Document no longer in existence, or which cannot be located, identify the Document, state how and when it passed out of existence, or when it could no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each Document evidencing its prior existence and/or the fact concerning such Document's nonexistence or loss.

3. Unless otherwise specified, each Document Request requires a continuing response, and you are requested to supplement reasonably or amend your responses to these Document Requests based upon any and all information and documents obtained after filing such responses.

4. The singular of any defined term includes the plural, and the masculine gender includes the feminine and neuter.

5. The terms "and" and "or" and "and/or" shall be construed either conjunctively or disjunctively as required to bring within the ambit of these Document Requests that which might be excluded by an alternative construction.

6. These requests are directed at all Documents within the possession, custody or control of Defendant, and also include Documents within the possession, custody, or control of agents, persons, or entities in privity with the Defendant, including past and/or present attorneys.

**Requests for Production of Documents**

Please produce the following:

1. The final collaborative SES Rating Sheet for Plaintiff prepared by the first executive ratings panel for the position of Director of the Office of Marine Safety, NTSB, in or about November or 2004.

2. The final collaborative SES Rating Sheet for Plaintiff prepared by the second executive ratings panel for the position of Director of the Office of Marine Safety, NTSB, in or about March of 2005.

3. The final collaborative SES rating sheet for John Spencer prepared by the second executive ratings panel for the position of Director of the Office of Marine Safety, NTSB, in or about March of 2005.

4. All of John Spencer's applications (submitted in or about 2004 and 2005) for the position of Director of the Office of Marine Saftey, NTSB containing any notations, annotations or other handwritten markings made by Colette Magwood or any other person.

Marjorie Murtagh Cooke
By Counsel

/s/Scott Oswald

R. Scott Oswald
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff Marjorie Murtagh-Cooke's Fourth Requests for Production of Documents to Defendant United States of America, was served via electronic mail and hand delivery this 29th day of October, 2007 upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch, Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

/s/Scott Oswald
Scott Oswald

FILE COPY

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARJORIE MURTAGH COOKE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-748C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

NOTICE OF DEPOSITION

TO: MS. MARJORIE MURTAGH COOKE, and her attorneys.

PLEASE TAKE NOTICE THAT, pursuant to Rule 30 of the United States Court of Federal Claims, defendant, the United States, will take the deposition of Richard B. Edelman, Ph.D., beginning at 9:00 a.m. on November 20, 2007, at the offices of Dr. Edelman, 8515 Whittier Boulevard, Bethesda, Maryland, before a notary public or other officer duly authorized to administer oaths.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

November 9, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November, 2007, I caused to be sent by e-mail and first-class mail a copy of the foregoing "NOTICE OF DEPOSITION" as follows:

David Scher, Esq.
The Employment Law Group, PC
888 17th Street, NW, Suite 900
Washington, DC 20006
(202) 261-2802

# Exhibit 8

**Declaration of David Scher**
**In Support of Plaintiff's Opposition To Defendant's Motion,**
**For Leave To File Amended Answer And Affirmative Defense**

My name is David Scher. I am an attorney admitted to and a member of the Virginia State Bar and District of Columbia Bar, in good standing in both jurisdictions, competent to testify, and I make this declaration having personal knowledge of the following facts:

1. I am an attorney with The Employment Law Group.

2. In the matter of Marjorie Murtagh Cooke v. The United States of America (the "Litigation"), Plaintiff's counsel has expended approximately 500 hours and over $50,000.00 in legal fees on discovery alone. This figure includes preparing for and taking numerous depositions, propounding discovery, reviewing over 3000 pages of documents produced by Defendant, and compiling over 2000 pages in response to Defendant's request for production of documents and answers to interrogatories.

3. With respect to the Litigation, Plaintiff's counsel also spent approximately 43 hours, with fees totaling over $7000, drafting and filing the pending motion for summary judgment and accompanying statement of material facts.

4. To date, with respect to the Litigation, Plaintiff's counsel has expended over 613 hours and over $140,000 dollars on this case in its entirety (not including the time and cost for responding to the pending motion to amend filed by Defendant).

I solemnly declare and affirm, under penalty of perjury, that the contents of the foregoing paper are true and correct to the best of my knowledge, information and belief.

November 15, 2007 ________________________
Date David Scher