# EXHIBIT NO. 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARJORIE MURTAGH COOKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-748C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the first amended complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of her case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations contained in the first sentence of paragraph 3. The allegations contained in the second sentence of paragraph 3 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits.

6. Admits.

7. Admits.

8. Denies.

9. Admits.

10. Objects to the vagueness of the term "soon," but admits the remainder of the allegations contained in paragraph 10 and avers that the merger referred to took place in 2000.

11. Denies.

12. Denies.

13. Denies the allegations contained in paragraph 13 that "Hall agreed with Campbell's suggestion" for lack of knowledge or information sufficient to form a belief as to their truth; admits that Mr. Chipkevich applied for, was interviewed, and was selected for the position of Director of the Office of Railroad, Pipeline and Hazardous Materials Safety, an SES-level position.

14. Denies.

15. Admits the allegation that Mr. Osterman was selected for the position of Director of the Office of Highway Safety, an SES-level position; admits the remainder of the allegations contained in paragraph 15.

16. Denies.

17. Admits.

18. Admits.

19. Denies.

20. Admits.

21. Admits.

22. Denies.

23. Denies.

24. The allegation contained in the first sentence of paragraph 24, "[d]ue to this inequality," constitutes a conclusion of law, and plaintiff's characterization of her case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits that Ms. Cooke met with then National Transportation Safety Board ("NTSB") Chairman Ellen Engleman-Connors in April 2004; denies the remainder of the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Admits that Ms. Cooke requested overtime pay; denies the remainder of the allegations contained in paragraph 28.

29. Admits that Ms. Engleman-Connors told Ms. Cooke that "she would look into it;" denies the remainder of the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Denies the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Admits that Ms. Cooke made several attempts to meet with Ms. Engleman-Connors; denies the remainder of the allegations contained in paragraph 31 for lack of

knowledge or information sufficient to form a belief as to their truth.

32. Denies.

33. Denies.

34. Admits.

35. Admits that Ms. Cook applied for the position, that she was not interviewed, and that the advertisement was later cancelled; denies the remainder of the allegations contained in paragraph 35.

36. Admits.

37. Admits.

38. Admits that Ms. Cooke filed an EEO complaint; denies the remainder of the allegations contained in paragraph 38.

39. Admits the allegation contained in paragraph 39 to the extent supported by the EEO complaint, which is the best evidence of its contents; otherwise denies.

40. Admits.

41. Admits the allegation contained in the first sentence of paragraph 41 that Mr. Osterman notified Ms. Cooke of her non-selection for the Director of OMS position in approximately May 2005; denies the allegations contained in the second sentence of paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth; admits the allegation contained in the third sentence of paragraph 41 that Mr. Osterman asked Ms. Cooke to submit bullet points to support the need for a Senior Level ("SL") position; denies the remainder of the allegations contained in paragraph 41.

42. Denies.

43. Admits that Ms. Cooke submitted the document; denies the remainder of the allegations contained in paragraph 43.

44. Admits.

45. Admits.

46. Defendant's responses to paragraphs 1 through 46 of the complaint are incorporated by reference.

47. The allegations contained in paragraph 47 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. Denies.

49. Denies.

50. Denies that plaintiff is entitled to the relief set forth in paragraph 50, or to any relief whatsoever.

51. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 50, or to any relief whatsoever.

52. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ KATHRYN A. BLEECKER
KATHRYN A. BLEECKER
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

Of Counsel:
KATHLEEN SILBAUGH
Office of General Counsel
National Transportation Safety Board

January 8, 2007

Attorneys for Defendant

<u>CERTIFICATE OF SERVICE</u>

I certify under that on this 8th day of January, 2007 a copy of the foregoing "DEFENDANT'S ANSWER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

<u>/s/ MEREDYTH D. COHEN</u>