# EXHIBIT NO. 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARJORIE MURTAGH COOKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-748C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSE

Defendant, the United States, respectfully submits this reply to plaintiff Marjorie Murtagh Cooke's November 15, 2007 opposition to its October 19, 2007 motion for leave to file amended answer and affirmative defense. Furthermore, we respectfully request that the Court deny Ms. Cooke's request to extend the discovery deadline and for legal fees.

DISCUSSION

I. Ms. Cooke Had Notice Of The Affirmative Defense And Litigated This Case Assuming That Defense

In her opposition, Ms. Cooke asserts that she did not have any notice of our intent to raise an affirmative defense. As set forth in our motion, Ms. Cooke had ample notice of the substance of the affirmative defense from the start of the litigation. In addition to the Joint Preliminary Status Report and responses to Ms. Cooke's requests for admission cited in our motion, Def. Mot. at 2-3,[1] the Equal Employment Opportunity ("EEO") Report Of Investigation ("ROI") clearly made Ms. Cooke aware of the affirmative defense. This report was produced to Ms. Cooke as part of Defendant's Rule 26(a) Initial Disclosures, served on April 5, 2007, and it is

[1] "Def. Mot." refers to Defendant's Motion for Leave to File Amended Answer and Affirmative Defense, filed on October 19, 2007.

our understanding that this report was in Ms. Cooke's possession prior to the commencement of this litigation.

The investigator's summary of Ms. Cooke's complaint indicates that

> three management witnesses - Chairman Engleman Conners, Managing Director Campbell, and then-OHS Director Joseph Osterman . . . uniformly deny [that Ms. Cooke's] lower compensation (compared with other [male] Office Directors) was the result of gender-based pay discrimination, asserting the order for elevating the surface Modal Office Directors to the SES level - RPH first, OHS second, OMS third - was justifiable based on the size and responsibilities of the respective organization units.

Ex. A at 5-6.[2] In addition, the affidavits of Daniel Campbell, Ellen Engleman Conners, and Joseph Osterman - all part of the ROI- clearly outlined the rationale for the allocation of SES positions. See Ex. A at 13-36. A denial by National Transportation Safety Board ("NTSB") management that Ms. Cooke's allegedly lower compensation was the result of gender-based pay discrimination is equivalent to the assertion of an affirmative defense that Ms. Cooke's allegedly lower pay was based upon a factor other than sex. The fact that this defense was raised in the EEO proceeding gave Ms. Cooke ample notice that it would also be raised in the proceeding in this Court, particularly since we indicated in our initial disclosures that we might rely upon the EEO ROI in litigating this matter. Ex. B at 5. Additionally, our initial disclosures indicated that Daniel Campbell "may testify regarding the requesting and allocation of Senior Executive Service ("SES") positions" and that Ellen Engleman Conners "may testify to the reasons for the allocation of SES positions," both issues that pertain to the affirmative defense. Ex. B at 2.

Furthermore, Defendant's First Set of Interrogatories and Defendant's First Request for Production of Documents, served on August 14, 2007, requested information regarding Senior

---

[2] "Ex." refers to the exhibits attached to this reply brief.

Executive Service ("SES") allocations, a Senior Level ("SL") position for Ms. Cooke, and overtime pay for Ms. Cooke, all of which are relevant to the affirmative defense. Pl. Opp. Ex. 6 (specifically interrogatories 15-19 and requests for production of documents 13-17). Finally, Ms. Cooke should have been on notice of our intent to raise an affirmative defense because it appears the Government has raised an affirmative defense in every case that has ever resulted in a published opinion by the Court of Federal Claims substantively addressing an Equal Pay Act claim.[3]

Additionally Ms. Cooke's citation to Defendant's Responses to Plaintiff's First Requests for Production of Documents, namely that we stated that we "did not assert any affirmative defenses in [our] answer," Pl. Opp. at 2, is taken out of context. The next sentence reads, "[a]ll documents produced on April 5, 2007 as part of the initial disclosures, as well as all the documents produced with these responses support defendant's defense of the claims lodged by plaintiff." Pl. Opp. Ex. 5 ¶ 6. Among those documents was the ROI, which contains the previously mentioned investigator's summary and witness affidavits.

Relatedly, Ms. Cooke asserts that she has proceeded in this case under the presumption that no affirmative defense was asserted. See Pl. Opp. at 4, 6, 8. On the contrary, it is evident from Ms. Cooke's discovery requests and questioning during depositions that she has litigated

---

[3] See Mansfield v. United States, 71 Fed. Cl. 687 (2006); Behm v. United States, 68 Fed. Cl. 395 (2005); Hauschild v. United States, 53 Fed. Cl. 134 (2002); Lissak v. United States, 49 Fed. Cl. 281 (2001); Allison v. United States, 39 Fed. Cl. 471 (1997); Raymond v. United States, 31 Fed. Cl. 514 (1994); Ibrahim v. United States, 26 Cl. Ct. 359 (1992); Ellison v. United States, 25 Cl. Ct. 481 (1992); Molden v. United States, 11 Cl. Ct. 604 (1987). This does not include opinions concerning non-substantive issues in Equal Pay Act cases, such as opinions on motions to dismiss for lack of jurisdiction. In most of these non-substantive cases, the Government did not even file an answer.

this case presuming defendant's assertion of an affirmative defense. Ms. Cooke's first requests for admission, served on March 21, 2007, specifically request the following admissions:

> 19. Between 2002 and 2005, NTSB did not award promotions and compensation for an SES level position based on a seniority system.
>
> 20. Between 2002 and 2005, NTSB did not award promotions and compensation for an SES level position based upon a merit system.

Pl. Opp. Ex. 6. These requests obviously refer to defendant's affirmative defenses as set forth in 29 U.S.C. § 206(d)(1), namely that any difference in pay is justified by a seniority system or a merit system.[4] In addition, during the Rule 30(b)(6) deposition of Joseph Osterman, held on May 24, 2007, counsel for Ms. Cooke asked "Why was Miss Murtagh Cooke paid less than the other modal directors during her tenure . . . from 2003 through 2005?" Ex. C at 163-64. The reasons for Ms. Cooke's pay pertain only to defendant's affirmative defense, not to Ms. Cooke's prima facie case. That is, the reason for Ms. Cooke's pay is irrelevant to showing that the work of Ms. Cooke's comparators were substantially equal to her work, but is undoubtedly relevant to whether Ms. Cooke's allegedly lower pay was based upon a factor other than sex. Thus, the asking of this question indicates that Ms. Cooke was proceeding upon the presumption that defendant was asserting an affirmative defense.

## II. Ms. Cooke Would Not Be Prejudiced By The Requested Amendment

Ms. Cooke asserts that she would be severely prejudiced if this Court were to grant our motion to amend. One of Ms. Cooke's assertions in support of her claim of prejudice is that her entire litigation strategy was based upon her belief that the only issues were her prima facie case

---

[4] As set forth in our motion, our responses to both of these requests for admission were denials, clearly indicating that we intended to raise these defenses.

and damages. See Pl. Opp. at 8. As discussed above, it is evident from Ms. Cooke's actions thus far that her strategy has included a presumption that we would be answering her allegations by explaining the SES allocation rationale and, thus, that we were asserting an affirmative defense.

Ms. Cooke also asserts that she would be prejudiced because of all of the time and expense spent on litigating this case thus far. Pl. Opp. at 8. Ms. Cooke specifically refers to the time and expense spent on discovery and the preparing and filing of her motion for summary judgment. Pl. Opp. at 3-4, 8. Ms. Cooke implies that, if the Court were to grant our motion to amend, all of the time and expense already spent on this litigation would have been for nothing. However, this assertion is entirely untrue. If the Court permits us to amend our answer to assert an affirmative defense, Ms. Cooke will still be required to prove her prima facie case and damages. Thus, even assuming that all of the work performed by Ms. Cooke's counsel thus far has been in furtherance only of Ms. Cooke's prima facie case and damages, that work will all be useful in proceeding with this litigation if the Court permits us to amend our answer to assert an affirmative defense. Therefore, the time and expense already spent on this litigation is irrelevant to the issue of prejudice. In addition, because all of the work performed by Ms. Cooke's counsel thus far will remain relevant to the case regardless of the Court's ruling on our motion to amend, we respectfully request that this Court deny Ms. Cooke's request for all legal fees that she has expended to date.

Ms. Cooke further asserts that she would be prejudiced by the Court's granting of our motion to amend because she would need to re-depose all of the witnesses and propound hundreds of new discovery requests. Pl. Opp. at 4, 8. First of all, as set forth above, Ms. Cooke has been aware of the affirmative defense since the beginning of the litigation. Therefore, Ms.

Cooke has had the opportunity to depose witnesses and propound discovery requests concerning the affirmative defense throughout the discovery period. As evidenced by Ms. Cooke's requests for admission and her counsel's questioning during the Rule 30(b)(6) deposition, Ms. Cooke, in fact, conducted discovery concerning the affirmative defense. Thus, there is no need for Ms. Cooke to conduct any additional discovery in this case.[5]

Furthermore, even assuming that Ms. Cooke was unaware of the affirmative defense until the filing of our motion to amend the answer on October 19, 2007, Ms. Cooke cannot deny that the motion to amend made her aware of the affirmative defense. When that motion was filed, the time for taking depositions had not ended (and has still not ended). Therefore Ms. Cooke surely could have conducted depositions and questioned witnesses about the affirmative defense from that point onward. In fact, during a deposition held on October 25, 2007, Ms. Cooke's counsel questioned Ellen Engleman Conners regarding the reasons behind the allocation of SES slots, an issue only relevant to the affirmative defense. See Ex. D at 99-104. Thus, there is certainly no reason for Ms. Cooke to re-open any of the depositions that have been taken or will be taken after October 19, 2007.

III. Contrary To Ms. Cooke's Assertion, The Scope Of Our Affirmative Defense Is Clear

Ms. Cooke claims that, even now, it is unclear what affirmative defense we wish to assert. Pl. Opp. at 7. The purpose of Rule 8(c) of the Rules of the Court of Federal Claims ("RCFC"), the rule concerning affirmative defenses, is simply to give the opposing party fair notice of any issue that may be raised at trial. See Holland v. United States, 74 Fed. Cl. 225, 256

---

[5] Accordingly, we respectfully request that this Court deny Ms. Cooke's request for legal fees and costs to conduct additional discovery and her request for an extension of the discovery period.

(2006). Affirmative defenses are not required to be raised with any "rigorous degree of specificity." Kulzer v. Pittsburgh-Corning Corp., 942 F.2d 122, 125 (2d Cir.1991); see International Fidelity Ins. Co. v. United States, 27 Fed. Cl. 107, 110 (1992) (stating that defendant's pleading requirement is met if defendant sufficiently articulates defense so that plaintiff is not victim of unfair surprise).

IV. Ms. Cooke's Other Arguments Are Meritless

Finally, Ms. Cooke makes numerous unfounded allegations regarding the reasons behind our filing of the motion to amend. As we stated in our motion, the affirmative defense was inadvertently excluded from our answer dated January 8, 2007. This oversight came to our attention when Ms. Cooke raised the issue in her motion for summary judgment, filed on October 9, 2007. Ex. E at 1. At that point, we moved to amend our answer to include the affirmative defense, a defense of which Ms. Cooke had ample notice. Ms. Cooke asserts, without any justification, that our representation that the omission of the affirmative defense from our answer was inadvertent was untruthful. Pl. Opp. at 2. We have given Ms. Cooke no reason whatsoever to believe that we would misrepresent to the Court the reason for filing our motion to amend.

Ms. Cooke further characterizes our motion to amend as a "desperate attempt, in the face of a pending motion for summary judgment, to belabor and delay this litigation, find some basis for creating an issue of fact where none exists, and further harass Plaintiff." Pl. Opp. at 2-3; see also Pl. Opp. at 1, 2. Ms. Cooke's allegations of harassment are completely groundless and untrue. Furthermore, we have given Ms. Cooke no reason to believe that our intent in filing our motion to amend was to delay this litigation. On the contrary, we clearly stated that the reason

we filed our motion was to correct an inadvertent error. Additionally, we specifically stated in our motion that we did not believe grating leave to amend would cause any delay in the litigation of this case. Def. Mot. at 3.

Ms. Cooke suggests that, upon seeing her motion for summary judgment, we believed that she had made her prima facie case and that we filed our motion to amend "solely to dredge up some basis to establish an issue of fact where none exists." Pl. Opp. at 6 n.2. See also Pl. Opp. at 1, 2-3. On the contrary, we do not believe that Ms. Cooke has made her prima facie case, and we intend to so argue in our response to Ms. Cooke's motion for summary judgment. Additionally, as set forth above, the reason for the timing of the filing was not because we believed Ms. Cooke has made her prima facie case, but, rather, that Ms. Cooke's motion for summary judgment brought to our attention that we had inadvertently omitted the affirmative defense from our answer.

In sum, contrary to all of Ms. Cooke's unfounded allegations, the reason for our filing of the motion to amend was to assert an affirmative defense that was inadvertently omitted from our answer, but that we have clearly intended to raise, and of which Ms. Cooke has been fully aware, throughout the course of this litigation.

## CONCLUSION

For these reasons, and the reasons stated in our motion, we respectfully request that the Court grant the Government leave to file its Amended Answer and Affirmative Defense and deny Ms. Cooke's request to extend the discovery deadline and for legal fees.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ HAROLD D. LESTER, JR.
HAROLD D. LESTER, JR.
Assistant Director

/s/MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

Of Counsel:
DENISE D'AVELLA
Office of General Counsel
National Transportation Safety Board

November 26, 2007

Attorneys for Defendant

<u>CERTIFICATE OF SERVICE</u>

I certify under that on this 26th day of November, 2007 a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

<u>/s/ MEREDYTH D. COHEN</u>