# EXHIBIT NO. 8

# In the United States Court of Federal Claims

No. 06-748C

(Filed: December 6, 2007)

| | | |
|---|---|---|
| *************************************** | * | |
| MARJORIE MURTAGH COOKE, | * | Motion for Leave to Amend Answer; Affirmative Defenses; Rules 8(c) and 15(a); Undue Delay or Prejudice; Need to Conduct Additional Discovery. |
| The plaintiff, | * | |
| v. | * | |
| THE UNITED STATES, | * | |
| Defendant. | * | |
| *************************************** | * | |

*R. Scott Oswald,* with whom was *Dave Scher,* The Employment Law Group, PC, Washington, D.C., for The plaintiff.

*Meredyth D. Cohen*, with whom were *Jeffrey S. Bucholtz*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, *Harold D. Lester, Jr.*, Assistant Director, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., *Denise D'Avella*, National Transportation Safety Board, Of Counsel, for Defendant.

## OPINION ON MOTION TO AMEND ANSWER

WHEELER, Judge.

At issue before the Court is whether to allow Defendant to amend its answer and raise affirmative defenses under Rule 15(a) of the Rules of the Court of Federal Claims ("RCFC"). For the reasons explained below, Defendant's motion to amend its answer is GRANTED.

## Background

Plaintiff, Marjorie Murtagh Cooke, filed her complaint in the United States District Court for the District of Columbia on April 26, 2006, alleging violations of the Equal Pay Act, 29 USC § 206(d)(1), and the Fair Labor Standards Act, 29 USC § 215(a)(3). On November 9, 2006, this Court accepted the Equal Pay Act claim by transfer from the U.S. District Court. Section 206(d)(1) states:

> No employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex . . . .

29 USC § 206(d)(1).

"It is well established that the four exemptions to liability under the Equal Pay Act are affirmative defenses." Hauschild v. United States, 53 Fed. Cl. 134, 140 n.6 (2002) (citing Corning Glass Works v. Brennan, 417 U.S. 188, 196-97 (1974)). Defendant, however, "inadvertently excluded" the § 206(d)(1) affirmative defenses from its January 8, 2007 answer, and confirmed its inadvertent mistake in a discovery response on April 30, 2007. See Def.'s Resp. to Pl.'s First Req. For The Produc. Of Docs., ¶ 6 (unequivocally stating that it "did not assert any affirmative defenses in its answer"). On October 9, 2007, three weeks before the scheduled completion of discovery and seven weeks before dispositive motions were due, Plaintiff filed her motion for summary judgment. After reading Plaintiff's motion, Defendant became aware of its "oversight" and on October 19, 2007, moved to amend its answer under RCFC 15(a) to include the § 206(d)(1) affirmative defenses. Plaintiff opposed the motion, the parties completed briefing on November 26, 2007, and the Court heard oral argument on December 5, 2007.

## Discussion

Under RCFC 8(c), a defendant that fails to raise an affirmative defense in its answer risks waiving that defense at trial. However, the "purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that the party is prepared to properly litigate it." District of Columbia v. United States, 67 Fed. Cl. 292, 336 (2005) (citing Al-Kurdi v. United States, 25 Cl. Ct. 599, 604 (Cl. Ct. 1992)); see also Conley v. Gibson, 355 U.S. 41, 48 (1957) ("[T]he purpose of the pleading is to facilitate a proper decision on the merits."). Consequently, "the waiver is not effective absent unfair surprise or prejudice." First Annapolis Bancorp, Inc. v. United States, 75 Fed. Cl. 280, 288 (2007) (holding affirmative defense raised for first time after close of discovery was not waived because the plaintiff had an opportunity to conduct discovery on the issue and could not demonstrate unfair surprise and prejudice) (citing Caldera v. Northrop Worldwide Aircraft Servs., 192 F.3d 962, 970 (Fed. Cir. 1999)).

When a party fails to plead an affirmative defense, it may cure the defect by moving to amend its pleading under RCFC 15(a). Rule 15(a) allows the moving party to amend ". . . by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Absent some reason such as bad faith, undue delay, or undue prejudice to the opposing party, "the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182

(1962). Determining whether the amended pleading would cause undue delay or prejudice is an exercise in discretion by the trial court. Foman, 371 U.S. at 182; Filmtec Corp. v. Hydroponics, 67 F.3d 931, 935 (Fed. Cir. 1995).

Delay alone, without a showing of prejudice, may be sufficient grounds to deny a RCFC 15(a) motion when that delay is measured in years. See e.g., Te-Moak Bands of W. Shoshone Indians of Nev. v. United States, 948 F.2d 1258, 1262-63 (Fed. Cir. 1991) (denying motion to amend after an eight-year delay and holding that the moving party bears the burden of showing that the delay was justified); Rockwell Automation, Inc. v. United States, 70 Fed. Cl. 114, 124 (2006) (denying motion to raise new affirmative defenses where government failed to justify an eight-year delay). In this case, Defendant sought to amend its answer and raise affirmative defenses under 29 U.S.C. § 206(d)(1) nine months after it inadvertently omitted them from its answer. The Court finds that a nine-month delay standing alone is insufficient grounds to deny a motion to amend. Therefore, absent a showing of undue prejudice or bad faith, Defendant should be afforded the opportunity to assert its affirmative defenses.

Plaintiff argues that it will suffer undue prejudice if Defendant is allowed to amend its answer at this stage of the litigation. Undue prejudice may be found when an amended pleading would cause unfair surprise to the opposing party, unreasonably broaden the issues, or require additional discovery. See Hauschild v. United States, 53 Fed. Cl. 134 (2002); Parish v. Frazier, 195 F.3d 761, 763-64 (5th Cir. 1999) (denying motion to amend complaint because amendment would broaden issues and require additional discovery); Material Supply Int'l, Inc. v. Sunmatch Industrial Co., 146 F.3d 983, 991 (D.C. Cir. 1998) (granting motion to amend answer and allow statute of limitations defense three weeks before trial because the plaintiff "had plenty of notice" that the issue could be raised). In Hauschild, plaintiff brought an Equal Pay Act claim under 29 U.S.C. § 206(d)(1), and defendant did not raise any affirmative defenses until the filing of its summary judgment opposition brief. Hauschild, 53 Fed. Cl. at 137, 139. In spite of defendant's mistake and its failure to amend its answer under RCFC 15(a), the court denied plaintiff's motion in limine and allowed the § 206(d)(1) affirmative defenses because "the answer nonetheless provided the plaintiff with notice that the defenses would be raised." Id. at 140. The Court pointed to the fact that, in its answer, defendant denied that "the differential rate of pay was not part of or occasioned by a seniority system, merit system, a system based on quantity or quality of production, or upon a 'factor other than sex.'" Id. The court also pointed to the joint preliminary status report which stated that one of the relevant issues was "whether the alleged differential rate of pay between the plaintiff and one particular employee was based upon a seniority or merit system, or any factor other than the employee's gender." Id.

Allowing Defendant to amend its answer in the present case would not cause unfair surprise or unreasonably broaden the issues. Plaintiff's prima facie case and the affirmative defenses that Defendant seeks to raise are set out in the same statutory subsection in 29 U.S.C. § 206(d)(1). Additionally, the parties' February 27, 2007 joint preliminary status report identified one of the disputed legal issues as whether Defendant paid Plaintiff in violation of the Equal Pay Act, 29 USC § 206(d). Furthermore, Defendant put Plaintiff on notice that the § 206(d)(1) affirmative defenses were at issue during discovery. Specifically, in response to questions in Plaintiff's April 23, 2007

request for admissions, Defendant denied that "NTSB did not award promotions and compensation for an SES level position based on a seniority system," and denied that NTSB did not award promotions and compensation based on a merit system.

The issue of whether allowing the affirmative defenses will require additional discovery is a more troubling question. Plaintiff emphasizes that she conducted eight months of discovery and prepared a motion for summary judgment based on Defendant's representation that it was not asserting any affirmative defenses. Pl.'s Resp. at 3-4. Plaintiff's time and effort was not wasted, however, as she will ultimately bear the burden of establishing the prima facie elements of her cause of action. Plaintiff estimates that if Defendant is allowed to raise affirmative defenses, she would need at least another 120 days to re-depose witnesses and propound new discovery requests. Defendant disputes Plaintiff's need for additional discovery because, according to Defendant, Plaintiff "has been aware of the affirmative defense since the beginning of the litigation," and she "has had the opportunity to depose witnesses and propound discovery requests concerning the affirmative defense throughout the discovery period." Def.'s Reply at 5-6. The Court concludes that Plaintiff's need to conduct additional discovery is reasonable and regrettable, but is not sufficient justification to cut off Defendant's right to assert its affirmative defenses.

## CONCLUSION

For the above reasons, Defendant's motion to amend its answer is GRANTED, and the parties are directed to adhere to the amended discovery schedule set forth in the accompanying order.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge