# In the United States Court of Federal Claims

No. 06-748C

(Filed: July 9, 2008)

```
************************************ *
                                     *
MARJORIE MURTAGH COOKE,              *
                                     *
                 Plaintiff,          *
                                     *
 v.                                  *
                                     *
THE UNITED STATES,                   *
                                     *
                 Defendant.          *
                                     *
************************************ *
```

**ORDER**[1]

This case concerns Plaintiff Marjorie Murtagh Cooke's employment as the Director of the Office of Marine Safety ("OMS"), a unit of the National Transportation Safety Board's ("NTSB's") Office of Surface Transportation Safety ("OSTS"), from 1997 to June 2005. Ms. Cooke alleges that during her tenure as Director of OMS, she was paid less than the similarly situated male unit directors in OSTS. Ms. Cooke filed a complaint in the United States District Court for the District of Columbia on April 26, 2006, alleging violations of the Equal Pay Act, 29 USC § 206(d)(1),[2] and the Fair Labor Standards Act, 29 USC §

---

[1] The facts set forth in this order do not constitute findings of fact by the Court. The facts cited are either undisputed or alleged and assumed to be true for the purposes of Defendant's motion.

[2] Section 206(d)(1) states that:

> No employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except

(continued...)

215(a)(3). On November 9, 2006, this Court accepted the Equal Pay Act claim by transfer from the U.S. District Court.

Defendant filed a motion for summary judgment on May 14, 2008, arguing that "the uncontroverted facts" demonstrate that (1) "Ms. Cooke's job did not require equal skill, effort, and responsibility and was not performed under similar conditions as her alleged comparators," and (2) "the NTSB's decision to pay Ms. Cooke at the GS-15 level was based on merit and other gender-neutral considerations." Def.'s Mot. at 1.

Summary judgment is appropriate only when (1) no genuine issue of material fact exists, and (2) the moving party is entitled to judgment as a matter of law. See RCFC 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Telemac Cellular Corp. v. Topp Telecom, Inc., 247 F.3d 1316, 1323 (Fed. Cir. 2001). Summary judgment will not be granted if "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Liberty Lobby, 477 U.S. at 248; see also Eli Lilly and Co. v. Barr Labs., Inc., 251 F.3d 955, 971 (Fed. Cir. 2001).

In reviewing a motion for summary judgment, the benefit of all presumptions and factual inferences run in favor of the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Lathan Co., Inc. v. United States, 20 Cl. Ct. 122, 125 (1990) ("When deciding whether summary judgment is appropriate, this court resolves factual disputes against the movant."). The moving party bears the initial burden of showing an absence of evidence to support the opposing party's case. The non-movant must go beyond the pleadings to show specific facts that give rise to genuine issues of material facts. Disputes over facts that might affect the outcome of the case are considered "material." See Liberty Lobby, 477 U.S. at 247-48. If the non-moving party produces sufficient evidence to raise a genuine issue of fact material to the outcome of the case, the motion for summary judgment should be denied. Id. at 248.

In support of its motion, Defendant filed a statement of proposed findings of uncontroverted fact containing 259 claimed uncontroverted facts. Defendant's proposed unconverted facts were based largely on statements made by key witnesses in sixteen depositions, declarations, and affidavits. For example, in a section titled "Additional Differences Between Ms. Cooke And Her Alleged Comparators," 21 of the 22 alleged

---

[2](...continued)

> where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex . . . .

uncontroverted facts were supported by witness declarations and deposition testimony. Def.'s Proposed Findings at 31-34.

In response, Ms. Cooke filed a statement of undisputed facts and material facts in dispute. Plaintiff agreed with 47 of Defendant's proposed uncontroverted facts, proposed eight additional uncontroverted facts, and disagreed with the remaining 212 of Defendant's proposed uncontroverted facts. Ms. Cooke supported her statement of disputed facts with 34 exhibits, including excerpts from fifteen depositions and declarations of key witnesses. Specifically, Ms. Cooke identified genuine disputes regarding the following material facts:

1. Whether Ms. Cooke's position and the positions of her alleged comparators required the same skill, effort, and responsibilities.

2. Whether the working conditions of Ms. Cooke were the same as those of her alleged comparators.

3. Whether Ms. Cooke's alleged unequal pay was based on merit or some other non-gender related cause.

Based on the evidence identified in her June 25, 2008 statement of material facts in dispute, the Court finds that Ms. Cooke has met her burden of producing sufficient evidence to raise genuine issues of fact material to the outcome of the case. See Liberty Lobby, 477 U.S. at 247-48. Additionally, because much of the disagreement between the parties revolves around the statements of a few key witnesses, the Court finds that it would be useful to hear those witnesses' live testimony at trial and assess their credibility. Accordingly, Defendant's motion for summary judgment is DENIED. The parties are directed to comply with the Court's April 2, 2008 Pretrial Order, as amended by the May 1, 2008 Scheduling Order.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge