**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **Case No. 06-748C**<br>**Judge Thomas C. Wheeler** |

**PLAINTIFF'S PRETRIAL STATEMENT AND**
**MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

Pursuant to Judge Thomas C. Wheeler's Pretrial Order, issued on April 2, 2008, and pursuant to Appendix A, Paragraph 14(a) of the Rules of the U.S. Court of Federal Claims ("RCFC"), Plaintiff submits her Pretrial Statement and Memorandum of Contentions of Law and Fact. Plaintiff certifies that, pursuant to RCFC, Appendix A, Paragraph 13, David Scher on behalf of Plaintiff Marjorie Murtagh Cooke ("Plaintiff" or "Mrs. Murtagh Cooke"), Meredyth Cohen on behalf of Defendant the United States of America ("Defendant" or "US"), and Kathleen Silbaugh on behalf of the National Transportation Safety Board ("NTSB") met and conferred on July 8, 2008, and on multiple occasions thereafter with regard to each party's contentions of fact, proposed exhibits, and proposed witnesses.

## Stipulations of Uncontested Material Facts

Plaintiff directs this Court to the Joint Stipulations of Fact to be filed on this day, July 17, 2008, by both parties. Said document highlights for this court a list of facts both parties have agreed to stipulate as true for the purposes of trial.

**Statement of the Facts to Prove at Trial**

Plaintiff asserts that the facts plaintiff expects to prove and a discussion of her position with respect to the facts on which Defendant is expected to rely are fully set out in Plaintiff's Statement of Material Facts in Dispute attached to her Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment. *See* Docket Document No. 54.

**Contested Factual Issues at Trial**

Plaintiff asserts that the following factual issues are contested by Defendant and that that Plaintiff will, at trial, prove each issue to be true:

1. The NTSB paid Mrs. Murtagh Cooke, former Director of the Office of Marine Safety ("OMS"), a female, less than her male comparators, John Clark ("Clark"), Director of the Office of Aviation Safety ("OAS"); Joseph Osterman ("Osterman"), Director of the Office of Highway Safety ("OHS"); and Robert Chipkevich ("Chipkevich"), Director of the Office of Railroad, Pipeline and Hazardous Materials Investigations ("ORPH").
2. Mrs. Murtagh Cooke, Clark, Osterman, and Chipkevich are comparators as understood by the Equal Pay Act, 29 U.S.C. § 206 ("EPA").
3. The positions of Directors of OMS, OAS, OHS, and ORPH required the same core skills, effort, responsibilities, and operated under the same working conditions.
4. The disparity in pay between Mrs. Murtagh Cooke and her comparators was not based upon a merit system.

5. The disparity in pay between Mrs. Murtagh Cooke and her comparators was not based upon a factor other than sex.

**Citations to Relevant Cases, Laws and Regulations**

Plaintiff states that the relevant cases, laws, statutes, and regulations are cited in her Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment, listed for the benefit of this Court in a Table of Authorities on page 3 of that filing. *See* Docket Document No. 54 at 3, Attached hereto as Exhibit A. There are no additional cases, statutes, or other laws that need to be brought to the Court's attention at this time.

**Conclusions of Law**

Plaintiff asserts the following conclusions of law will be established at trial before this Court:

1. Mrs. Murtagh Cooke establishes a *prima facie* case under the EPA by showing that Defendant paid different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. *See Mansfield v. U.S.*, 71 Fed. Cl. 687, 692-93 (2006), quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974). *See also*, *Hauschild v. U.S.*, 53 Fed. Cl. 134, 138 (2002); *Lissak v. United States*, 49 Fed. Cl. 281, 284 (2001); *Allison v. U.S.*, 39 Fed. Cl. 471, 475 (1997); *Raymond v. United States*, 31 Fed. Cl. 514, 518 (1994); *Molden v. United States*, 11 Cl. Ct. 604, 610 (1987).

2. To establish a *prima facie* case, it is not necessary to prove that the work of plaintiff's comparator(s) is identical in every aspect, but only that it requires equal skill, effort, and responsibility, and that it is performed under similar working conditions. In the context of the EPA, "equal" work does not mean "identical" work. Insubstantial or minor differences in the degree or amount of skill, or effort, or responsibility required for the performance of jobs will not render the equal pay standard inapplicable. *See Corning Glass Works*, 417 U.S. 188, 94 S.Ct. 2223, 41 L.E. 2d 1 (1974); *Hauschild*, 53 Fed. Cl. at 138; *Ellison v. United States*, 25 Cl. Ct. 481, 487 (1992); 29 C.F.R. § 1620.14(a).

3. In determining whether Mrs. Murtagh Cooke and her comparators performed equal work on jobs requiring equal skill, effort, and responsibility under similar working conditions, the focus of the inquiry is on the primary duties of each job. The controlling factor under the EPA is job content; the actual duties that the respective employees are called upon to perform. *Hauschild*, 53 Fed. Cl. at 138, citing 29 C.F.R. § 1620.15(a) (2001); *Goodrich v. Int'l Bhd. of Elec. Workers*, 815 F.2d 1519, 1524 (D.C. Cir. 1987); *Pearce v. Wichita County, etc., Hosp. Bd.*, 590 F.2d 128, 133 (5th Cir.1979).

4. Once the Plaintiff establishes a *prima facie* case, the burden shifts to the defendant to prove, as a matter of law, one of four affirmative defenses under 29 U.S.C. § 206(d)(1). *See Hauschild*, 53 Fed. Cl. 134, 138 (2002), citing *Corning Glass Works*, 417 U.S. at 196, 94 S.Ct. 2223; *County of Wash. v. Gunther*, 452 U.S. 161, 170, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981); *Mansfield*, 71 Fed. Cl. at 693; *Allison*, 39 Fed. Cl. at 475-76.

5. Merely asserting a plausible, non-gender based explanation is not sufficient. An employer's liability under the EPA is exempted only if it can show that the differential is attributable to one of the four presumptively sex-neutral reasons enumerated in the EPA. *Hauschild*, 53 Fed. Cl. at 139.
6. Back pay based on retroactive promotion is a remedy which is plainly available to Plaintiff. *See Molden v. U.S.*, 11 Cl. Ct. 604, 614 (Cl. Ct. 1987).

## Exhibits

Plaintiff directs this Court to the Joint Trial Exhibit List to be filed on this day, July 17, 2008, by both parties. Said document highlights for this court a (1) a joint list of exhibits to which both neither party objects, (2) a list of exhibits Plaintiff proposes to present, to which Defendant may object, and (3) a list of exhibits Defendant proposes to present, to which Plaintiff may object.

## Witnesses

Below is a list of persons Plaintiff expects to call as witnesses at trial, including their full name and address as known to Plaintiff, a brief description of the subject matter of the person's testimony, expected length of direct examination, and indication of certainness of testimony. Pursuant to RCFC, Appendix A, Paragraph 15(b), Plaintiff will file, independently from this Pretrial Statement, a Motion for Leave to Present Deposition Testimony.

| **Name** | **Known Address** | **Subject Matter** | **Expected Length** | **Certainness** |
|---|---|---|---|---|
| Marjorie Murtagh Cooke | 8475 Sylvan Way Clifton, VA 20124 | Plaintiff, all topics regarding prima face case, Defendant's affirmative defenses, and damages | 3 Hours | Definite |
| Dr. Richard Edelman, Ph.D. | 8515 Whittier Blvd. Bethesda, MD 20817 | Expert, will testify regarding the calculation and nature of Plaintiff's damages, specifically lost income | 1 Hour | Definite |
| Daniel Campbell | 11341 Vale Rd. Oakton, VA 22124 | Will be questioned regarding knowledge of Plaintiff's unequal pay, Plaintiff's complaint regarding unequal pay and request for overtime, Campbell's decision to re-advertise the Director of OMS SES position, the relative skills, effort, responsibilities, duties, and conditions among the directorships of OMS, OAS, OHS, and ORPH | 2 Hours | Definite |
| Emily Carroll | 490 L'Enfant Plaza East, SW Washington, DC 20594 (office of NTSB, employer) | Will be questioned regarding the NTSB's plan to appoint SES positions to all modal directors; the granting of performance awards, overtime, and other methods of equalizing pay | 1 Hour | Definite |
| John C. Clark | 490 L'Enfant Plaza East, SW Washington, DC 20594 (office of NTSB, employer) | Comparator, will be questioned regarding his compensation, job skills, efforts, responsibilities, duties, conditions, appointment to an SES position | 1 Hour | Definite |

| | | | | |
|---|---|---|---|---|
| Ellen Engleman Conners | 445 12th Street, SW, Room 7-C723 Washington, DC 20554 (office of the Federal Communications Commission, employer) | Will be questioned regarding knowledge of Plaintiff's complaints of unequal pay and requests for overtime, the relative skills, effort, responsibilities, duties, and conditions among the directorships of OMS, OAS, OHS, and ORPH | 2 Hours | Definite |
| Thomas E. Haueter | 490 L'Enfant Plaza East, SW Washington, DC 20594 (office of NTSB, employer) | Will be questioned regarding appointment to an SES position, the NTSB's decision to appoint all modal directors to SES positions, and skills, efforts, responsibilities, duties, and conditions of position | 1 Hour | May |
| Joseph G. Osterman | 490 L'Enfant Plaza East, SW Washington, DC 20594 (office of NTSB, employer) | 30(b)(6) Representative of NTSB, Comparator, will be questioned regarding compensation, the skills, effort, responsibilities, and conditions with respect to his position, the NTSB's affirmative defenses, the available mechanisms to equalize pay among NTSB modal directors | 3 Hours | Definite |
| John S. Spencer | 490 L'Enfant Plaza East, SW Washington, DC 20594 (office of NTSB, employer) | Plaintiff's Successor, will be questioned regarding compensation, appointment to the OMS SES position, the skills, effort, responsibilities, duties, and conditions of his position | 1 Hour | May |

**Conclusion**

Plaintiff submits the above as her Pretrial Statement and Memorandum of Contentions of Law and Fact and, following the submission of Defendant's Pretrial Statement, reserves her right to respond to any new or previously undiscovered issues raised by Defendant in its Pretrial Statement. Plaintiff also reserves her right to amend the present Pretrial Statement in accordance with any agreements made by both parties following the Final Pretrial Conference scheduled for August 4, 2008.

Respectfully submitted,

/s/

R. Scott Oswald
Dave Scher
Employment Law Group, P.C.
888 17th Street, N.W.
Suite 900
Washington, D.C. 20006-3307
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff's Pretrial Statement and Memorandum of Contentions of Law and Fact was served via the Court's electronic filing service this 17th day of July, 2008, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

/s/
R. Scott Oswald