IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARJORIE MURTAGH COOKE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-748C<br>(Judge Wheeler) |

MOTION FOR PARTIAL RECONSIDERATION

Pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that this Court partially reconsider its July 9, 2008 order denying defendant's motion for summary judgment. In its order, the Court found that plaintiff, Marjorie Murtagh Cooke, "met her burden of producing sufficient evidence to raise genuine issues of fact material to the outcome of the case." Order at 3. Specifically, the Court found that Ms. Cooke identified genuine disputes of fact regarding the following material issues:

> 1. Whether Ms. Cooke's position and the positions of her alleged comparators required the same skill, effort, and responsibilities.
>
> 2. Whether the working conditions of Ms. Cooke were the same as those of her alleged comparators.
>
> 3. Whether Ms. Cooke's alleged unequal pay was based on merit or some other non-gender related cause.

Id. Defendant seeks reconsideration of the Court's decision as to issues 1 and 2.[1]

"A new trial or rehearing or reconsideration may be granted . . . for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." RCFC 59(a). "For a movant to prevail, he must point to a 'manifest error of law, or mistake of fact' and demonstrate that the motion 'is not intended to give an

[1] Defendant does not seek reconsideration of the Court's decision as to issue 3.

unhappy litigant an additional chance to sway the court.'" Strickland v. United States, 36 Fed. Cl. 651, 657 (1996) (citation omitted); see also Fifth Third Bank of W. Ohio v. United States, 52 Fed. Cl. 637, 638-39 (2002); Crowley v. United States, 56 Fed. Cl. 291, 294-95 (2003). In this particular action, the parties, after Ms. Cooke filed her response to defendant's motion for summary judgment, were able to come to agreement upon the large majority of the Government's proposed findings of fact, which the Government would have identified in its reply brief. In these circumstances, it appears wasteful to require the expense of a trial when the parties have been able to resolve the factual disputes.

On July 8, 2008, the parties met to discuss, among other matters, the joint stipulation of uncontested material facts to be filed pursuant to the Court's April 2, 2008 pretrial order. During that meeting and in subsequent conversations, the parties agreed to stipulate to 221 total facts, including the vast majority of the 259 facts that defendant had proposed in conjunction with its motion for summary judgment and the eight additional facts proposed by Ms. Cooke in her response to defendant's motion for summary judgment. The parties filed their Joint Stipulation of Facts on July 17, 2008.

The Court appeared to base its conclusion as to issues 1 and 2 upon the fact that Ms. Cooke agreed with only 47 of defendant's 259 proposed uncontroverted facts. Order at 3. In light of the parties' stipulation as to 221 facts, defendant believes that there are no genuine issues of material fact as to issues 1 and 2 identified in the Court's order, which relate to Ms. Cooke's prima facie case. Defendant contends that, as a matter of law, Ms. Cooke's position and the positions of her alleged comparators did not require the same skill, effort, and responsibilities and were not performed under similar working conditions. Accordingly, defendant respectfully requests that the Court reconsider the portion of its order denying summary judgment as to Ms.

Cooke's prima facie case, find that Ms. Cooke has failed to establish her prima facie case, and enter judgment in favor of defendant.

Defendant further requests that, if this Court agrees to reconsider its July 9, 2008 order, defendant be permitted to file a reply to plaintiff's opposition to defendant's motion for summary judgment.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ HAROLD D. LESTER, JR.
HAROLD D. LESTER, JR.
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:

KATHLEEN SILBAUGH
Office of General Counsel
National Transportation Safety Board

July 17, 2008

CERTIFICATE OF SERVICE

I certify under that on this 17th day of July, 2008 a copy of the foregoing "MOTION FOR PARTIAL RECONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ MEREDYTH D. COHEN