**No. 06-748C**
**(JUDGE WHEELER)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**MARJORIE MURTAGH COOKE,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# DEFENDANT'S OPPOSITION TO AND MOTION TO STRIKE "PLAINTIFF'S NOTICE OF DEPOSITION TESTIMONY DESIGNATIONS OR, ALTERNATIVELY, MOTION FOR LEAVE TO ADMIT PRIOR TESTIMONY INTO EVIDENCE" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

---

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

HAROLD D. LESTER, JR.
Assistant Director

MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

Of Counsel:

KATHLEEN SILBAUGH
Office of General Counsel
National Transportation Safety Board

August 1, 2008

Attorneys for Defendant

TABLE OF CONTENTS

TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... ii

SUMMARY OF ARGUMENT ..... 2

DISCUSSION ..... 3

I. Ms. Cooke's "Notice" Should Be Stricken Because Only The Court Can Determine That The Testimony Constitutes Admissions ..... 3

II. Ms Cooke Has Failed To Establish The Admissibility Of The Designated Testimony Pursuant To Federal Rule Of Evidence 801(d)(2) ..... 5

A. Ms. Cooke Has Not Provided The Court With Sufficient Information To Meet Her Burden Of Establishing The Admissibility Of Each Of Her Proposed Designations ..... 5

B. Ms. Cooke Cannot Introduce The Testimony Of Daniel Campbell Because He Was Not An Employee Of The Federal Government At The Time Of His Designated Testimony 7

C. Ms. Cooke Cannot Introduce Testimony Of Government Employees That Was Outside The Scope Of Their Employment When The Testimony Was Given ..... 8

III. Ms. Cooke Has Not Made The Proper Showing As To Why Designated Testimony Should Be Allowed To Burden The Record ..... 10

A. Ms. Cooke Has Failed To Establish Good Cause For Using Deposition Designations *In Lieu* Of Live Testimony At Trial ..... 10

B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony ..... 11

IV. If The Court Allows The Deposition Testimony To Become Part Of The Record, The Court Should Permit The Government To File Objections And Cross-Designations If Needed ..... 15

CONCLUSION ..... 15

# TABLE OF AUTHORITIES

## CASES

Am. Steel Works v. Hurley Construction Co.,
46 F.R.D. 465 (D. Minn. 1969)....12

Angelo v. Armstrong World Industrial,
11 F.3d 957 (10th Cir. 1993) ....10

Banks v. Yokemick,
144 F. Supp. 2d 272 (S.D.N.Y. 2001)....12

Blair v. Henry Filters, Inc.,
505 F.3d 517 (6th Cir. 2007) ....4

Carden v. Westinghouse Elec. Co.,
850 F.2d 996 (8th Cir. 1998) ....5

Delaware v. Van Arsdall,
475 U.S. 673 (1986)....14

Evans v. Port Auth.,
192 F. Supp. 2d 247 (S.D.N.Y. 2002)....4

Globe Sav. Bank v. United States,
61 Fed. Cl. 91 (2004) ....4, 5, 6, 9, 14

Grimna v. Makousky,
76 F.3d 151 (7th Cir. 1966) ....12

Kolb v. Suffolk County,
109 F.R.D. at 125 (E.D.N.Y. 1985) ....11

Long Island Sav. Bank v. United States,
63 Fed. Cl. 157 (2004) ....4, 5

Pacific Gas & Electric Co. v. United States,
73 Fed. Cl. 333 (2006) ....14

Robertson v. National R.R. Passenger Corp.,
No. 98-1397, 1999 WL 280407 (E.D. La. May 3, 1999)....7

Sea-Land Serv., Inc. v. Lozen Int'l, Inc.,
285 F.3d 808 (9th Cir. 2001) ....4, 5, 6, 8

Selby v. Pepsico, Inc.,
784 F. Supp. 750 (N.D. Cal. 1991) ....5

Shapiro, Lifschitz, & Schram, P.C. v. Hazard,
90 F. Supp. 2d 15 (D.D.C. 2000) ....7

United States v. Blum,
62 F.3d 63 (2d Cir. 1995) ....14

United States v. Holmes,
44 F.3d 1150 (2d Cir. 1995) ....14

United States v. Mathis,
559 F.2d 294 (5th Cir. 1977) ....12

White Indus. v. Cessna Aircraft Co.,
611 F. Supp. 1049 (W.D. Mo. 1985) ....9

Yankee Atomic Elec. Co. v. United States,
No. 98-126, 2004 WL 2450874 (Fed. Cl. Sept. 17, 2004) ....7

Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc.,
216 F.R.D. 521 (D. Utah 2003) ....12

Young v. James Green Mgt., Inc.,
327 F.3d 616 (7th Cir. 2003) ....7

**MISCELLANEOUS**

Fed. R. Evid. 801(d) .... passim

Fed. R. Evid. 804(b)(1) ....13

McCormick Evidence 2d § 244 ....12

8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142 (2d ed. 1994) ....13

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARJORIE MURTAGH COOKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-748C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO AND MOTION TO STRIKE
"PLAINTIFF'S NOTICE OF DEPOSITION TESTIMONY DESIGNATIONS OR,
ALTERNATIVELY, MOTION FOR LEAVE TO ADMIT PRIOR TESTIMONY
INTO EVIDENCE" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE*
TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE
EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

Defendant, the United States, respectfully requests that the Court strike "Ms. Cooke's Notice of Deposition Testimony Designations Or, Alternatively, Motion For Leave To Admit Prior Testimony Into Evidence," which plaintiff, Marjorie Murtagh Cooke, filed on July 22, 2008. Ms. Cooke has failed to establish any foundation for the designated testimony or to establish that the designated testimony constitutes "admissions" of the United States, pursuant to Federal Rule of Evidence ("FRE") 801(d)(2)(D). To the extent that the Court deems any of the designated testimony to constitute "admissions" or be admissible pursuant to some other rule, the Government requests that the Court permit the Government to file its objections to the designated testimony and that the Court rule upon those objections prior to the admission of the testimony into evidence. The Government further requests that it be allowed to counter-designate any testimony that it believes is necessary to complete the record, pursuant to FRE 106 and Rule 32 of the Rules of the Court of Federal Claims ("RCFC").

SUMMARY OF ARGUMENT

Ms. Cooke states, in her notice, that she "may introduce" the deposition testimony of seven past and present Government employees, consisting of 323 designated excerpts and over 500 referenced transcript pages, for the Court to consider as substantive evidence. Ms. Cooke also moves alternatively for leave to introduce the testimony as substantive evidence. Nowhere in her "notice" does Ms. Cooke ask the Court to conduct a review of the designated testimony to determine whether the entirety of the testimony, as Ms. Cooke claims, properly constitutes "admissions" by the United States pursuant to FRE 801(d)(2).

Contrary to Ms. Cooke's apparent belief, it is the Court, not Ms. Cooke, which must determine whether the proposed designations properly constitute "admissions" of the United States. To the extent that Ms. Cooke's "notice" purports to merely include the designated deposition testimony in the record of this case as pre-determined "admissions," we respectfully request that the Court strike Ms. Cooke's "notice" from the case. To the extent that Ms. Cooke's notice may be considered a motion to deem the designated testimony as admissions of the Government, Ms. Cooke has failed to make the required showing under FRE 801(d)(2) that the testimony which she has designated may properly be considered to be the admission of a party opponent, and she has ignored or failed to identify numerous objections to the testimony upon which the Court must rule before the testimony could be admitted into the record of this case. Ms. Cooke also has not overcome the preference for live testimony or met her burden to show cause as to why these designations should be allowed. Because the designated testimony is irrelevant, incomplete, or subject to objections, Ms. Cooke should not be allowed to burden the record with its admission.

To the extent that the Court allows Ms. Cooke's designations to become part of the record, in whole or in part, we respectfully request that the Court permit the Government to file its objections to the designated testimony and that the Court rule upon those objections prior to the admission of the testimony into evidence. We further request that the Court grant the Government leave to offer its own counter-designations, pursuant to FRE 106 and RCFC 32(a)(4).

## DISCUSSION

### I. Ms. Cooke's "Notice" Should Be Stricken Because Only The Court Can Determine That The Testimony Constitutes Admissions

In the "notice" of deposition and trial testimony designations, Ms. Cooke states that RCFC Appendix A, Rule ¶ 15(b) "provides that '[a]ny party intending to present substantive evidence by way of deposition testimony, other than as provided by Fed. R. Evid. 801(d), shall serve and file a separate motion for leave to file the transcript of such testimony.'" Notice, at 1 (July 22, 2008) (emphasis in original) (quoting RCFC App. A ¶ 15(b)). Claiming that all of her proposed designations constitute "admissions" by the United States pursuant to FRE 801(d)(2)(D), Ms. Cooke then asserts that, "[b]ecause all of the below identified designations are admissions by a party opponent under both RCFC 32(a)(2) and Fed. R. Evid. 801(d), no motion is required." Notice at 2. Ms. Cooke's attempt to seek admission of the designations into the record of this case without any Court review and approval is inappropriate.

To have a statement ruled admissible pursuant to Rule 801(d)(2)(D), the party offering the statement must establish that the testimony meets three requirements: (1) that the statement is offered against a party whose "agent or servant" allegedly made the statement; (2) that the statement was made during the existence of the declarant's relationship with the party; and

(3) that the statement concerns matters within the scope of the declarant's "agency or employment." Fed. R. Evid. 801(d)(2)(D); see Long Island Sav. Bank v. United States, 63 Fed. Cl. 157, 164-65 (2004); Globe Sav. Bank v. United States, 61 Fed. Cl. 91, 97 (2004). The proffering party has the burden of establishing that the proffered evidence meets all of the necessary criteria for admissibility under Rule 801(d). See, e.g., Long Island, 63 Fed. Cl. at 164-165 (ruling that deposition testimony was admissible only after proponent satisfied each element of FRE 801(d)(2)(D)); Sea-Land Serv., Inc. v. Lozen Int'l, Inc., 285 F.3d 808, 821 (9th Cir. 2001) (it is the burden of "the proffering party to lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's employment.") (quoting Harris v. Itzhaki, 183 F.3d 1043, 1054 (9th Cir. 1999)); Evans v. Port Auth., 192 F. Supp. 2d 247, 263 n.121 (S.D.N.Y. 2002) ("the burden of establishing admissibility, of course, is with the proponent of the evidence"). Although a party certainly must identify the specific testimony that it would like to designate for inclusion in the trial record, the issue of whether the party has met its burden to establish the admissibility of statements offered under FRE 801(d)(2)(D) is a question for the Court to decide under FRE 104(a). See Long Island, 63 Fed. Cl. at 164; Globe, 61 Fed. Cl. at 97; Blair v. Henry Filters, Inc., 505 F.3d 517, 531 (6th Cir. 2007).

To the extent that Ms. Cooke's "notice" purports to remove from the Court's purview any review of her proposed admissions, the Court should strike Ms. Cooke's "notice" of designations.

## II. Ms Cooke Has Failed To Establish The Admissibility Of The Designated Testimony Pursuant To Federal Rule Of Evidence 801(d)(2)

### A. Ms. Cooke Has Not Provided The Court With Sufficient Information To Meet Her Burden Of Establishing The Admissibility Of Each Of Her Proposed Designations

As set forth above, Ms. Cooke, as the proffering party, has the burden of establishing that the deposition testimony which she identifies in her "notice" meets all of the necessary criteria for admissibility under Rule 801(d). Ms. Cooke relies upon Globe and Long Island to argue that "admissions of a party-opponent under Rule 801(d)(2) are accorded generous treatment" in determining admissibility. Notice at 2. Consistent with other court decisions, however, the Court in Globe and Long Island required a showing that the testimony that the plaintiffs sought to designate in each case properly met the requirements of FRE 801(d)(2) as an admission of a party opponent. See Sea-Land, 285 F.3d at 821; Carden v. Westinghouse Elec. Co., 850 F.2d 996, 1002 (8th Cir. 1998); Selby v. Pepsico, Inc., 784 F. Supp. 750, 757 (N.D. Cal. 1991).

Rule 801(d)(2) provides, in pertinent part, as follows:

> Admission by a party-opponent. The statement is offered against a party and is . . .(D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, . . .

Fed. R. Evid. 801(d)(2). In Globe and Long Island, the Court conducted an analysis of the testimony designated to ensure that it met the requirements of the rule. Globe, 61 Fed. Cl. at 96-97; Long Island, 63 Fed. Cl. at 164-65. Specifically, the Court required the plaintiffs to establish that (1) the statements were made by the party, the United States, against whom the statements were being offered; (2) the subject matter of the testimony designated matched the "subject matter of the employee's job description;" and (3) all of the individuals for whom testimony was

designated were employees of the United States Government at the time of their depositions. Id. (citations omitted).

Ms. Cooke has wholly failed to provide the Court with the evidence necessary to make determinations regarding the extensive deposition testimony that she seeks to designate as admissions of a party opponent. Ms. Cooke has designated no testimony to establish the employees' job descriptions, when the individuals were employed by the National Transportation Safety Board ("NTSB"), or even that the NTSB employed the individuals at the time of the testimony. Without this information, the Court is unable to make a proper determination as to whether the testimony is properly admissible. Instead, Ms. Cooke offers only a very short written description of some of the titles that the individuals may have held and a generalized description of the testimony that she has designated. Ms. Cooke has not provided support for these descriptions in the accompanying designations or by any other evidence. Because Ms. Cooke has not undertaken the effort necessary to meet the requirements of FRE 801(d)(2)(D) and establish that the testimony designated truly constitutes "admissions" against the Government, the Court should not admit the designated testimony as substantive evidence.[1]

[1] Ms. Cooke also asserts that the designated portions of testimony should be admitted under RCFC 32(a). That rule allows, in relevant part, a party to use deposition testimony which is otherwise admissible under the rules of evidence as long as the party against whom it is being used was represented at the deposition and the deponent was, the party's "officer, director, or managing agent, or a person designated under RCFC 30(b)(6)." Because the provisions of FRE 801(d) that allow the use of a statement where the declarant was a qualifying "agent or servant" (as discussed herein) are broader than the provisions of RCFC 32(a), this motion discusses only Ms. Cooke's failure to meet the requirements of FRE 801(d).

B. Ms. Cooke Cannot Introduce The Testimony Of Daniel Campbell Because He Was Not An Employee Of The Federal Government At The Time Of His Designated Testimony

Ms. Cooke cannot seek to admit the testimony of Daniel Campbell pursuant to FRE 801(d)(2). Rule 801(d)(2)(D) clearly requires that the statements at issue have been made during the existence of the declarant's "agent or servant" relationship with the party opponent. Fed. R. Evid. 801(d)(2)(D). Courts have therefore held that, for a statement to be admissible under the rule, the declarant must have been an employee or agent of the party opponent when the statement constituting the alleged admission was made. See, e.g., Young v. James Green Mgt., Inc., 327 F.3d 616, 622-23 (7th Cir. 2003) (statements made by former employees of party, who were not employed by party at time of statement, cannot be party admissions under FRE 801(d)(2)(D)); Shapiro, Lifschitz, & Schram, P.C. v. Hazard, 90 F. Supp. 2d 15, 18 n.3 (D.D.C. 2000) ("affidavit does not qualify under the party admission exception in Fed. R. Evid. 801(d)(2)(D) because O'Riordan is a former employee"); Yankee Atomic Elec. Co. v. United States, No. 98-126, 2004 WL 2450874, at *9 (Fed. Cl. Sept. 17, 2004) ("all that is required [under FRE 801(d)(2)(D)] is that the statement concern a matter within the scope of the agency or employment, and that the agent or servant still be employed at the time of making the statement") (emphasis added); Robertson v. National R.R. Passenger Corp., No. 98-1397, 1999 WL 280407, at *1 (E.D. La. May 3, 1999) ("statement issued by a former employee after the employment ceases, is inadmissible under Rule 801(d)(2)(D)").

Although Mr. Campbell was once employed by the Federal Government, he retired from Federal service a full two years before his deposition, and he was not a Federal employee at the time of his deposition. Attachment A, Campbell Dep. Nov. 15, 2007, 14:8-10. Although Ms.

Cooke, in her notice, recognizes that Mr. Campbell was not employed by the Government at the time of his testimony, she nonetheless argues that his testimony should be admitted because his testimony concerned his role as Managing Director of the NTSB and because Government counsel represented him at the time of his deposition. Notice at 3. This does not establish, however, that Mr. Campbell was employed by the United States at the time of his deposition, which is clearly required for the testimony to be admitted pursuant to FRE 801(d)(2)(D). Therefore, Ms. Cooke has established no basis for the admission of the testimony of Mr. Campbell as substantive evidence pursuant to FRE 801(d)(2)(D).

C. Ms. Cooke Cannot Introduce Testimony Of Government Employees That Was Outside The Scope Of Their Employment When The Testimony Was Given

In addition to requiring that the declarant have been "servant or employee" of a party at the time the statements in question were made, Rule 801(d)(2)(D) also requires that the statements "concer[n] a matter within the scope of the agency or employment." Fed. R. Evid. 801(d)(2)(D). On this requirement, too, Ms. Cooke has the burden of establishing that the statements which she seeks to have admitted were within the scope of the declarant's employment when they were made. Sea-Land Serv., 285 F.3d at 821 (it is the burden of "the proffering party to lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's employment.") (quoting Harris, 183 F.3d at 1054). "When a court is evaluating whether such a foundation has been established, '[t]he contents of the statement shall be considered but are not alone sufficient to establish . . . the agency or employment relationship and scope thereof.'" Sea-Land, 285 F.3d at 821 (quoting Fed. R. Evid. 801(d)(2)). "Merely showing that a statement was made by one who is identified generally as an agent or employee of the party, without some further proof as to . . . the scope of his

employment" is not sufficient. White Indus. v. Cessna Aircraft Co., 611 F. Supp. 1049, 1064 (W.D. Mo. 1985). Although Ms. Cooke asserts that each of the designated portions of testimony included in her notice "are important to Ms. Cooke's case," she fails to make any showing for any of the proffered testimony that the statements were within the scope of the deponents' employment at the time of the depositions. Notice at 3-13. Ms. Cooke has therefore failed to meet her burden of establishing that the statements are admissible under FRE 801(d)(2)(D), and the statements should not be admitted.

In addition, the Court noted in Globe that the "scope of employment" inquiry requires that the "subject matter of the admission match the subject matter of the employee's job description." Globe, 61 Fed. Cl. at 97 (internal quotation omitted). Although we maintain that none of the deposition testimony identified by Ms. Cooke should be admitted because Ms. Cooke has not carried her burden to establish its admissibility, at least two of the witnesses indicated in Ms. Cooke's notice, John C. Clark and Ellen Engleman Connors, were clearly not testifying to matters within the scope of their employment at the time of the deposition. Their testimony therefore should not be admitted under Rule 801(d)(2)(D) even if the Court determines that Ms. Cooke has provided sufficient information from which to judge the admissibility of the testimony.

In her notice, Ms. Cooke indicates that the testimony of John C. Clark will be relevant "regarding the establishment of the other modal directors as comparators to Ms. Cooke" and related issues. Notice at 4. At the time of his deposition, however, Mr. Clark was not a modal director, nor was he serving in any supervisory capacity at the NTSB. Mr. Clark was reassigned to the position of Chief Scientist in November 2006, seven months before his deposition, and

held that position at the time of his deposition. Attachment B, Notification of Personnel Action, Nov. 26, 2006. As a Chief Scientist, commenting on the duties and compensation of the Director of the Office of Aviation Safety was not within the scope of Mr. Clark's employment. Therefore, Ms. Cooke cannot have his deposition testimony admitted under FRE 801(d)(2)(D).

Although Ellen Engleman Connors was an employee of the United States at the time of her deposition, Ms. Engleman Connors was no longer an employee of the NTSB. Indeed, as Ms. Cooke concedes, at the time of her deposition, Ms. Engleman Connors was an employee of the Federal Communications Commission's Enforcement Bureau. Notice at 6; Attachment C, Engleman Connors Dep. Oct. 25, 2007, 103:16-104:13. As such, Ms. Engleman Connors' employment did not require her to interact in any way with the NTSB, and the scope of her employment did not include any matters pertinent to Ms. Cooke's claims. Therefore, Ms. Cooke cannot have Ms. Engleman Conners' deposition testimony admitted under FRE 801(d)(2)(D).

## III. Ms. Cooke Has Not Made The Proper Showing <u>As To Why Designated Testimony Should Be Allowed To Burden The Record</u>

### A. Ms. Cooke Has Failed To Establish Good Cause <u>For Using Deposition Designations *In Lieu* Of Live Testimony At Trial</u>

Pursuant to paragraph 15(b) of Appendix A of the Court's rules, Ms. Cooke must show "good cause" for using designated deposition and trial testimony, "other than as provided by [FRE] 801(d)." <u>See</u> RCFC, App. A, ¶ 15(b) ("Any party intending to present substantive evidence by way of deposition testimony . . . <u>shall show cause</u> why the deposition testimony should be admitted") (emphasis added)); <u>see</u> <u>also</u> <u>Angelo v. Armstrong World Industrial</u>, 11 F.3d 957, 963 (10th Cir. 1993) (proponent of using deposition testimony at trial bears the burden of proving that it is admissible in lieu of live testimony under Rule 32 of the Federal Rules of Civil

Procedure). Although paragraph 15(b) of Appendix A itself does not expressly require that a party "show cause" in a written motion regarding the admission of FRE 801(d) evidence, it is clear that this Court has a preference for live testimony and that, even though FRE 801(d) evidence may be presented at trial and supported orally, the party seeking to introduce duplicative, cumulative, and unnecessary evidence must properly support that request.

Ms. Cooke seeks the admission of the testimony of seven individuals, consisting of 323 designations indicating over 500 additional transcript pages for the Court to consider. Ms. Cooke has made no effort to show that any of the witnesses whose deposition testimony she has designated are unavailable to testify at trial. Indeed, Ms. Cooke has also requested to present up to five days of live testimony and intends to call as witnesses all of the individuals whose deposition testimony she seeks to have admitted. Moreover, much of the testimony is irrelevant, incomplete, and replete with objections, all of which need to be ruled upon before the Court considers its substance. Because Ms. Cooke has failed to meet her burden to show why this testimony should be admitted, the Court should exclude it from the record.

### B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony

Ms. Cooke proffers no evidence, and makes no suggestion, that any of the eight witnesses whose deposition testimony she has designated have been or are unavailable to testify at the trial in this case. Even deposition testimony conceded to be an admission under FRE 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the deponent is readily available to testify at trial. Kolb v. Suffolk County, 109 F.R.D. 125, 127 (E.D.N.Y. 1985). Ms. Cooke should be required to present her case through live testimony at trial and should not be

permitted to avoid this obligation by forcing the Court and the Government to read and analyze hundreds of pages of designations in addition to the evidence that Ms. Cooke presents at trial.

Ms. Cooke's failure to make a showing of unavailability flies in the face of established precedent. The preference for live testimony, when available, has been well-established by the courts:

> In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court-declarant. See McCormick Evidence 2d § 244. The jury's observation of the demeanor of the witness and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath.

United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); see Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand") (quoting from Judge Learned Hand in Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person"). Live testimony is necessary to provide this Court with an opportunity to evaluate the witnesses' demeanor during the discussion of events in which the witnesses were involved. Clearly, the reading of a deposition transcript does not serve as an adequate alternative to evaluation of the witness' testimony in person. See Am. Steel Works v. Hurley Construction Co., 46 F.R.D. 465, 470 (D. Minn. 1969) ("[t]he taking of a deposition is not equivalent to having 'live' testimony"); see also Grimna v. Makousky, 76 F.3d 151, 153 (7th Cir. 1966) ("strong preference of Anglo-American courts for live testimony");

Kolb, 109 F.R.D. at 127 ("when depositions are submitted in place of live testimony, the trial judge is denied the opportunity to question the witness . . . [c]learly, testimony by deposition is less desirable than oral testimony and should be used as a substitute only under very limited circumstances."). The preference for live testimony is recognized in RCFC 32 itself, which provides that the Court may allow deposition testimony to be introduced unless it finds "it is not in the interests of justice, with due regard to the importance of presenting the testimony of witnesses orally in open court . . . ." RCFC 32(a)(3)(E)(ii) (emphasis added).

The inquiry on the admissibility of deposition transcripts under RCFC 32 is further informed by this "long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." 8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142, at 158 (2d ed. 1994) (discussing FRCP 32); see Fed. R. Evid. 804(b)(1), Advisory Committee Notes (1972) ("testimony given on the stand in person is preferred over hearsay," such as a witness' former testimony, and "tradition, founded in experience, uniformly favors the production of the witness if he is available" because the "opportunity to observe demeanor is what in a large measure confers depth and meaning upon oath and cross-examination"). Ms. Cooke's introduction into evidence of deposition testimony designations deprives the Court of the opportunity to see witnesses respond to questions and explain their testimony, as well as respond to any questions asked by the Court. Because this Court possesses national jurisdiction and can summon witnesses to testify from throughout the United States when necessary (RCFC 63), this Court should adhere to the strong preference for live testimony and reject Ms. Cooke's attempt to eliminate the need to present such testimony to the Court.

Finally, despite the court's finding in Globe that deposition testimony satisfying the requirements of FRE 801(d)(2) is admissible even if the witness is available to testify, this Court retains the discretion to preclude wholesale introduction of deposition testimony that Ms. Cooke proposes to introduce, which threaten to transform this case into a document review session.[2] See RCFC 1. A party's right to present its case in the manner that it desires "must be balanced against a court's leave to set reasonable limits on the admission of evidence." United States v. Blum, 62 F.3d 63, 67 (2d Cir. 1995) (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). "[J]udges are accorded 'wide latitude' in excluding evidence that poses an undue risk of 'harassment, prejudice [or] confusion of the issues' or evidence that is 'repetitive or only marginally relevant.'" Blum, 62 F.3d at 67 (quoting Van Arsdall, 475 U.S. at 679); see United States v. Holmes, 44 F.3d 1150, 1157 (2d Cir. 1995) ("[a]bsent a clear abuse of discretion, a trial judge retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence"); see also Pacific Gas & Electric Co. v. United States, 73 Fed. Cl. 333, 442 (2006) (court struck deposition designations not relied upon by parties in post-trial briefing to avoid burdening the record, pursuant to FRE 403). Under the Rules, this Court possesses the clear authority to exclude the wholesale introduction of designated testimony, in place of live testimony.

[2] With Ms. Cooke's designations, this Court must review voluminous snippets of substantive testimony, replete with objections, and rule upon all objections, in order to admit the testimony into evidence. RCFC 32(d)(3)(A) ("Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if present at that time"). By submitting pages of deposition testimony, Ms. Cooke not only attempts to supplement her trial time, but also has significantly increased the work involved for both the defendant and the Court, with little or no appreciable benefit.

IV. If The Court Allows The Deposition Testimony To Become Part Of The Record, The Court Should Permit The Government To File Objections And Cross-Designations If Needed

If the Court allows the testimony that Ms. Cooke has designated to become part of the record in this case, the Government respectfully requests that the Court permit the Government to file its objections to the designated testimony and that the Court rule upon those objections prior to the admission of the testimony into evidence. RCFC 32(b). Thereafter, and to the extent that the Court admits any designated testimony, the Government requests that it be granted leave to designate other portions of the same depositions that should in fairness be considered with Ms. Cooke's designations. FRE 106.

CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny the admission of the deposition testimony that Ms. Cooke has designated or, in the alternative, that the Court permit the Government to file its objections to the designated testimony, that the Court rule upon those objections prior to the admission of the testimony into evidence, and that the Court grant the Government leave to file appropriate counter-designations.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ HAROLD D. LESTER, JR.
HAROLD D. LESTER, JR.
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

August 1, 2008 Attorneys for Defendant

# INDEX TO ATTACHMENTS

ATTACHMENT A:

Deposition of Daniel Campbell, Nov. 15, 2007, p. 14.

ATTACHMENT B:

Notification of Personnel Action, John C. Clark, Nov. 26, 2006.

ATTACHMENT C:

Deposition of Ellen Engleman Connors, Oct. 25, 2007, pp. 104-105.

# ATTACHMENT A

A From whenever I took it, either in '99 or 2000, until, I believe, January of 2005. Somewhere around January of 2005, we named another managing director, and I took the position of executive director. 10:06:52 10:06:56 10:07:05 10:07:09 10:07:11

Q And for how long were you in the position of executive director? 10:07:16 10:07:16

A I -- I retired from federal service on September -- the last day of September -- last day of the fiscal year in 2005. 10:07:16 10:07:18 10:07:24

Q I understand. What was the -- let's talk about your job duties for a moment as the managing director. This is the position that you held from in or about 2000 through 2005. What were your job duties? 10:07:41 10:07:44 10:07:47 10:07:49 10:07:52

A The chairman of the agency by statute has the authority to distribute work, to pay employees and to undertake virtually all the administrative operations of the agency. And by federal delegation, rule delegation, that authority is vested in the managing director, so you would exercise whatever authorities the chairman was inclined to have you do. 10:07:53 10:08:01 10:08:06 10:08:13 10:08:19 10:08:22 10:08:26

# ATTACHMENT B

'd Form 50-B
91
'fice of Personnel Management
Jp -33, Subch. 4

# NOTIFICATION OF PERSONNEL ACTION

ie t, Middle)
LARK, JOHN C

2. Social Security Number: [redacted]

3. Date of Birth: [redacted]

4. Effective Date: 11/26/06

RST ACTION

ode | 5-B. Nature Of Action
21 | REASSIGNMENT

ode | 5-D. Legal Authority
5M | 5 U.S.C. 3395(A)(1)(A)

ode | 5-F. Legal Authority

SECOND ACTION

6-A. Code | 6-B. Nature of Action

6-C Code | 6-D. Legal Authority

6-E. Code | 6-F. Legal Authority

ROM: Position Title and Number
UPV AVIATION ACCIDENT INVESTIGATOR
001 TBE0005

| y Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis |
|---|---|---|---|---|---|
| S | 1815 | 00 | 00 | $152000 | PA |

| Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay |
|---|---|---|---|
| 152000 | $ 0 | $152000 | $ 0 |

Name and Location of Position's Organization
OFFICE OF AVIATION SAFETY
OFFICE OF THE DIRECTOR

WASHINGTON,DC

15. TO: Position Title and Number
CHIEF SCIENTIST AERONAUTICAL ENGINEERING
2001 7200008

| 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|
| ES | 0801 | 00 | 00 | $152000 | PA |

| 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|
| $152000 | $ 0 | $152000 | $ 0 |

22. Name and Location of Position's Organization
OFFICE OF AVIATION SAFETY
OFFICE OF THE DIRECTOR

WASHINGTON,DC

OYEE DATA

V eference: 1
1 - None
2 - 5-Point
3 - 10-Point/Disability
4 - 10-Point Compensable
5 - 10-Point Other
6 - 10-Point/Compensable/30%

24. Tenure: 0
0 - None
1 - Permanent
2 - Conditional
3 - Indefinite

25. Agency Use

26. Veterans Preference for RIF: YES [ ] NO [X]

FEGLI: M1 BASIC + OPTIONAL(2X) + FAMILY(1X)

28. Annuitant Indicator: 9 NOT APPLICABLE

29. Pay Rate Determinant: 0

Retirement Plan: K FERS & FICA

31. Service Comp. Date (Leave): 09/20/81

32. Work Schedule: F FULL-TIME

33. Part-Time Hours Per Biweekly Pay Period

POSITION DATA

Position Occupied: 4
1 - Competitive Service
2 - Excepted Service
3 - SES General
4 - SES Career Reserved

35. FLSA Category: E
E - Exempt
N - Nonexempt

36. Appropriation Code: 9530.310

37. Bargaining Unit Status: 8888

Duty Station Code: 11-0010-001

39. Duty Station (City - County - State or Overseas Location): WASHINGTON,DISTRICT OF COLUMBIA

| 0. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| NC CLS 99 | VET-STAT N | EDUC LVL 13 | SUPV STAT 2 | POSITION SENSITIVITY CRITICAL-SENSITIVE |

Remarks
SES MEMBER SUBJECT TO POST-EMPLOYMENT RESTRICTIONS UNDER 18 U.S.C. 207(C)

003627

46. Employing Department or Agency
TB - NATL TRANS SAFETY BOARD

Agency Code | 48. Personnel Office ID | 49. Approval Date

50. Signature/Authentication and Title of Approving Official
ANH T.N. BOLLES
CHIEF, HUMAN RESOURCES DIVISION

# ATTACHMENT C

discussion with the General Manager -- or Managing Director rather, I'm sorry, Dan Campbell. And Ron Battocchi would have been part of the discussion.

Q They couldn't overrule your determination, could they?

A Ron Battocchi could if I was doing something illegal. I would expect that he would.

Q Other than if you were doing something illegal. To the extent that you had that was not illegal to do, who else had the discretion to make the decision on which position would receive the SES --

A Where the SES would be allocated?

Q -- where it would be allocated other than you?

A I believe it was my decision.

Q Where do you work now?

A Federal Communication Commission.

Q What is your job title?

A It's a long one. Senior Deputy Bureau Chief of the Enforcement Bureau of the FCC.

Q How long have you been in that position?

A Since March of this year.

Q Is that an appointed position?
A No.
Q Are you Civil Service? Is it a Civil Service position?
A No.
Q SES?
A I'm a non-career SES political appointee.
Q I understand.
A I said no appointed, I thought you meant confirmed. I'm sorry. It is appointed. It's a political appointment, but it's not a con --
Q But you weren't confirmed I'm saying.
A It's not a confirmed, no, it's not a PAS.
Q I understand. When did you first become aware that Dan Campbell decided to readvertise for the Director of Marine Safety position?
MR. LUONG: Objection; assumes facts not in evidence.
A When did I first learn -- I don't know exactly. It was sometime after it was advertised, I believe. I was no longer Chairman, so I believe it was sometime after I was no longer Chairman.

CERTIFICATE OF SERVICE

I certify under that on this 1st day of August, 2008 a copy of the foregoing "DEFENDANT'S OPPOSITION TO AND MOTION TO STRIKE "PLAINTIFF'S NOTICE OF DEPOSITION TESTIMONY DESIGNATIONS OR, ALTERNATIVELY, MOTION FOR LEAVE TO ADMIT PRIOR TESTIMONY INTO EVIDENCE" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCEUPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ MEREDYTH D. COHEN