IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARJORIE MURTAGH COOKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-748C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS

Defendant, the United States, respectfully objects to the proposed exhibits filed by plaintiff, Marjorie Murtagh Cooke, on July 17, 2008, as part of the Trial Exhibit Lists. Ms. Cooke cannot establish any foundation for, or the relevance of, the designated exhibits. Moreover, her proposed exhibits constitute inadmissible hearsay and would be prejudicial to this proceeding. To the extent that the Court deems any of the designated exhibits admissible, the Government requests that the Court consider the exhibits, and any objections to them, as they are presented in the context of trial.

INTRODUCTION

Included in the Trial Exhibit Lists, Ms. Cooke identifies seven exhibits (Plaintiff's Exhibits ("Pl Exhs.") 0001-0007) that she proposes be introduced into evidence at trial. Those exhibits can be divided into two groups: exhibits related to the selection process for the Senior Executive Service ("SES") Director of the Office of Marine Safety ("OMS"), see Pl. Exhs. 0001 – 0004, and exhibits prepared by Ms. Cooke's designated expert, see Pl. Exhs. 0005 – 0007.

With respect to each of the foregoing exhibits, Ms. Cooke has failed to, and cannot, lay a proper foundation, or otherwise demonstrate their relevance to the issues to be resolved at trial. Accordingly, those exhibits should not be entered into evidence. Moreover, it would be

prejudicial to do so. In addition, with respect to the expert materials, Ms. Cooke has failed to establish the necessary criteria for the admission of the expert's reports, and, thus, it would be improper to admit these documents. Finally, Pl. Exh. 0007 references alleged future losses that Ms. Cooke potentially could incur, an issue that Ms. Cooke herself concedes is not properly before this Court.

## DISCUSSION

### I. Ms. Cooke's Proposed Exhibits Regarding The Selection Process Should Not Be Admitted Into Evidence

Pursuant to Federal Rules of Evidence 401, 402 and 403, this Court should exclude Plaintiff's Exhibits 0001-0004 because they are irrelevant to this proceeding, lack a proper foundation and constitute inadmissible hearsay. Indeed, not only will those exhibits be offered as proof of the matters asserted therein, but the author of the exhibit is available to testify and is expected to be called to testify during the trial.

Ms. Cooke has brought her claim under the Equal Pay Act, 29 U.S.C. § 206(d), alleging that, during her tenure as the Director of OMS at the National Transportation Safety Board ("NTSB"), she was paid less than "other similarly situated NTSB male directors . . . for similar work performed." First Am. Compl. ¶ 1. Additionally, Ms. Cooke asserts that she applied for, but was not selected, as the SES-level Director of OMS. Plaintiff's June 25, 2008 Memorandum Of Points and Authorities In Opposition To Defendant's Motion For Summary Judgment at 11, 25. While the Government has admitted that fact, it is irrelevant to Ms. Cooke's Equal Pay Act ("EPA") claim. Indeed, Ms. Cooke is litigating her non-selection in a matter pending before the United States District Court for the District of Columbia, Case No. 1:06CV1928. Because

Plaintiff's Exhibits 0001-0004 address only the process of the agency's selection of the SES-level Director of OMS, they are irrelevant to the instant case.

Indeed, Ms. Cooke has agreed with the Government's position in a prior filing with this Court. In her opposition to defendant's motion to dismiss, Ms. Cooke argued that the claims before this Court and the district court do not arise out of the same operative facts:

> Defendant is wrong in stating that both claims arise out of the fact that Plaintiff was denied an interview and not selected for the Director of OMS position when it was offered as an SES position. The interview and SES status is irrelevant to the Plaintiff's Equal Pay Act claim. Plaintiff's prima facie case under the Equal Pay Act only requires that she be paid less than her male counterparts for equal work. That the advertised position could have bridged the pay gap through the award of SES status is not relevant to the prima facie case under the Equal Pay Act . . . .

Plaintiff's April 18, 2007 Opposition to Defendant's Motion to Dismiss, at 12 (citations omitted; emphasis added).

Two vacancy announcements were issued related to the selection of SES-level Director of OMS. Joint Exhibits 22, 23. The first vacancy announcement was issued in 2004, but was cancelled and no selection was made. Pl. Exh. 0002. Nonetheless, Ms. Cooke proposes to admit Plaintiff's Exhibits 0001 and 0002, which were part of that cancelled selection process. These documents do not relate to Ms. Cooke's claim that she was paid less than her comparators for similar work performed.

Plaintiff's Exhibit 0004 is a memo from the application review panel during the selection process under the second vacancy announcement. Again, the parties have stipulated that Ms. Cooke was not selected for this position. The process by which that selection was made, only a part of which discussed or addressed by this exhibit, is irrelevant to Ms. Cooke's claim in this Court, as she acknowledged in her opposition to defendant's motion to dismiss. Rather, this

information is relevant, at most, to Ms. Cooke's case in the United States district court, wherein Ms. Cooke has challenged the selection process.

Furthermore, even if this Court concluded that Plaintiff's Exhibit 0004 were somehow relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, . . . , waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Admitting evidence in this case that is relevant only to Ms. Cooke's claims before the district court would prejudice the Government here. Not only should Ms. Cooke be foreclosed from converting this trial into a second forum for challenging the NTSB's selection process, but putting the same issue before two courts at the same time would thwart the objectives of judicial economy and the avoidance of unnecessary confusion and inefficiency. See Kirk v. First Nat. Bank, 439 F. Supp. 1141, 1147 (M.D. Ga. 1977) ("public policy and sound authority dictate that plaintiffs will not be permitted to split claims, thereby generating piecemeal litigation burdening both defendants and the courts").

Finally, Plaintiff's Exhibits 0001-0004 are hearsay, and there are no applicable exceptions for their admissibility. First, Ms. Cooke offers those exhibits as proof of their contents. Second, the author or reviewer of those documents is not only available to testify, but also is scheduled to do so. Thus, even if the Court is inclined to allow this information to be admitted into evidence, witness testimony is necessary to establish the proper foundation, if one exists, for the admissibility of the exhibits.

## II. Ms. Cooke's Proposed Exhibits Prepared By Her Expert Should Not be Admitted

### A. Ms. Cooke Has Not Established The Requirements For Admission Of The Expert Exhibits

Ms. Cooke's proposed expert's reports, Plaintiff's Exhibits 0005-0006, should not be admitted until the proper foundation is laid and their reliability is determined. In addition, as explained in more detail below, Plaintiff's Exhibit 0007 is not properly before this Court.

In Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), the Supreme Court clarified the criteria trial courts must use when assessing the admissibility of evidence and the qualifications of witnesses. In 1999, the Supreme Court made these Daubert criteria applicable to all expert testimony through its decision in Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999). Subsequent to those decisions, in 2000, Fed. R. Evid. 702 was modified to add three criteria that must be satisfied for the admission of expert evidence. In particular,

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Ms. Cooke, as the party offering expert testimony, has the burden to prove that the criteria set forth in Daubert, Kumho Tire, and Fed R. Evid. 702 are satisfied. Ms. Cooke has yet to make any such offering. Accordingly, reliability of these reports is in doubt. In addition, any documents prepared by her putative expert constitute inadmissible hearsay. Finally, the

Government will offer testimony to challenge Ms. Cooke's expert's reports. Therefore, it is inappropriate to admit Plaintiff's Exhibits 0005-0006 at this time.

B. Ms. Cooke's Proposed Expert's
Future-Looking Report Is Not Properly Before This Court

Plaintiff's Exhibit 0007 is a report by Ms. Cooke's proposed expert concerning her alleged lost pension income. Lost pension income is front pay. However, the statutory language of the EPA states that the remedies for an EPA violation are back pay, liquidated damages, and attorneys' fees. Courts have held that front pay is not available for violations of the EPA. See Hildebrant v. Illinois Dep't of Natural Res., 347 F.3d 1014, 1031-32 (7th Cir. 2003).

Notably, Ms. Cooke recognized that front pay is not a remedy available to her in this action when, on page 26 of Plaintiff's Memorandum Of Points and Authorities In Opposition To Defendant's Motion For Summary Judgment, she acknowledges that she "seeks only back pay, back pay based on retroactive promotion, liquidated damages and attorneys' fees. . . . " In addition, Ms. Cooke has previously conceded that "any date after June 2005 is not material to Plaintiff's Equal Pay Claim." Plaintiff's April 18, 2007 Opposition to Defendant's Motion to Dismiss, at 11.

Because Plaintiff's Exhibit 0007 is a report discussing a remedy that is not available to Ms. Cooke, the exhibit is irrelevant, immaterial, and a waste of time and resources, and it should not be admitted as evidence.

## CONCLUSION

The Government opposes Ms. Cooke's proposed exhibits because Ms. Cooke has failed to show that the exhibits are relevant, material, reliable, or otherwise admissible. For the

foregoing reasons, the Government respectfully requests that the Court deny the admission of Ms. Cooke's proposed exhibits.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ HAROLD D. LESTER, JR.
HAROLD D. LESTER, JR.
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

August 5, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under that on this 5th day of August, 2008 a copy of the foregoing "DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ MEREDYTH D. COHEN