**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MARJORIE MURTAGH COOKE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 06-748C** |
| | ) | **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE TO INTRODUCE EVIDENCE OF INTENT AND ANIMUS TOWARD PLAINTIFF AND OPPOSITION TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS**

COMES NOW Plaintiff Marjorie Murtagh Cooke, by and through counsel, and respectfully moves the Court to grant Plaintiff's Motion In Limine to Introduce Evidence of Intent and Animus toward Plaintiff. Through the present motion, Plaintiff also submits her opposition to Part I of Defendant's Objections to Plaintiff's Exhibits. In support of her motion and in opposition to Defendant's exhibit objections, Plaintiff offers this memorandum of points and authorities in support of her motion.

**ARGUMENT**

In Defendant's Objections to Plaintiff's Exhibits, filed on August 5, 2008, Defendant argues that Plaintiff should not be permitted to introduce Plaintiff's Exhibits 0001-0004 "because they are irrelevant to this proceeding, lack a proper foundation and constitute inadmissible hearsay." *Defendant's Objections to Plaintiff's Exhibits* (Docket Document No. 67) at 2. Plaintiff's Exhibits 0001-0004 address the process of the National Transportation Safety Board's ("NTSB") selection of the Senior Executive Service ("SES") level Director of the Office of

Marine Safety ("OMS"). In requesting this court to allow Plaintiff to introduce Plaintiff's Exhibits 0001-0004 and related testimony, Plaintiff argues, contrary to Defendant's objections, that the subject matter is not irrelevant or unfairly prejudicial and further that they fall within the exceptions of the hearsay rule.

**1. Evidence And Testimony Regarding The SES Selection Process Is Relevant To Demonstrating Defendant's Defense That Plaintiff's Unequal Pay Was Based Upon A Merit System Or A Factor Other Than Sex Is Mere Pretext.**

Defendant claims that Mrs. Murtagh Cooke has agreed that evidence regarding the SES selection process is irrelevant to her Equal Pay Act ("EPA") claim before this court. *Defendant's Objections to Plaintiff's Exhibits* at 3. However, Defendant misconstrues Plaintiff's meaning in her Opposition to Defendant's Motion to Dismiss:

> Defendant is wrong in stating that both claims arise out of the fact that Plaintiff was denied an interview and not selected for the Director of OMS position when it was offered as an SES position...The interview and SES status is irrelevant to the Plaintiff's Equal Pay Act claim. Plaintiff's prima facie case under the Equal Pay Act only requires that she be paid less than her male counterparts for equal work...That the advertised position could have bridged the pay gap through the award of SES status is not relevant to the prima facie case under the Equal Pay Act . . .

*Plaintiff's Opposition to Motion to Dismiss* (Docket Document No. 13) at 3 (citations omitted, emphasis added). It is Plaintiff's position, as it has been, that the SES selection process is not directly relevant to her *prima face* claim of Defendant's violation of the EPA. It is, however, Mrs. Murtagh Cooke's position that the SES selection process is highly relevant with regard to Defendant's affirmative defenses that the disparity in pay between Plaintiff and her comparators was based upon a merit system and a factor other than sex. *See Defendant's Motion for Summary Judgment* (Docket Document No. 51) at 39-40, 43-48.

Throughout its motion for summary judgment, Defendant repeats its "sorry we had no SES slots available" argument in both its defense that Plaintiff's unequal pay was based upon a

merit system and as a purported factor "other than sex." *Id.* Defendant argues that, although its own plan was to render all modal office positions SES level positions, "the NTSB did not have enough available SES slots to assign to all of the surface modal office directors simultaneously." *Id.* at p. 47. This statement is just untrue. Defendant passed up several available SES slots, refused to allocate them to the Director of OMS, and instead assigned them to unnecessary positions. Then, when Defendant finally did compete for the position for an SES slot, even though Mrs. Murtagh Cooke was initially deemed qualified, Defendant withdrew the competed position and re-advertised it twice. The third time around, Mrs. Murtagh Cooke was mysteriously deemed "unqualified" and lost the appointment. If anything, the SES process followed here illustrates Defendant's animus towards Mrs. Murtagh Cooke and its underhanded avoidance of its obligation to equalize her pay.

On October 10, 2007, Plaintiff filed for summary judgment, asserting, in part, that Defendant proffered no affirmative defenses and that she satisfied the requirement of her *prima face* EPA claim. On October 19, 2007, Defendant filed a motion for leave to amend its answer in order to cure that oversight. After reviewing the briefs submitted by both parties and hearing oral argument on December 5, 2007, this honorable Court granted Defendant motion to amend its answer and permitted additional discovery specifically with regard to Defendant's affirmative defenses. As a significant portion of those affirmative defenses rely upon the unavailability of an SES position for Mrs. Murtagh Cooke, any evidence that could be used to prove that such a line of defense is false or pretextual is clearly relevant and should be permitted to be introduced at trial.

Plaintiff also submits that, for the same reasons above, she be allowed to elicit witness testimony regarding the SES selection process at trial.

**2. Evidence And Testimony Regarding The SES Selection Process Is Not Unfairly Prejudicial, Confusing, Wasteful, or Needless.**

Defendant argues that, pursuant to Fed. R. Evid. 403, Plaintiff's Exhibit 0004, NTSB's March 28, 2005, Memorandum regarding the rating of applicants for the SES Director of OMS position, would prejudice the Government "by converting this trial into a second forum for challenging the NTSB's selection process" and "thwart the objectives of judicial economy and the avoidance of unnecessary confusion and inefficiency." *Defendant's Objections to Plaintiff's Exhibits* at 4. Plaintiff simply submits that such is not the case. If Defendant argues, as it does, that one of the legitimate reasons Mrs. Murtagh Cooke was paid less than her comparators was because of the unavailability of SES slots within the NTSB, then Plaintiff must be permitted to challenge that assertion. Mrs. Murtagh Cooke's claim of unlawful retaliation for protected activity before the United States District Court for the District of Columbia, though relating factually to the SES selection process, involves legal issues and elements clearly unrelated and independent from the present EPA claim before this court. Furthermore, Plaintiff asserts that the real prejudice she would suffer by prohibiting her from challenging Defendant's affirmative defenses would far outweigh any potential claim of inefficiency and confusion.

**3. Evidence And Testimony Regarding The SES Selection Process Falls Within The Exceptions Of The Hearsay Rule.**

Finally, Defendant argues that Plaintiff's Exhibits 0001-0004 are hearsay and that there are no applicable exceptions for their admissibility. *Defendant's Objections to Plaintiff's Exhibits* at 4. However, Fed. R. Evid. 803 reads, in part:

> The following <u>are not excluded by the hearsay rule, even though the declarant is available as a witness:</u>
> ...
> (6) <u>Records of Regularly Conducted Activity</u>.--A <u>memorandum</u>, <u>report</u>, <u>record</u>, or data compilation, <u>in any form</u>, of acts, events, conditions, <u>opinions</u>, or diagnoses, made at or near the time by, or from information transmitted by, a

> person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness...

Fed. R. Evid. 803 (emphasis added). Plaintiff's Exhibits 0001-0004 fall within the purview of this rule:

1. Plaintiff's Exhibit 0001 is the 2004 SES Rating Sheet for Mrs. Murtagh Cooke during her first application for the SES Director of OMS position.

2. Plaintiff's Exhibit 0002 is a December 2, 2004, memorandum issued within the NTSB regarding the rating of applicants during the first advertisement for the SES Director of OMS position.

3. Plaintiff's Exhibit 0003 is the 2004 NTSB Performance Appraisal Form for Mrs. Murtagh Cooke, relating to her performance immediately prior to the first advertisement of the SES Director of OMS position.

4. Plaintiff's Exhibit 0004 is a March 28, 2005, memorandum issued within the NTSB regarding the rating of applicants during the last advertisement for the SES Director of OMS position.

All of the above documents were issued by either the NTSB or responsible agents thereof. These memoranda and review forms must necessarily be kept in the course of the NTSB's regularly conducted business activity and the regular practice of the NTSB to make such memoranda and review forms. Finally, Defendant admits that the author or reviewer of these documents "is not only available to testify, but also is scheduled to do so." *Defendant's Objections to Plaintiff's Exhibits* at 4. Therefore, authentication should not post a problem at trial.

**CONCLUSION**

Considering the above arguments, Plaintiff respectfully requests that this Court grant her Motion In Limine to Introduce Evidence of Intent and Animus toward Plaintiff and deny Defendant's request to deny admission of Plaintiff's proposed exhibits.

Respectfully submitted,

/s/

R. Scott Oswald
Dave Scher
Employment Law Group, P.C.
888 17th Street, N.W.
Suite 900
Washington, D.C. 20006-3307
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff's Memorandum of Points and Authorities in Support of Motion In Limine to Introduce Evidence of Intent and Animus toward Plaintiff and Opposition to Defendant's Objections to Plaintiff's Exhibits was served via the Court's electronic filing service this 6th day of August, 2008, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

/s/

Scott Oswald