**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARJORIE MURTAGH COOKE,** <br> **Plaintiff,** <br> **v.** <br> **THE UNITED STATES OF AMERICA,** <br> **Defendant.** | **Case No. 06-748C** <br> **Judge Thomas C. Wheeler** |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION IN LIMINE TO INTRODUCE ARGUMENT AND TESTIMONY REGARDING DAMAGES RELATED TO LOST BENEFITS AND OPPOSITION TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS**

COMES NOW Plaintiff Marjorie Murtagh Cooke, by and through counsel, and respectfully moves the Court to grant Plaintiff's Motion In Limine to Introduce Argument and Testimony Regarding Damages Related to Lost Benefits. Through the present motion, Plaintiff also submits her opposition to Part II.B of Defendant's Objections to Plaintiff's Exhibits. In support of her motion and in opposition to Defendant's exhibit objections, Plaintiff offers this memorandum of points and authorities in support of her motion.

**ARGUMENT**

**1. Lost Pension Income Qualifies As Back Pay And, Therefore, An Available Remedy Within The EPA.**

Both parties agree that, under the Equal Pay Act ("EPA"), front pay is not an available remedy. *Defendant's Objections to Plaintiff's Exhibits* (Docket Document No. 67) at 6; *Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment* (Docket Document No. 54) at 26. However, Defendant claims that lost

pension income is front pay. *Defendant's Objections to Plaintiff's Exhibits* at 6. To this argument, Plaintiff disagrees.

For government employees, pension payment amounts are calculated based upon the employee's salary. If a government employee is being paid less than she should, as is Mrs. Murtagh Cooke's claim before this Court, then her pension benefits will be adversely affected, as have Mrs. Murtagh Cooke's benefits. Dr. Richard Edelman, Plaintiff's economic expert, stated in his deposition:

> ...[I]f a person in the government earns less income and that lower stream of income occurs in the three years prior to retirement, then because the retirement benefits are based on high three, obviously there's going to be a loss that will be with them through the rest of their lifetime.

Deposition of Dr. Richard Edelman at Page 32, Ln 9-14. According to the U.S. District Court for the District of South Carolina, Anderson Division, in *Moore v. K-B-K, Inc.*:

> Finally, the ingredients of back pay should include more than "straight salary". Interest, overtime, shift differentials, and fringe benefits such as vacation and sick pay are among the items which should be included in back pay. . . .
> In the case presently before the court, a classification of vacation pay would have to be one of fringe benefits. Such fringe benefits today are playing an ever more important role in the employment process. Doubtlessly a prospective employee evaluates each and every job by the amount of pay he could receive and secondly by the amount and nature of any fringe benefits, such as medical plans, vacation pay, etc., he might be entitled to if he were to take the employment. Plaintiffs here were aware of such fringe benefits when they undertook their employment and now they are entitled to receive those fringe benefits in this action for back pay.

473 F. Supp. 462, 464 (D.S.C. 1979) (emphasis added).

While the pension payments occur after Plaintiff's retirement, their value is directly related to the time period in which Mrs. Murtagh Cooke was receiving unequal pay. As such, Plaintiff's lost pension income constitutes back pay. Consistent with the discussion in *Moore*, many government employees are aware of the pension plans offered by the government following retirement, and accept positions in public service instead of potentially higher paying

jobs in the private sector because of the security those pensions offer. If this Court finds that the NTSB did, in fact, violate the EPA and unlawfully paid Mrs. Murtagh Cooke less than her comparators, then the Court must acknowledge the loss to Plaintiff's pension benefits that unequal pay created.

While Plaintiff acknowledges that Plaintiff's Exhibit 0007 is not admissible unless there is a showing of a hearsay exception, Plaintiff gives notice to the Court of her claim that lost pension benefits constitute back pay, not front pay, and requests that this Court agree to hear arguments on that topic when damages are discussed.

**CONCLUSION**

Considering the above arguments, Plaintiff respectfully requests that this Court grant her Motion In Limine to Introduce Argument and Testimony Regarding Damages Related to Lost Benefits and deny Defendant's supposition that this issue is not properly before the Court.

Respectfully submitted,

____/s/________________________________

R. Scott Oswald
Dave Scher
Employment Law Group, P.C.
888 17th Street, N.W.
Suite 900
Washington, D.C. 20006-3307
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff's Motion In Limine to Introduce Argument and Testimony Regarding Damages Related to Lost Benefits and Opposition to Defendant's Objections to Plaintiff's Exhibits was served via the Court's electronic filing service this 6th day of August, 2008, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

/s/
Scott Oswald