**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MARJORIE MURTAGH COOKE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 06-748C** |
| | ) | **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO SENIOR EXECUTIVE SERVICE POSITIONS, AND PLAINTIFF'S REPLY IN SUPPORT OF MOTION *IN LIMINE* TO INTRODUCE EVIDENCE OF INTENT AND ANIMUS TOWARD PLAINTIFF**

Plaintiff Marjorie Murtagh Cooke, by and through counsel, respectfully submits to the Court the present memorandum in opposition to Defendant's Motion *In Limine* to Exclude Evidence Related to Senior Executive Services Positions and, in doing so, deems this same memorandum as her reply in support of Plaintiff's Motion *In Limine* to Introduce Evidence of Intent and Animus Toward Plaintiff. Defendant's new position that Senior Executive Service ("SES") and General Schedule ("GS") employees are not comparable, *per se*, thus prohibiting Mrs. Cooke to introduce evidence with regard to the allocation of SES positions and the selection process is disingenuous and without merit.

## ARGUMENT

### I. The Difference In Classification Among The Modal Directors Does Not Preclude Their Status As Comparators

Defendant now takes the position that SES and non-SES employees are not comparable. As such, Mrs. Cooke must be barred from offering any testimony regarding SES comparators because of her classification on the GS scale. In support of its motion, Defendant gives a lengthy

description of the history and particularities of the SES title. This argument completely conflicts with Defendant's established affirmative defenses, the facts in this case, and the Court's decision with regard to Defendant's motion for summary judgment.

In asserting its affirmative defenses, Defendant argues that the disparity in pay between Plaintiff and her comparators was based upon a merit system and a factor other than sex, stating specifically that the disparity was, in total or in part, due to the unavailability of SES positions for Mrs. Cooke. *See Defendant's Motion for Summary Judgment* (Docket Document No. 51) at 39-40, 43-48. It is preposterous and disingenuous to argue that the disparity in pay between Mrs. Cooke and the other modal directors was due, at least partly, to the unavailability of an SES position, inferring that such an allocation would have bridged the gap in pay, and simultaneously argue that, because of that unavailability, the modal directors were not comparators. The logic is both circular and fatally flawed.

Furthermore, Defendant cannot be allowed to argue the result of discriminatory act as a defense for that same act. Plaintiff confronts Defendant's merit system and factor other than sex affirmative defenses, in part, by arguing that her position as Director of the Office of Marine Safety ("OMS") was not an SES position and that she was not given the OMS SES position when advertised because she is female. Arguing that Mrs. Cooke's position within the GS system (which she claims was only so because of Defendant's discriminatory actions) is not comparable to her SES counterparts is an attempt to disguise the exact type of discrimination the Equal Protection Act ("EPA") aims to prevent.

Defendant argues that, although its own plan was to render all modal office positions SES level positions, "the NTSB did not have enough available SES slots to assign to all of the surface modal office directors simultaneously." *Defendant's Motion for Summary Judgment* (Docket

Document No. 51) at p. 47. Defendant agrees, in both parties' Joint Stipulations of Fact, that the National Transportation Safety Board ("NTSB") planned, as early as July 2001, to make the Director of OMS an SES position. *See Joint Stipulations of Fact* at ¶ 20. The Director of OMS was, in fact, advertised as an SES position, twice. *See Joint Stipulations of Fact* at ¶¶ 26-28. The undisputed facts, along with Defendant's motion for summary judgment and motion for reconsideration, show that it is one of the Defendant's affirmative defenses that the fact Mrs. Cooke's position was not an SES position was a question of timing and prioritization. In fact, Mrs. Cooke's position description as the GS Director of OMS and John Spencer's position description as the SES Director of OMS are exactly the same. *See* Exhibits A and B. Again, it has been one of Defendant's own arguments throughout the present litigation that the NTSB simply was unable to provide Mrs. Cooke equal pay, through available means such as overtime, retention pay, performance awards, Senior Level ("SL") appointment, or allocation to the SES. Defendant is now trying to foreclose any judicial investigation into this defense by confusing the issue as an "apples to oranges" comparison between SES and GS. The issue before this court is not the comparison between the SES and GS employment systems, but the comparative nature among the Directorships of OMS, Office of Aviation Safety ("OAS"), Office of Highway Safety ("OHS"), and Office of Railroad, Pipeline, and Hazardous Materials Investigations ("ORPH").

Finally, this Court has already ruled, twice, that it desires to see and hear for itself the issue of whether Mrs. Cooke's position and those of her alleged comparators required the same skill, effort, responsibilities, and working conditions. *See Order Denying Defendant's Motion for Summary Judgment* (Docket Document No. 56) at 3; *see also Order Denying Defendant's Motion for Reconsideration* (Docket Document No. 63). By presenting this new argument and requesting the exclusion of valuable evidence that could confront Defendant's affirmative

defenses and establish willfulness with regard to damages, Defendant is, once again and for a third time, attempting to foreclose a legal issue prior to trial when the Court has explicitly ruled that it will not do so.

## II. Defendant Must Be Estopped From Taking A Position Inconsistent With One Taken Previously

Plaintiff contends that Defendant is barred by the doctrine of judicial estoppel. Judicial estoppel prevents parties from abusing the legal system by taking a position in one legal proceeding that is inconsistent with a position taken in a later proceeding. *See New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2000). The doctrine "protect[s] the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. at 749-50. Defendant's statement that Mrs. Cooke cannot claim the other modal directors as comparators due to the difference between the SES and GS employment systems is clearly inconsistent with Defendant's former position that while there was a plan to make the Directors of the Office of Marine Safety ("OMS"), there were no available SES allocations, which has already been accepted by this Court through the briefing of Defendant's Motion for Summary Judgment. *See Defendant's Motion for Summary Judgment* (Docket Document No. 51) at 7, 39-40, 43-48. Defendant's new argument could potentially alter the entire order, length, and subject matter of trial, prejudicing Plaintiff and the just adjudication of her legal claim.

## III. The Evidence Plaintiff Seeks To Admit Is Not Only Relevant Only To Her Pretext Argument

Plaintiff is unable to grasp Defendant's contention that evidence regarding the allocation of SES positions and the selection process, proffered as rebuttal to affirmative defenses and in support of a claim of pretext, somehow prohibits the use of such evidence. Not only are the Title

VII discrimination elements and legal standards at issue in the case of *Barnette v. Ridge*, 2004 WL 3257071 (D.D.C. 2004), qualitatively different than Mrs. Cooke's present claim under the EPA, but also at issue before this court is the disparity of pay between Plaintiff and the other modal directors, not solely or specifically the failure to allocate an SES position. Again, the defense that there were no SES positions available and that Mrs. Cooke was not selected when the allocation was possible was brought before this Court by Defendant. It is Plaintiff's right to confront that defense and assert its pretextual nature with relevant evidence.

Furthermore, Plaintiff presents to this Court that the evidence and testimony regarding the allocation of SES positions within NTSB and the actual selection process of the OMS SES position relate squarely to willfulness on behalf of the NTSB and the animus its officers had toward Mrs. Cooke. Evidence of willfulness bears directly on the calculation of damages and, therefore, is relevant to the matter at hand.

## IV. <u>Defendant Should Not Be Permitted To File Its Late Motion *In Limine*</u>

On August 4, 2008, this Court held the Final Pretrial Conference via teleconference to counsel for both parties. Though not issued in writing, it is Plaintiff's recollection that during that conference, Judge Wheeler established a deadline of August 6, 2008, for all motions *in limine*. Defendant's new argument could potentially alter the entire order, length, and subject matter of trial, which is scheduled to commence three days after Defendant's motion *in limine*. If Plaintiff's recollection is accurate, she requests that this Court deny Defendant's motion as untimely filed.

## CONCLUSION

Considering the above arguments, Plaintiff respectfully requests that this Court grant her Motion *In Limine* to Introduce Evidence of Intent and Animus toward Plaintiff and deny

Defendant's Motion *In Limine* to Exclude Evidence Related to Senior Executive Service Positions.

Respectfully submitted,

/s/

R. Scott Oswald
Dave Scher
Employment Law Group, P.C.
888 17th Street, N.W.
Suite 900
Washington, D.C. 20006-3307
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff's Opposition to Defendant's Motion *In Limine* to Exclude Evidence Related to Senior Executive Services Positions, and Reply in Support of Plaintiff's Motion *In Limine* to Introduce Evidence of Intent and Animus Toward Plaintiff was served via the Court's electronic filing service this 13th day of August, 2008, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

/s/
R. Scott Oswald