**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MARJORIE MURTAGH COOKE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 06-748C** |
| | ) | **Judge Thomas C. Wheeler** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO SENIOR EXECUTIVE SERVICE POSITIONS**

Plaintiff Marjorie Murtagh Cooke, by and through counsel, respectfully submits to the Court the present supplemental memorandum in opposition to Defendant's Motion *In Limine* to Exclude Evidence Related to Senior Executive Services Positions to augment her opposition with additional case law that has come to the attention of Plaintiff's counsel.

Defendant cites no authority for the proposition that an SES-level and a GS-level employee can never be deemed comparators.

Instead, Defendant cites *EEOC v. Aetna Ins. Co.*, 616 F.2d 719 (4th Cir. 1980), which stands for the general proposition that a merit system with differentiating pay scale does not inherently violate the Equal Pay Act. *Id.* at 725. However, this case itself holds that such pay scale differences are legal, provided that the differentiation is "not based on sex". *Id.* In other words, if the basis of Plaintiff's categorization as a GS vs. an SES level employee is gender discrimination, as alleged here, perhaps obviously, this mere fact cannot be used to justify this discrimination and therefore exclude plaintiff from making this comparison. *See, Beck-Wilson*

*v. Principi,* 441 F.3d 353, 366 (6th Cir. 2006) ("a job classification system [could] serve as a factor-other-than-sex defense to sex-based wage discrimination claims only when the employer proves that the job classification system resulting in differential pay is rooted in legitimate business-related differences in work responsibilities and qualifications for the particular positions at issue." ), *quoting*, *Aldrich v. Randolph Central School District,* 963 F.2d 520, 525 (2d. Cir. 1992); *Fallon v. Illinois,* 882 F.2d 1206, 1211 (7th Cir. 1989) ("an employer cannot use a gender-neutral factor to avoid liability unless the factor is used and applied in good faith; it was not meant to provide a convenient escape from liability.").

In fact, if anything, Defendant's contention only highlights the real issue in this case – that Plaintiff, the only woman amongst four equivalent modal directors (the only difference in fact being pay), was refused equal pay, no consideration was even given to equalize her pay in any fashion, and then, when her position finally was made SES level, she was intentionally denied this position because she was a woman (as will be evidenced at trial by Defendant's own testimony, evidence that the position was re-advertised without explanation even though Plaintiff was qualified, and then the SES promotion was awarded to a man).

Finally, Defendant's argument is inherently disingenuous. Defendant contends here that Plaintiff's former job position all along was intended to be compensated at the SES level, and that only time and lack of SES slots prevented this from happening. Thus, Defendant concedes that Plaintiff's former job position is now, and should have been, compensated at the SES level all along. To now say that these positions are not comparators per se lacks any sensibility or logic.

## CONCLUSION

Considering the above arguments and the arguments made in Plaintiff's original Memorandum in response to Defendant's Motion *In Limine*, Plaintiff respectfully requests that this Court deny Defendant's Motion *In Limine* to Exclude Evidence Related to Senior Executive Service Positions.

Respectfully submitted,

____/s/________________________________

R. Scott Oswald
Dave Scher
Employment Law Group, P.C.
888 17th Street, N.W.
Suite 900
Washington, D.C. 20006-3307
(202) 261-2812
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Plaintiff's Supplemental Opposition to Defendant's Motion *In Limine* to Exclude Evidence Related to Senior Executive Services Positions was served via the Court's electronic filing service this 17th day of August, 2008, upon:

Meredyth D. Cohen, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L St., N.W., Room 12016
Washington, D.C. 20530
Phone: (202) 353-7978
Fax: (202) 514-8624
meredyth.cohen@usdoj.gov

/s/
R. Scott Oswald